JACK C. LIU, Interim City Attorney, SBN 248963
REBECCA L. MCKEE, Assistant City Attorney, SBN 289485
NADIN S. SAID, Sr. Deputy City Attorney, SBN 309802
VICTORIA M. WYATT, Deputy City Attorney, SBN 329396
**OFFICE OF THE CITY ATTORNEY – CITY OF RIVERSIDE**
3750 University Avenue, Suite 250
Riverside, California 92501
Telephone (951) 826-5567
Facsimile (951) 826-5540

Attorneys for Defendants
EVAN WRIGHT, an individual, and ABEL SORIA, an individual

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC H. SALDIVAR,<br><br>        Plaintiff,<br><br>   v.<br><br>POLICE OFFICERS EVAN WRIGHT,<br>ABEL SORIA, et al.<br><br>        Defendant(s). | CASE NO. 2:20-cv-02081-CAS-PD<br><br>**DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION** |

Defendants, the City and Police Officers Evan Wright and Abel Soria, respectfully request this Court deny Plaintiff counsel's ex parte application to allow him to exceed the page count and file a Motion for Sanctions. For the reasons discussed herein, the Motion itself and ex parte relief are both untimely, improper, and should be denied.

1.      Plaintiff Failed to Follow Ex Parte Requirements

Pursuant to local rules 7-19, an ex parte application must contain information regarding the notice given to opposing counsel, reasons for the ex parte order, and legal support for the ex parte request. Counsel should orally advise the other party of such request and indicate whether it will be opposed. In addition, 37-3 requires

that no discovery motion should be heard on an ex parte basis unless irreparable injury or prejudice is demonstrated and that it is not attributable to the lack of diligence of the moving party.

This Court's rules also require that the moving party shall inform opposing party that it has 48 hours from the date of delivery of the moving papers to file and serve an opposition.

In this case, Plaintiff's counsel sent an email to an attorney who is not the handling attorney of record on the matter, at 4:12 p.m. on April 1, 2025. The email stated:

> "Hello Rebecca,
> I hope this message reaches you doing well.
> Plaintiff is filing an ex parte application for leave to file an oversized memorandum of points and authorities in support of his for Motion for Rule 37(c)(1) Sanctions.
> The MP&A is 14,823 words/ 45 pages excluding caption, signature etc.
> Should I advise the Court the Defense does or does not oppose the application?
> Mike
> Michel F. Mills, Esq."

This email failed to follow the procedural rules regarding ex parte applications, provided deficient and untimely notice, and did not comply with this Court's rules. In addition, the application seeks ex parte relief without having demonstrated the legal justification for such request.

2.     Discovery Has Been Closed since February 23, 2024

Doc. No. 105 set forth the schedule for this case, which specifically identified February 23, 2024, as the cut off date for all discovery motions, requiring that all discovery motions must be resolved by that time. Over one year later, Plaintiff's Counsel filed a Sanction for Motions regarding document production. This Motion is untimely and frivolous. The conduct by Plaintiff counsel in forcing defense counsel to unreasonably oppose such ex parte application and Motion is sanctionable conduct. Plaintiff's counsel has not received permission to file an untimely Motion

with this Court, and cannot seek relief nor can he justify an irreparable harm where discovery has been closed for over one year.

3. Plaintiff's Counsel Failed to Follow Local Rules regarding Meet and Confer Pursuant to Local Rule 37-1, counsels for both parties are required to meet and confer in good faith before filing any motion relating to discovery. As can be seen in this instant Motion, plaintiff's counsel sent an email at approximately 4:12 p.m. asking if an opposition would be made to an ex parte request that he would be filing that night, for April 2, 2025. No meet and confer was requested as to the substance of the Motion, which has been filed with the Court on April 2, 2025. Under 37-4, this Court may sanction Plaintiff counsel for the inappropriate filing and failure to meet and confer.

Local Rule 11-9 allows the Court to sanction an offender who presents a frivolous motion to the Court. Defendants respectfully request this Court sanction Plaintiff's counsel for filing an untimely Motion, providing untimely ex parte notice to the defendants, and for filing a frivolous motion substantively regarding request for sanctions.

Defendants respectfully seek the ex parte application be denied in addition to the Motion for Sanctions being denied, without hearing, based on its frivolous nature and untimeliness.

DATED: April 2, 2025                    OFFICE OF THE CITY ATTORNEY


By: *Nadin Said*
NADIN S. SAID
Attorneys for Defendants EVAN WRIGHT and ABEL SORIA