REBECCA L. MCKEE, Interim City Attorney, SBN 289485
NADIN S. SAID, Acting Assistant City Attorney, SBN 309802
VICTORIA M. WYATT, Deputy City Attorney, SBN 329396
**OFFICE OF THE CITY ATTORNEY – CITY OF RIVERSIDE**
3750 University Avenue, Suite 250
Riverside, California 92501
Telephone (951) 826-5567
Facsimile (951) 826-5540

Attorneys for Defendants
EVAN WRIGHT, an individual, and ABEL SORIA, an individual.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC H. SALDIVAR,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>POLICE OFFICERS EVAN WRIGHT, ABEL SORIA, et al.<br><br>　　　　Defendant(s). | CASE NO. 2:20-cv-02081-CAS-PD<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S APPLICATION TO FILE DOCUMENTS UNDER SEAL, INCLUDING A MOTION FOR RULE 37(c)(1) SANCTIONS** |

　　　Defendants, the City and Police Officers Evan Wright and Abel Soria, respectfully request this Court deny Plaintiff's Application for Leave to File Exhibits Under Seal, which includes Plaintiff counsel's Motion for Rule 37(c)(1) case-dispositive sanctions on the grounds such sanctions are unwarranted due to the defense compliance with discovery requests under Rule 26.

DATED: May 30, 2025　　　　　　　　OFFICE OF THE CITY ATTORNEY


　　　　　　　　　　　　　　　　　　By:  /s/ *Nadin S. Said*
　　　　　　　　　　　　　　　　　　NADIN S. SAID
　　　　　　　　　　　　　　　　　　Attorney for Defendants EVAN WRIGHT
　　　　　　　　　　　　　　　　　　and ABEL SORIA

## 1. Introduction

Plaintiff, Eric Saldivar Sr.'s Application for Leave to File Under Seal must be denied. As background, Plaintiff filed this lawsuit arising out of a 2017 fatal police shooting, on behalf of Decedent, Eric Saldivar Jr. Defendants in this case are Officers Evan Wright and Abel Soria. The City of Riverside and the Riverside Police Department were not named as parties in this lawsuit. On February 1, 2023, Defendants served an initial Rule 26 disclosure. In addition to the disclosure that identified documents, witnesses, etc., Defendants produced over 2,000 pages of investigative reports, policies, etc. over the course of 8 years while this case has been pending. Specifically, on October 5, 2023, Defendants produced the RPD records related to the shooting. Then, as part of defending this lawsuit, Defendants researched, requested records, issued subpoenas and received documents regarding Decedent and Plaintiff's extensive criminal history from third parties, and entities not a party to this action. These documents were public records and records otherwise available to Plaintiff. Defendants also received the Riverside County Sheriff's investigation and reports on this shooting, which Plaintiff had equal access to and could similarly request from that agency. In addition, Defendants produced the opinions, reports, and CV's by experts they retained for trial.

Plaintiff did not depose any experts, and therefore, their files, including material they had reviewed, were not required to be produced to Plaintiff pursuant to Rule 26. Plaintiff now, confusingly, seeks to file an application for leave to file exhibits under seal. These Exhibits include: Plaintiff Counsel's Motion for Sanctions under Rule 37, portions of Plaintiff's deposition testimony, and a hearsay doctor's note. Defendants are unclear what is being sought, and are opposing this Application procedurally, and substantively, as discussed herein.

/ / /

/ / /

/ / /

## 2. This Application for Leave to File Exhibits Under Seal is Procedurally Defective

Local Rule 79-5.2.2 sets forth the requirements regarding under seal documents in a non sealed civil case. Mr. Mills provided a declaration in support of his application to file exhibits under seal. The exhibits include 7 pages of Mr. Saldivar's declaration, where Mr. Saldivar, the Plaintiff who has put his health at issue by filing this lawsuit, talks about his liver condition. The second exhibit is a hearsay document by Dr. Medina, regarding Mr. Saldivar's case being heard on a more expedited basis. The third exhibit is a Motion that Mr. Mills has unsuccessfully filed, now, three times. Mr. Mills provides no reasons why these three documents, other than vaguely referencing "HIPPA" should be "sealed." There is no good cause that was demonstrated for these particular documents to be filed "under seal." The Doc No. 139-3 was previously attached to an *ex parte* application filed by Mr. Mills, which was not under seal. There is no reason to now ask for the same document to be under seal. In addition, a proposed order was not provided, and it is really unclear to defendants what is being sought by this application.

