REBECCA L. MCKEE, Interim City Attorney, SBN 289485
NADIN S. SAID, Acting Assistant City Attorney, SBN 309802
VICTORIA M. WYATT, Deputy City Attorney, SBN 329396
**OFFICE OF THE CITY ATTORNEY – CITY OF RIVERSIDE**
3750 University Avenue, Suite 250
Riverside, California 92501
Telephone (951) 826-5567
Facsimile (951) 826-5540

Attorneys for Defendants
EVAN WRIGHT, an individual, and ABEL SORIA, an individual.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC H. SALDIVAR,<br><br>    Plaintiff,<br><br>vs.<br><br>POLICE OFFICERS EVAN WRIGHT, ABEL SORIA, et al.<br><br>    Defendant(s). | CASE NO. 2:20-cv-02081-CAS-PD<br><br>**DECLARATION BY NADIN S. SAID, IN SUPPORT OF OPPOSITION TO PLAINTIFF'S RULE 37 MOTION** |

Defendants, Police Officers Evan Wright and Abel Soria, respectfully submit this declaration in support of their opposition to Plaintiff's Rule 37 Motion.

DATED: September 17, 2025          OFFICE OF THE CITY ATTORNEY

                                   By: /s/ *Nadin S. Said*
                                   NADIN S. SAID
                                   Attorney for Defendants EVAN WRIGHT
                                   and ABEL SORIA

-1-

## **DECLARATION OF NADIN S. SAID**

I, NADIN S. SAID am licensed to practice in the State of California and am admitted to practice before the United States District Court, Central District of California. I am presently employed as a Senior Deputy City Attorney for the City of Riverside and am counsel of record for Defendants OFFICERS EVAN WRIGHT and ABEL SORIA in the above-captioned lawsuit. I have personal knowledge of the information contained in this declaration and, if called, have sufficient competency to testify concerning this information.

1. My staff and I reviewed all documents, emails, links, etc., relating to the production of documents in this case. Attached as Exhibit 1 is a log and corresponding PDF to assist in the Court's review of documents that were produced to either Plaintiff directly when he was in *pro se* or Mr. Mills. This log contains a PDF of documents/links/emails that was exchanged, and the log describes in detail when documents were exchanged, by whom, and the date.

2. On October 24, 2019, Riverside Police Department responded to Eric Saldivar's request (he was in pro se at the time) and produced to Mr. Saldivar what has been marked as "PfSaldivar 002118-0022119."

3. On July 7, 2020, "Bonnie Garcia" sent a letter on behalf of Ernie Saldivar requesting documents (letter attached) and Pf Saldivar 002256-002259 was produced to Mr. Saldivar.

4. On August 18, 2020, the City responded to Mr. Saldivar (through a Bonnie Garcia) regarding the PRA request. On two different links, documents and review of the IOS were provided to Mr. Saldivar from the CPRC website and city clerk's office. (See Exhibit 1 and letter by Police Department dated August 18, 2020.)

5. On October 15, 2020, the City produced an additional 39 pages to Mr. Saldivar. (See COR PRA response.)

6. On November 8, 2022, a subpoena was issued (see Subpoena) by the City to California Institution for Men (CIM-DDCR) Re Visitation Records. In the Subpoena, there was a Proof of Service of Notice to Consumer or Employee and Objection, to Michael Mills in Anaheim Hills dated 11/8/22.

7. On December 15, 2022, the City Attorney's office emailed Mr. Mills to request a date for the Rule 26 meeting. More emails were sent regarding the meeting during the month of December.

8. More emails were exchanged (see log) in the month of January 2023, including an email to CDCR regarding Mr. Mills' withdrawal of objection regarding the subpoena, mail, call logs, housing, visitation.

9. On February 1, 2023, an initial Rule 26 disclosure was served, which was previously produced to this Court. Rule 26 requires documents to be produced, or a location of the documents as to where the documents can be retrieved. That location, per the rules, was described in the Rule 26(a) exchange.

10. Also on February 1, 2023, Mr. Mills produced Exhibit A, Tabs 00 to 40. These documents that he produced totaled 1,139 pages. A screenshot of what was produced is included in the Exhibit 1 log. He also produced Exhibit B, a manual re RPD, and Exhibit C, Saldivar's death certificate.

11. Discovery is exchanged, those are summarized in Exhibit 1. The CAO also emailed Mr. Mills regarding the extensive discovery that was potentially an abuse of discretion.

