UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:20-cv-02081-CAS-PD          Date: February 5, 2026

Title     *Saldivar v. Riverside Police Department, et al.*

Present: The Honorable:     Patricia Donahue, U.S. Magistrate Judge

| Isabel Verduzco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**   **Order Denying Plaintiff's Motion for Sanctions, Dkt. Nos. 144, 145, and Setting Discovery Status Conference**

Before the Court is the motion by Plaintiff Eric Henry Saldivar ("Plaintiff") for sanctions pursuant to Rules 37(c)(1) and 37(b)(2)(A)(i)-(iii), (vi) (the "Motion"). Dkt. Nos. 144, 145. The Court has reviewed all the materials submitted by Plaintiff and by Defendants Riverside Police Department ("RPD") Officers Evan Wright and Abel Soria ("Defendants") in connection with the Motion, the arguments of counsel at the hearing, and Defendants' post-hearing submission ordered by the Court. For the reasons set forth below, the Motion is denied and the Court sets a discovery status conference.

## I.     Procedural History

Plaintiff filed this action proceeding pro se on March 3, 2020. Dkt. No. 1. The Complaint was dismissed with leave to amend, and Plaintiff filed his First Amended Complaint on May 26, 2020. *See* Dkt. Nos. 9, 11. After the Court denied Plaintiff's motion to appoint counsel, Plaintiff filed the Second Amended Complaint ("SAC") on August 14, 2020, proceeding pro se. The order dismissing the SAC stated that Plaintiff could not proceed pro se and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:20-cv-02081-CAS-PD      Date: February 5, 2026

Title     *Saldivar v. Riverside Police Department, et al.*

would have to obtain legal representation in order to bring a claim as the successor in interest to his son Ernie Saldivar ("Decedent"), who died after RPD officers used deadly force in seizing him. The order granted leave to amend. Dkt. No. 16.

Plaintiff filed his Third Amended Complaint ("TAC") on October 20, 2020, proceeding pro se while asserting claims as his son's successor in interest. Dkt. No. 17. Defendants moved to dismiss the TAC on the ground that Plaintiff could not act as his son's successor in interest while proceeding pro se. Dkt. No. 27. On September 8, 2021, the Court granted Defendants' motion to dismiss the first two causes of action in the TAC, finding that with respect to those two claims Plaintiff could not proceed pro se and act as his son's successor in interest. Dkt. No. 39. The Court granted Plaintiff leave to amend, as the pleading could be cured by amendment. *Id*. at 8.[1]

On November 24, 2021, attorney Michel Mills filed a Notice of Appearance as counsel for Plaintiff. Dkt. No. 42. On March 23, 2022, Plaintiff, represented by Mills, filed the Fourth Amended Complaint ("FAC"), which is the operative pleading. The FAC sets forth two causes of action: (1) violation of Decedent's Fourth Amendment rights by Defendants Wright and Soria for using excessive force; and (2) violation of Plaintiff's Fourteenth Amendment right for the loss of companionship. Dkt. No. 53. The Answer was filed in December 2022. Dkt. No. 80.

On January 23, 2023, the parties filed their Joint Rule 26(f) Report. Dkt. No. 81. In that Report, Plaintiff's list of witnesses include RPD Officers Monreal and Park and Riverside Sheriff's Office ("RSO") Investigator Gomez, as well as numerous RPD documents and recordings and the RSO Coroner's Report and Incident Report. *Id.* at 10-15.

---

[1] The Court uses the page numbers placed on the document by the electronic docketing system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:20-cv-02081-CAS-PD                Date: February 5, 2026

Title      *Saldivar v. Riverside Police Department, et al.*

    On February 1, 2023, Defendants served Plaintiff with their Rule 26(a) Initial Disclosures.  Dkt. No. 144-3.