## 3. Regardless, Because it is Unclear what Plaintiff is Seeking in this Application, Defendants Will Substantively Respond to Doc. No. 139-3, as Defendants Have Timely Produced All Responsive Documents In Their Possession

Rule 26 states in relevant part:

(a) Required Disclosures.

  (1) *Initial Disclosure.*

    (A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, **a party** must, without awaiting a discovery request, provide to the other parties:

      (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information-- along with the subjects of that information--that the disclosing

party may use to support its claims or defenses, **unless the use would be solely for impeachment**;

(ii) a copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, **unless the use would be solely for impeachment**[.]

…

(e) Supplementing Disclosures and Responses.

(1) *In General*. **A party** who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:

(A) in a timely manner if **the party** learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

(B) as ordered by the court.

(2) *Expert Witness*. For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information **given during the expert's deposition**. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Fed. R. Civ. P. 26(a)(1)(A)(i)–(ii) (Emphasis added, italics in original).

As a preliminary matter, it is important to note the *only* defendants named in this action are Sgt. Evan Wright and Officer Abel Soria. The City of Riverside, the Riverside Police Department, and the Chief of Police are not and have never been named defendants in this action. Rule 26, as stated above, makes it abundantly clear that *only a party* is subject to those initial disclosures required under Subdivision (a)(1) and supplemental disclosures under Subdivision (e). Many, if not all of the documents Plaintiff complains of in his 106-page motion are not in the personal possession of Sgt. Wright and Officer Soria. They are either the business records of

the Police Department, or other records from other law enforcement officers and law enforcement agencies that Sgt. Wright and Officer Soria are not in personal possession of. Since the City of Riverside, the Riverside Police Department, the Chief of Police, and any other agency which participated in the use of force investigation are not parties to this case, Sgt. Wright and Officer Soria are not required to produce records not belonging to them under Rule 26.

To the extent Sgt. Wright and Officer Soria, or the defense team, came into possession of documents and other records not solely for use as impeachment material or readily available to Plaintiff via other means, those records were timely disclosed as part of the defense's Rule 26 initial disclosures.

Moreover, Plaintiff was clearly advised of the documents in the Rule 26 disclosure, which identified all agencies that were involved in this investigation, including all persons, witnesses, reports, etc. on February 1, 2023. There was no triggering event requiring defendants to "correct" a previous disclosure under Rule 26. The previous disclosure was also not incomplete and did not need to be supplemented as the documents were previously identified to Plaintiff.

### 4. **Defendants are not required to produce all documents their experts relied on under Rule 26**

Rule 26(a)(2) states in relevant part:

(2) *Disclosure of Expert Testimony*.

…

(B) *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. **The report must contain**:

(i) a complete **statement of all opinions** the witness will express **and the basis and reasons for them**;

(ii) the **facts or data considered** by the witness in forming them;

(iii) any **exhibits** that will be used to summarize or **support them**;

(iv) the witness's **qualifications**, including a list of all publications authored in the previous 10 years;

(v) a list of all **other cases** in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the **compensation** to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B) (Emphasis added, italics in original).

Here, the defense's expert disclosures and report included all six components required under Rule 26. The expert disclosures were provided to Plaintiff on February 1, 2023. Per the Magistrate's Case Management Order dated January 16, 2024, expert discovery cutoff was on April 22, 2024.

Further, as quoted above, it is important to note Rule 26(e) requires supplemental disclosures of expert witnesses and materials revealed during the expert's deposition. In this case, the Plaintiff never deposed any of the defense's experts. Therefore, the Plaintiff chose to remain willfully ignorant of the materials relied upon by the defense experts for years, despite having timely received the experts' reports and descriptions of materials therein relied upon.