12. The City wrote a letter on November 3, 2023, regarding the autopsy report to Riverside Coroner.

13. The City on November 8, 2023, issued a subpoena to Richard J. Donovan Correctional Facility (CDRC) Re: Eric Trust Account; Proof of Service to MMills dated 11/8/23.

14. On November 9, 2023, the City issued a subpoena to CDCR Archive Unit; Proof of Service to MMills dated 11/9/23.

15. On November 9, 2023, a subpoena was issued to Richard J. Donavan Correctional Facility re Trust Account information. There was a Proof of Service and Notice provided to Mr. Mills on November 9, 2023.

16. On November 28, 2023, the City issued a subpoena to Calipatria State Prison (CDRC) Re: Ernie Saldivar Housing History; Proof of Service to MMills dated 11/28/23.

17. On December 1, 2023, *Plaintiff produced the following records* in his possession to defendants: Bates stamped **PfSaldivar 000001-000098** RPD reports/ PRA records, **and Pf Saldivar 000099-000198** AI Interview re various officers; Bates stamped **Pf Saldivar 001141- 001142** (repeated), which are Death Certificate, **000001-000098** RPD reports/ PRA records, **0000099-000198** AI Interview re various officers; Bates stamped **Pf Saldivar 000299-000407;** RPD reports/PRA stamped; **000199-000298** AI Interview re Soria and RPD reports PRA stamped; **000408-001140** RPD Manual/Policy; Bates stamped **Pf Saldivar 001141 - Pf Saldivar 001769**, which are Death Cert., National Consensus Documents on Use of Force, International Assoc of Chiefs of Police Policy, Bates stamped **Pf Saldivar001595 to PfSaldivar002096**, which are International Assoc of Chiefs of Police Policy, Excel Sheet re OIS (2013-2020), RPD List of Complaints, COR Community Police Review Commission, COR Pubic Records Portal page, COR Policy Manual #331; Bates stamped **Pf Saldivar 002097-002294**, which is Eric Saldivar's Civil Rights Complaint, PRA request to RPD, IA Interviews re

1. Wright and Soria, RPD reports, Mike Bumcrot Consulting Report of Investigation, Coroner documents, Saldivar Pleadings, PRA request by Bonnie Garcia, Death Certificate, Ex. 4 contains 9 pages - Incident Report, RSO report and Death Cert.

18. On December 11, 2023, the City issued a subpoena to California Institution for Men (CIM-DDCR) Re Visitation Records; Proof of Service to MMills dated 12/11/23.

19.

20. On December 11, 2023, the City wrote a letter to Riverside District Attorney's Office requesting a copy of their file relating to Ernie Saldivar and the OIS shooting.

21. That same day, the City wrote to Riverside County Sheriff Coroner requesting a copy of their file relating to Ernie Saldivar and the OIS shooting.

22. On December 13, 2023, the City requested via letter to the Riverside Sheriff's Office requesting a copy of their file relating to Ernie Saldivar and the OIS shooting.

23. On December 18, 2023, there was an exchange regarding Plaintiff's objections to the witness deposition of Zochilt Vanessa Robles.

24. On February 2, 2024, the City issued a subpoena to CDCR Archive Unit requested 2/2/24; Proof of Service to MMills dated 2/2/24.

25. On April 19, 2024, the COA emailed Mr. Mills regarding a meet and confer on the Motion for Summary Judgment.

26. Mills to CAO email re Meet and Confer re Defendant discovery responses

27. Mills to CAO correspondence attachment re Meet and Confer re Defendant discovery responses

28. CAO email to Mills re M&C discovery deficiencies and CAO produces the following Bates stamped documents under May 13, 2024 date and labeled as DEF 00001 – DEF 02056 (2,056 pages).

29. My paralegal and I have spent at least 40 hours combined to sort emails, find documents, and organize. This was completely unnecessary, as this Court can see, Plaintiff counsel has received so many documents, videos, information, etc. while discovery was being conducted. That is why he could not identify specifically what documents were never produced to him in discovery. In addition, other attorneys who handled this matter before my time have spent a combined 10 hours looking through their emails and forwarding information to me regarding the document production issue. Moreover, there is no explanation as to why the document production issue is being raised now, over a year after discovery has closed. Defendants respectfully request sanctions against Plaintiff for having wasted this much time, and the Court's time, without justification.

DATED: September 17, 2025       OFFICE OF THE CITY ATTORNEY


By:  /s/ *Nadin S. Said*
NADIN S. SAID
Attorney for Defendants EVAN WRIGHT and ABEL SORIA