    On December 11, 2023, the Court conducted a discovery status conference.  Dkt. No. 99.  Both parties confirmed they were on track to meet the deadlines in the current scheduling order.  *See* Dkt. Nos. 96, 99.  The parties' subsequent stipulation to extend those deadlines was granted.  *See* Dkt. No. 105.  The fact discovery cutoff was February 23, 2024, and the expert discovery cutoff was April 22, 2024.  *Id.*

    The Court uses an informal discovery conference ("IDC") procedure to address discovery disputes, and requires parties to seek an IDC before filing a motion to compel under Rule 37 of the Federal Rules of Civil Procedure. *See* https://apps.cacd.uscourts.gov/Jps/honorable-patricia-donahue.  Plaintiff did not seek an IDC at any time before (or after) the fact or expert discovery cut-off dates.

    Defendants moved for summary judgment, and in opposition Plaintiff objected that certain evidence submitted by Defendants was not disclosed or supplemented as required by Rules 26(a) and (e) of the Federal Rules of Civil Procedure.  *See* Dkt. No. 122.  The Court overruled the objections as to the audio recording of the Incident, Paragraph 10 from the Wright Declaration and Paragraph 11 from the Soria Declaration, and Exhibits 12, 16, 17, F, and G to the Gomez Declaration.  *See* Dkt. No. 133 at 4.  The audio recording of the incident was produced on February 5, 2024.  Dkt. No. 125, Said Decl. ¶ 5.[2]  The above-referenced exhibits to the declaration of RSO Investigator

---

[2] Paragraph 10 of Wright's declaration and paragraph 11 of Soria's declaration includes the statement, "Knowing Decedent's prior tendency for gun violence, and the fact that he was armed and dangerous, I approached the open garage with caution."  Dkt. Nos. 111-4, Wright Decl. ¶ 10; 111-2, Soria Decl. ¶ 11.  Plaintiff objected to the "prior tendency for gun violence" statement based on Rules 406, 602 and 701(c) of the Federal Rules of Evidence that Wright lacked personal knowledge and had no basis to opine on this topic.  *See* Dkt. No. 122 at 38.  The objections were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:20-cv-02081-CAS-PD           Date: February 5, 2026

Title     *Saldivar v. Riverside Police Department, et al.*

Gomez are the autopsy and coroner report, a report of drug testing of vitreous fluid from the Decedent's body, a DNA forensic case report, gunshot residue analysis report, and RSO crime scene sketch. *See* Dkt. No. 111-9 at 2. These categories of information are set forth in Defendants' Rule 26(a) disclosures served on February 1, 2023, and in Defendants' expert witness disclosure served on February 5, 2024. *See* Dkt. No. 154-1, Said Decl. ¶¶ 1-9 and pages 6-7, 13-18.

     In connection with the summary judgment motion, the Court did not rely on the remaining evidence to which Plaintiff objected and thus did not rule on those objections. Dkt. No. 133 at 4. Defendants' summary judgment motion was denied. Dkt. No. 160.

     Plaintiff moves pursuant to Fed. R. Civ. P. 37(b) for an order striking Defendants' answer and entering default against them, or in the alternative, issue establishment and/or issue and evidence preclusion sanctions based on numerous alleged discovery failures.

## II.   Legal Standard

     Rule 26 requires each party to provide an Initial Disclosure "without awaiting a discovery request." Fed. R. Civ. P. 26(a)(1)(A). The Rule specifies categories of information that must be provided, including "the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). "The rule requires identification of potential witnesses because " '[a] major purpose' of the initial disclosure requirements 'is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in

---

overruled because both declarations included the Decedent's background and criminal history, which established a foundation for the declarant's statements. *See* Dkt. Nos. 111-4, Wright Decl. ¶¶ 3-7; 11-2, Soria Decl. ¶¶ 4-7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:20-cv-02081-CAS-PD          Date: February 5, 2026

Title      *Saldivar v. Riverside Police Department, et al.*

requesting such information.' " *Liberty Ins. Corp. v Brodeur*, 41 F.4th 1185, 1190 (9th Cir. 2022) (citing *R&R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012)).