## 5. **Plaintiff Failed To Establish The Discovery Sought Was Only Available Through The Defendants**

As stated above, the bulk of Plaintiff's complained of discovery violations only pertain to materials in the possession of other law enforcement agencies. Rule 26 further infers the party seeking discovery otherwise available via alternative means make some showing those alternative means are somehow insufficient. Rule 26(b) states in part: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering … the parties' **relative access to relevant information**, the parties' **resources**, the importance of the discovery in resolving the issues, and

whether the **burden** or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, **or can be obtained from some other source that is more convenient, less burdensome, or less expensive**;
>
> (ii) **the party seeking discovery has had ample opportunity to obtain the information by discovery in the action**; or
>
> (iii) the proposed discovery is **outside the scope permitted by Rule 26(b)(1)**.

Fed. R. Civ. P. 26(b)(1)(C) (Emphasis added).

In *Donohoe v. American Isuzu Motors, Inc.*, 157 F.R.D. 238 (M.D. Pa. 1994) the court held the plaintiff motorist failed to establish substantial need and lack of alternatives required to support her request for order allowing the presence of her experts at any crash tests or other dynamic vehicle tests performed by the automobile manufacturer for purposes of the motorist's products liability action, absent demonstration that reports on methodology and results of any testing would be inadequate substitute for physical presence of motorist's experts.

In *Greater Rockford Energy and Technology Corp. v. Shell Oil Co.*, 138 F.R.D. 530 (C.D. Ill. 1991), defendant oil companies were not entitled to discover a nonparty ethanol producer's market studies because the defendants could easily obtain the information from the marketplace and failed to produce any evidence that their need of the information outweighed nonparty's burden of producing the documents and potential harm that nonparty could suffer from disclosure.

In *Schiavone v. Luzerne County*, 343 F.R.D. 34 (M.D. Pa. 2023), the court held the county correctional facility satisfied a discovery request in an action brought by an inmate's estate where the facility maintained that the requested documents

were held by parties other than the facility, and the estate could secure the requested records from those parties.

As discussed herein, Plaintiff's claims are without merit because he could have easily accessed them from the same public agencies who produced it to Defendants. That the Plaintiff failed to exercise due diligence during the discovery process does not therefore warrant the imposition of sanctions, especially terminating sanctions, no matter how dire the Plaintiff's health may or may not be.

### a. Plaintiff Seeks Public Records With No Justification

It is commonly understood that discovery need not be required of documents and public records which are equally accessible to all parties. See e.g. *S.E.C. v. Samuel H. Sloan & Co.*, 369 F. Supp. 994 (S.D.N.Y. 1973).

Regarding Items 35–48, 167, and 169–173 listed in Plaintiff's Appendix I, these items are all a matter of public record held by a public agency or entity not under the dominion and control of Sgt. Wright and Officer Soria. These records are equally accessible to all parties in this case, and no showing has been made why Plaintiff has been unable or unwilling to locate and obtain these records on their own. Further, these records are either of the Plaintiff's criminal history and convictions in Riverside County, or those of the decedent, and as such, are impeachment material.

Regarding items 1–29, 33–34, 54, 56–59, 62–75, 116–129, 132–151, and 185–189 listed in Plaintiff's Appendix I, these items are all records of the Riverside Police Department not under the dominion and control of Sgt. Wright and Officer Soria. These records are equally accessible to all parties in this case, and no showing has been made why Plaintiff has been unable or unwilling to locate and obtain these records on their own. This incident occurred in 2017, and pursuant to the California Public Records Act, the Plaintiff could have obtained copies of these records pursuant to such a request since the incident investigation has long since concluded.