Rule 34 provides that a party may serve on any other party a request to produce documents or electronically stored information within the party's possession, custody, or control that is otherwise within the scope of Rule 26. Fed. R. Civ. P. 34(a)(1)(A).

Rule 26 requires parties to supplement or correct their initial disclosures and their discovery responses, including responses to document requests, "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). The Advisory Committee Notes explain:

> The obligation to supplement disclosures and discovery responses applies whenever a party learns that its prior disclosures or responses are in some material respect incomplete or incorrect. *There is, however, no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process,* as when a witness not previously disclosed is identified during the taking of a deposition or when an expert during a deposition corrects information contained in an earlier report.

Fed. R. Civ. P. 26 advisory committee notes (1993) (emphasis added). *See Liberty Ins. Co.*, 41 F.3d at 1192 ("It seems very unlikely that [Plaintiff] was prejudiced or surprised" by the testimony of the witness whose Rule 26(a)(1)(A)(i) disclosure Plaintiff claimed was insufficient).

The disclosure requirements in Rule 26(a) are enforced by the sanction provision in Rule 37(c)(1). Under Rule 37(c)(1), "[i]f a party fails to provide

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:20-cv-02081-CAS-PD                Date: February 5, 2026

Title        *Saldivar v. Riverside Police Department, et al.*

information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  "This particular subsection, implemented in the 1993 amendments to the Rules, is a recognized broadening of the sanctioning power."  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  The exclusion provision is generally "self-executing" and "automatic."  *Id.* (citing Fed. R. Civ. P. 37 advisory committee note (1993)). In addition to or instead of this sanction, the Court may impose any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).  Fed R. Civ. P. 37(c)(1)(C).

Rule 37(b) provides that "[i]f a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders," including

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> ***
>
> (vi) rendering a default judgment against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(iii), (vi).

"Two express exceptions ameliorate the harshness of Rule 37(c)(1):  The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless."  *Id.*  The party facing sanctions bears the burden of proving that its failure to disclose the required

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:20-cv-02081-CAS-PD           Date: February 5, 2026

Title      *Saldivar v. Riverside Police Department, et al.*

information was substantially justified or is harmless. *R&R Sails*, 673 F.3d at 1246 (citation omitted). The Ninth Circuit has recognized that the evidence preclusion under Rule 37(c)(2) can be a "harsh sanction." *Id.* "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. Appx. 705, 713 (9th Cir. 2010) (citation omitted).

### III. Plaintiff's Evidentiary Objections and Motion to Strike

Plaintiff moves to strike the Declaration of Nadin Said and Exhibit 3 thereto. Dkt. No. 156. Said is one of the attorneys representing Defendants in this action. Dkt. No. 154-1, Said Decl. ¶ 1. Plaintiff objects to the Said Declaration under Rules 401, 602, 611, 801 et seq., and 901, and reiterates arguments raised in the Motion.

Regardless of how stringently the Federal Rules of Evidence apply to evidence submitted in connection with a Rule 37(c) motion, the Court finds that Said is competent to submit a declaration on the covered topics based on Said's position as Acting Assistant City Attorney for the City of Riverside and counsel of record for Defendants. Dkt. No. 154-1, Said Decl. at 1. The Court further finds that the declaration sufficiently establishes the basis for Said's knowledge --- personal knowledge and review of the file to which Said had access as counsel of record. Personal knowledge can be based on a review of documents. *United States v. Matsumaru*, 244 F.3d 1092, 1102 (9th Cir. 2001); *In re Real Estate Assoc. Ltd. Part. Lit.*, No. 98-cv-7035-DDP-AJW, 2002 WL 31027557, at * 1 (C.D. Cal. Aug. 29, 2002) (in connection with summary judgment motion, declarations based on counsel's analysis of the discovery and pleadings in the case are permissible on that basis). Exhibit 3 to the declaration is a chart that Said and Riverside City Attorney's Office staff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:20-cv-02081-CAS-PD           Date: February 5, 2026

Title     *Saldivar v. Riverside Police Department, et al.*

created regarding the documents that Plaintiff contends are at issue. Dkt. No. 154-1, Said Decl. ¶ 9. This chart is based on counsel's analysis of the discovery and pleadings, and it contains information relevant to the Motion. To the extent the Federal Rules of Evidence apply to the chart, it qualifies as a summary chart under Rule 1006 of the Federal Rules of Evidence.[3]

Accordingly, Plaintiff's evidentiary objections to the Said Declaration and the Chart attached as Exhibit 3 thereto are overruled.