  Regarding items 30–32, and 165 listed in Plaintiff's Appendix I, these items are labeled by Plaintiff "could not open," and this characterization appears to be the only reason why these items were included in the Appendix. The defense is not responsible for Plaintiff's inability to timely communicate with defense counsel that one or more of the files shared in the thousands of pages and files of discovery exchanged in this case were either corrupted or unable to be opened in the format Plaintiff used. Had Plaintiff timely and properly communicated with defense counsel about these technical issues, the problem would have been resolved informally between the parties. Yet, Plaintiff now choses to bring a motion for sanctions, rather than attempt to correct the problem informally. According to the Plaintiff's medical records attached to their motion, it appears Plaintiff's health has been in decline for a substantial amount of time, and for the several years this case has been pending. And yet, Plaintiff has done nothing to expeditiously move this case towards resolution, until now on the eve of trial. This is yet another example of Plaintiff's frivolous practices and deficiencies in this case.

  Regarding items 50–53, 76–115, 146–147, 152–162, 174–183, 191, and 194 listed in Plaintiff's Appendix I, these items are all records of the Riverside County Sheriff's Department, or their independent contractors, not under the dominion and control of Sgt. Wright and Officer Soria. These records are equally accessible to all parties in this case, and no showing has been made why Plaintiff has been unable or unwilling to locate and obtain these records on their own. This incident occurred in 2017, and pursuant to the California Public Records Act, the Plaintiff could have obtained copies of these records pursuant to such a request since the incident investigation has long since concluded.

  Plaintiff's Appendixes II and III essentially restate the same subject matter and identify the same documents or records described in Appendix I. In Appendix II, Plaintiff cites his requests for copies of search and arrest warrants issued for the decedent by a superior court judge, requests for autopsy records from the Riverside

Sheriff's Department, records from the Coroner's office, requests of Riverside Police Department's "pre-shooting activities," records of "debriefing and after action assessment of the OIS" in possession of the Riverside Police Department, and records of the Police Department's investigation of the shooting.

In Appendix III, Plaintiff cites his requests for records of "the [Riverside County Sheriff's Department]'s OIS Investigation," the Sheriff's Department's post-shooting radio traffic, evidence from the Sheriff's Department's OIS investigation, and the interviews conducted by the Sheriff's Department, among other things.

The same problem appears here as was discussed above, namely, none of these entities are "parties" within the definition of Rule 26 and Rule 34. Sgt Wright and Officer Soria would have had no way of obtaining these records. Absolutely no showing has been made that Plaintiff ever tried to independently obtain these records, or that defendants or their counsel were in possession of the sole copy available. Further, when any such record came into the defendants' actual possession, it was timely disclosed.

### b. Plaintiff Complains Of Improper Inspection Of Evidence Without Authority For This Claim

Finally, as to items 194 and 195 of Plaintiff's Appendix I, there is absolutely no basis for Plaintiff's objection to "*ex parte* access" to certain items of evidence collected by the Riverside Sheriff's Department, and reviewed by defense experts. The items reviewed were promptly listed and disclosed as part of the defense's expert disclosures and their report, and there is absolutely no authority which states the defendants were required to notify and seek approval of the Plaintiff in conducting its own investigation and inspection of evidence held by a third-party. There is certainly no authority for the proposition that the defense was required to disclose to the Plaintiff any and all results or conclusions of its independent examination of this evidence regardless of whether the defense intended to use such results or conclusions.

Fed. R. Civ. P. 34(a) is clear: "A **party** may serve on any other **party** a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the **responding party's possession, custody, or control**: …" (Emphasis added.) Nonparties may be similarly compelled to produce documents *is served a subpoena*. Fed. R. Civ. P. 34(c). Indeed, there is no authority for the proposition that Plaintiff was required to be given notice of a defense expert's independent examination of evidence in the possession of a third party, and Plaintiff does not cite to any authority for the same. Therefore, this objection is unwarranted and should be ignored as well.

## Conclusion

Defendants respectfully ask this Court deny Plaintiff's Application to File Documents Under Seal as it is without merit.

DATED: May 30, 2025					OFFICE OF THE CITY ATTORNEY


						By:  /s/ *Nadin S. Said*
						NADIN S. SAID
						Attorney for Defendants EVAN WRIGHT and ABEL SORIA