**IV. Discussion**

    **A. Summary of Disputed Discovery**

Plaintiff seeks sanctions under Rules 37(c)(1) and 37(b)(2)(A)(i)-(iii), (vi) for Defendants' alleged failures to disclose and to supplement their initial disclosures and to produce documents responsive to Plaintiff's Requests for Production of Documents ("RFP") and for Defendants' use of documents that Defendants denied possessing in their RFP responses. Dkt. No. 144. Plaintiff claims Defendants did not initially or supplementally disclose to Plaintiff certain witnesses, experts, and evidence that Defendants knew of, used, and/or possessed. *Id.* at 11-17.[4] Appendix I to the Motion lists 195 items (some of which include multiple items) that Plaintiff claims Defendants used in their summary judgment motion but failed to disclose in discovery as required. *See* Dkt. No. 145 at 33-50.

Plaintiff received Defendants' Rule 26(a) Initial Disclosures on February 1, 2023. Dkt. No. 144-1, Mills Decl. ¶ 2. The Initial Disclosures identify several categories of "Witness/Persons Likely to Have Discoverable

---

[3] Plaintiff's objections to the chart based on failure to provide the substantiating evidence is nonsensical because the chart is based on the Appendix prepared by Plaintiff.

[4] The Court uses the page numbers placed on documents by the electronic docketing system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:20-cv-02081-CAS-PD            Date: February 5, 2026

Title      *Saldivar v. Riverside Police Department, et al.*

Information", including "RPD peace officers and emergency responders." Dkt. No. 144-3 at 3-4. The Initial Disclosures also identify ten categories of "Documents and Things in the City's Possession." Dkt. No. 144-3 at 6. Many of the items listed in Appendix I, including audio recordings of witnesses, photographs taken by investigators, and RPD reports fall within categories that are listed in Defendants' Initial Disclosure. *See* Dkt. Nos. 144 at 33-50; 144-3 at 4-6. According to Plaintiff, none of the items in Appendix I were produced with the Initial Disclosures, in any supplemental disclosure, or in response to any of the seven sets of RFPs that Plaintiff propounded; Plaintiff's counsel stated he did not receive them until he received Defendants' summary judgment pleadings. *See* Dkt. No. 166 at 7-17.[5]

     Appendix II lists numerous RFPs for materials that Defendants denied possessing but subsequently used, including RFPs for Decedent's warrants, autopsy reports, forensic and trajectory analyses, coroner's inquest evidence, RPD records of Decedent's pre-shooting activities, RPD records of contacts with Decedent's family members, RPD records of its activities pertaining to the incident, recordings and transcripts thereof, RPD radio traffic, and electronic recordings, post-shooting audio and video recordings, RPD response, reporting and assessment of the shooting, RPD reporting of the shooting, RPD central investigation unit's and internal affairs' reports, RPD after-action assessment of the shooting, evidence of RPD's response to reporting and investigation of the shooting, and Defendant Wright's deposition transcript in *Lopez v. City of Riverside and Evan Wright*, 5:21-cv-02140-PSJ-JEM. Dkt. No. 145 Appendix III lists numerous RFPs in response to which Defendants allegedly promised but failed to produce documents. *See Id*. at 87-105. Plaintiff did not request an IDC or raise these issues before the discovery cut-off date.

---

[5] The hearing transcript is at Docket 166.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:20-cv-02081-CAS-PD           Date: February 5, 2026

Title     *Saldivar v. Riverside Police Department, et al.*

      In opposition, Defendants contend they complied with their discovery obligations in producing over 2000 pages of investigative reports, policies, etc., producing the RPD records related to the shooting, and producing the opinions, reports and curriculum vitae of the experts retained by Defendants for trial. Dkt. Nos., 154, 154-1. Defendants further state that they obtained documents from third parties that were "public records and records otherwise available to Plaintiff" and that they received the RSO "investigation and reports on the shooting, which Plaintiff had equal access to and could similarly request from that agency."[6] Dkt. No. 154-1, Said Decl. ¶¶ 4, 5. In addition to their Initial Disclosures and expert designations, Defendants provide a chart regarding the documents Plaintiff contends are at issue. *Id.* ¶ 9, and at 21-39. The chart lists items from Plaintiff's appendices, identified by number, the description from the appendix, from whom the responsive document was received by Defendants' attorneys, whether it was produced to Plaintiff's attorney, and if so, the format produced. *Id.*

      In light of the attorneys' conflicting statements regarding what was actually produced in discovery in this case, at the hearing the Court ordered Defendants to file a discovery log. *See* Dkt. No. 166 at 31. Defendants filed the log, which sets forth the date, email/correspondence, and attachments/links from October 24, 2019 through May 13, 2024. *See* Dkt No. 164-1. Based on the information in that log and accompanying declaration of Defendants' counsel, Dkt. Nos. 164 and 164-1, as well as the declaration of counsel and exhibits previously submitted, Dkt. No. 154-1, it appears to the Court that Defendants produced to Plaintiff, made available to Plaintiff, or directed Plaintiff to the third party custodian of many of the documents that are listed in Appendices I and III or that are responsive to the RFPs in Appendix II, including the May 13, 2024 email discussed at the hearing that

---

[6] Defendants note that "Plaintiff's counsel did not notice any depositions, did not designate an expert, and did not take expert depositions in this case." Dkt. No. 154-1, Said Decl. ¶ 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:20-cv-02081-CAS-PD          Date: February 5, 2026

Title     *Saldivar v. Riverside Police Department, et al.*

Plaintiff's counsel stated he did not receive. *See* Dkt. Nos. 164 at 6, 166 at 47. Also, based on the statements by Plaintiff's counsel at the hearing regarding his email, *see* Dkt. No. 166 at 47-48, it may be that counsel did not open all emails sent by Defendants' counsel, including those with discovery materials attached. Relatedly, Plaintiff's counsel could not open items 30-32 and 165 in Appendix I, *see* Dkt. No. 145 at 35, 46, and did not raise the issue until the instant Motion.

     **B.**     **Information Within Defendants' Possession, Custody, or Control**

Several legal issues are intertwined with the factual disputes regarding what materials were produced. First, the two defendants in the operative Fourth Amended Complaint are RPD officers sued in their individual capacities. The RPD as an entity is not a defendant. Defendants responded to RFPs and argued in opposition to the Motion that many of the documents Plaintiff claims Defendants failed to produce are RPD business records that are not in the possession, custody or control of individual defendants. Dkt. No. 154 at 4. Specifically, Defendants stated that items 1-29, 33-34, 54, 56-59, 62-75, 116-129, 132-151, and 185-190 in Appendix I are records of RPD not in Defendants' possession, custody or control. *Id*. at 8. To the extent Defendants or the "defense team," which the Court interprets as including Defendants' counsel, came into possession of documents and other records not solely for use as impeachment material "or readily available to Plaintiff via other means," those records were disclosed to Plaintiff. *Id*. at 4. Had Plaintiff requested an informal discovery conference regarding this issue, the Court would have inquired specifically what RPD documents had been produced by Defendants and which RFPs called for relevant documents in the possession, custody or control of the RPD – though not of these Defendants –

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:20-cv-02081-CAS-PD           Date: February 5, 2026

Title     *Saldivar v. Riverside Police Department, et al.*

and inquired whether Plaintiff's counsel had issued a subpoena pursuant to Fed. R. Civ. P. 45 to the RPD.[7]

Defendants were not required to produce RPD materials not in their possession, custody or control. Production of RPD materials that were in their possession, custody or control is discussed below.

### C.    Equally Available To Propounding Party

Second, Defendants excluded records "readily available to Plaintiff via other means", Dkt. No. 154 at 4, from their statement regarding production of RPD records to Plaintiff. Defendants cite Rule 26(b)(2)(C), which states:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> > (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> >
> > (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> >
> > (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). Defendants' reliance on Rule 26(b)(2)(C) is misplaced because the Court "on motion or on its own" did not limit the frequency or extent of discovery under Rule 26(b)(2)(C). The Court never addressed this issue because neither party raised it during the discovery

---

[7] As previously noted, Plaintiff did not seek an informal discovery conference and discovery has closed. Although it appears Plaintiff did not serve a Rule 45 subpoena on the RPD, he did obtain records from the RPD in response to a California Public Records Act ("PRA").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:20-cv-02081-CAS-PD          Date: February 5, 2026

Title      *Saldivar v. Riverside Police Department, et al.*

period. Defendants did not seek an informal discovery conference to request a limit based on Rule 26(b)(2)(C), and inexplicably Plaintiff did not raise this issue during the discovery period.

    As a general matter, a party may not decline to respond to discovery requests on the ground that the information sought is equally available to the propounding party. *See Kalter v. Keyfactor, Inc.*, No. 21-cv-1707-L-DDL, 2022 WL 16985062, at * 2 (S.D. Cal. Nov. 16, 2022); *Pangborn v. Los Angeles Cty. Deputy Sheriffs Lt. Baudino*, No. 15-cv-6812 AB-JC, 2018 WL 6265055, at *4 (C.D. Cal. Sep. 27, 2018) (collecting cases). While Federal Rule of Civil Procedure 26(b)(2)(C)(i) limits the duty to produce discoverable information when it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," Defendants have not provided a basis to support a finding pursuant to Rule 26(b)(2)(C)(i) that it would be more convenient, less burdensome, or less expensive for Plaintiff to obtain RPD records than it would for Defendants to produce those RPD records that are in Defendants' possession, custody or control.

    At this point, it is unclear to the Court whether Defendants are in possession of RPD documents responsive to RFPs or disclosable under Rule 26(e) that Defendants never provided to Plaintiff and that Plaintiff has not obtained from some other source. However, it appears this issue can be cured. <u>Defendants are ordered to bring a list of any such documents to the status conference discussed below</u>. At the status conference, Plaintiff will review the list and state whether he has obtained each document on that list.

    Defendants raise the same availability argument regarding documents of third parties other than RPD. Specifically, Defendants state that items 35-48, 167, and 169-173 in Appendix I are matters of public record held by public agencies not under Defendants' control. These are Riverside County Superior Court records of criminal proceedings against Decedent and a marriage and birth certificate. Defendants likewise state that items 50-53, 76-115, 146-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 2:20-cv-02081-CAS-PD | Date: February 5, 2026 |
| Title | *Saldivar v. Riverside Police Department, et al.* |

147, 152-162, 174-183, 191, and 194 in Appendix I are records of RSO or its independent contractors, not in Defendants' possession, custody or control, and equally accessible to Plaintiff under the California Public Records Act. Dkt. No. 154 at 9. However, it is generally not a ground for objection to a discovery request that information is a matter of public record. *See Eno Fitness LL, LLC v. F19 Holdings*, No. 2:22-cv-03124-MEMF-JC, 2023 WL 12015974, at * 5, n. 7 (C.D. Cal. Mar. 9, 2023). As with the RPD records, if Plaintiff had raised this issue timely, the Court would have required Defendants to produce the court records and the RSO records that were in Defendants' possession, custody or control at the time and inquired whether Plaintiff had served the RSO with a Rule 45 subpoena. At this point, however, Plaintiff has had the documents for over a year; there is no surprise at this point to their being offered into evidence.

### D. Expert Discovery

Regarding Defendants' expert witness disclosures, the document Defendants served Plaintiff on February 5, 2024 entitled "Defendants' Initial Expert Disclosure" identifies several experts, including Rod Englert, Swathi Kode and Brady Held, and refers to attached exhibits A through H. *See* Dkt. No. 154-1 at 12-19. Plaintiff states the exhibits were not attached. *See* Dkt. No. 155 at 20-22. Defendants state the expert witness disclosure was served on February 5, 2024, but they do not specifically state that exhibits A through H referenced therein were produced. If Defendants have not previously produced exhibits A through H, they are ordered to do so by **February 9, 2026**. Finally, Plaintiff's objections to Defendants' experts review of the physical evidence in RSO custody are unfounded. Plaintiff offers no authority for the proposition that Defendants were required to give him notice of their examination of the evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:20-cv-02081-CAS-PD          Date: February 5, 2026

Title     *Saldivar v. Riverside Police Department, et al.*

    **E.**    **Initial Disclosures**

Plaintiff contends that Defendants' initial disclosures improperly excluded Art Robles-Caban and George Takahashi. Dkt. No. 144 at 15. Defendants produced the videotape recordings on Robles-Caban and Takahashi on November 15, 2023; thus, although they were, according to Defendants, inadvertently omitted from the Initial Disclosures, their video recorded interviews were produced to Plaintiff. Accordingly, Plaintiff had knowledge of these witnesses, and there is no basis to exclude them.

Similarly, although Defendants did not produce a document entitled Supplemental Disclosures, the initial disclosures were effectively supplemented by the information produced to Plaintiff in discovery. *See* Fed. R. Civ. P. 26 advisory committee notes (1993) (emphasis added).

**V.**    **Conclusion and Order**

As summarized above, Plaintiff seeks harsh sanctions for what he characterizes as hundreds of discovery violations by Defendants, and denies receiving discovery materials that Defendants state, via declaration of counsel, were produced. Had Plaintiff brought these alleged discovery violations to the Court's attention during the discovery period, via the procedure established for addressing and resolving discovery disputes, *see* https://apps.cacd.uscourts.gov/Jps/ honorable-patricia-donahue; L.R. 37-1 through 37-4, they could have been individually discussed and resolved through informal discovery conference or briefing under the Local Rule. Plaintiff chose to wait until after discovery closed to raise these issues with the Court, and based on the materials submitted by both parties, it appears that Plaintiff's counsel may not have successfully accessed all the discovery produced by Defendants electronically. On this record, Plaintiff has not shown that any sanction under Rule 37 is warranted.

Also based on the materials submitted by both parties, at this time, Plaintiff's counsel should be in possession of all the discovery produced by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:20-cv-02081-CAS-PD            Date: February 5, 2026

Title      *Saldivar v. Riverside Police Department, et al.*

Defendants. To determine whether that is the case, and to determine whether and to what limited extent (if at all), discovery should be reopened, the Court will conduct a discovery status conference in Courtroom 580 of the Roybal Federal Building on **March 6, 2026 at 11:00 a.m.**

Defendants' counsel will bring to the status conference <u>the above-referenced list</u> and two of the following:

(1) a hard copy of all documents produced in fact discovery and in expert discovery in this case, with bates numbers and if produced pursuant to the protective order, so labeled; and

(2) a thumb drive or flash drive containing all audio and video files produced in discovery in this case along with a hard copy of an index of those materials.

Defendants' counsel will provide one set of each to Plaintiff's counsel, who will confirm receipt thereof on the record.

Plaintiff's counsel and Defendants' counsel must be prepared to advise the Court at the status conference of any individual[s] whose deposition they would notice (or seek by service of a subpoena) if discovery were reopened for a brief period, and the basis for seeking those deposition[s].

Finally, at the status conference, counsel must be prepared to discuss referral of the case for a settlement conference.

IT IS SO ORDERED.