JAMES JOHNSON, City Attorney, SBN 234962
REBECCA L. MCKEE-REIMBOLD, Asst. City Attorney, SBN 279485
NADIN S. SAID, Sr. Deputy City Attorney, SBN 309802
AISHA C. NOVASKY, Deputy City Attorney, SBN 328120
**OFFICE OF THE CITY ATTORNEY – City of Riverside**
3750 University Avenue, Suite 250
Riverside, California 92501
Telephone: (951) 826-5567
Facsimile: (951) 826-5540
orange@riversideca.gov

Attorneys for Defendants ABEL SORIA and EVAN WRIGHT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC HENRY SALDIVAR, SR.<br><br>Plaintiff,<br><br>v.<br><br>RIVERSIDE POLICE DEPARTMENT, ET AL.<br><br>Defendants. | **CASE NO.: 2:20-cv-02081-CAS-PDx**<br><br>**DEFENDANTS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION AND MOTION TO DISMISS, OR IN THE ALTERNATIVE, MANDATORY JOINDER**<br><br>Date: November 30, 2026<br><br>Time: 10:00 a.m.<br><br>Dept.: Courtroom 8D<br><br>Trial Date: January 10, 2027 |

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ........ 1

I. INTRODUCTION ........ 1

II. FACTUAL AND PROCEDURAL BACKGROUND ........ 1

III. ARGUMENT ........ 2

A. Newly discovered evidence demonstrates that Plaintiff lacks successor in interest standing. ........ 2

B. This Court, and not the jury, should determine the absence or existence of subject matter jurisdiction. ........ 4

C. The decedent's successors in interest are required parties to the suit. ........ 5

IV. CONCLUSION ........ 7

CERTIFICATE OF COMPLIANCE ........ 7

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Alto v. Black*,
738 F.3d 1111 (9th Cir. 2013)....6
*Augustine v. U.S.*,
704 F.2d 1074 (9th Cir. 1983)....4
*CP Nat. Corp. v. Bonneville Power Admin.*,
928 F.2d 905 (9th Cir. 1991)....5
*Edmonson v. LCW Automotive Corp.*,
2007 WL 101300058 (C.D. Cal. Sept. 17, 2007)....4
*E.E.O.C. v. Peabody Western Coal Co.*,
400 F.3d 774 (9th Cir. 2005)....7
*Hayes v. County of San Diego*,
736 F.3d 1223 (9th Cir. 2013)....3
*In re Apple iPhone Antitrust Litigation*,
846 F.3d 313 (9th Cir. 2017)....5
*Moreland v. Las Vegas Metropolitan Police Dept.*,
159 F.3d 365 (9th Cir. 1998)....3
*Ochoa v. City of Mesa*,
26 F.4th 1050 (9th Cir. 2022)....5
*UOP v. U.S.*,
99 F.3d 344 (9th Cir. 1996)....5

## Statutes

Cal. Civ. Proc. Code § 377.10(b)....3
Cal. Civ. Proc. Code § 377.20....3
Cal. Civ. Proc. Code § 377.30....3
Cal. Civ. Proc. Code § 416.60....6
Cal. Fam. Code § 7611(d)....3
Cal. Prob. Code § 6401....3
Cal. Prob. Code § 6402....3

## Rules

Fed. R. Civ. P. 12(b)(1)....2, 5
Fed. R. Civ. P. 12(h)(3)....2, 5
Fed. R. Civ. P. 19(a)....2, 5
Fed. R. Civ. P. 4....6

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff brings this action alleging excessive force by two Riverside Police Department employees – Lieutenant Abel Soria and Sergeant Evan Wright. Yet the fatal flaw underlying the excessive force cause of action is Plaintiff's lack of standing, and thus, his inability to proceed against the defendants.

Plaintiff contends that he is Ernie Saldivar's only surviving heir entitled to file this lawsuit against Defendants. Yet conclusive evidence demonstrates that the only proper plaintiffs to assert excessive force are the decedent's surviving spouse and his daughter. Accordingly, Defendants respectfully request that this Court dismiss Plaintiff's first cause of action for lack of standing. Alternatively, Defendants contend that the decedent's heirs must be joined (and want to be joined) as Plaintiffs to this litigation, as complete relief cannot be afforded in their absence.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying this suit are recounted in great detail in Plaintiff's Fourth Amended Complaint and the parties' briefings on the Motion to Dismiss and Motion for Summary Judgment, thus, need only be summarized here.

Plaintiff is the father of the decedent Ernie Saldivar (Ernie). Ernie died on March 18, 2018, and left a surviving spouse, Xochilt Saldivar *nee* Robles (Ms. Robles). Ms. Robles gave birth to Elysse on January 19, 2012; thereafter, Xochilt and Ernie were married on November 2, 2012. The crux of the dispute, and the need for the instant motion, centers on whether Ernie was Elysse's biological or putative father.

Plaintiff declares that as the decedent's father, no other person has a superior right to pursue the Fourth Amendment survivorship claim other than him. Dkt. 54. Defendants have repeatedly rejected this contention and asserted that Ms. Robles and Elysse are the decedent's lawful heirs as Ernie's surviving spouse and daughter, respectively. To prove as much, Defendants attempted to depose Ms. Robles on December 7, 2023. Ex. A to Declaration of Aisha C. Novasky ("Novasky Decl.").

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

However, the day prior to the deposition, Ms. Robles reported that she was unavailable, and counsel for Defendants were unable to further speak with her to reschedule the appointment. Declaration of Vee Beauregard. Accordingly, a certificate of nonappearance was taken on the day of the deposition. Ex. B to Novasky Decl.

Recently, Defendants renewed their efforts to locate Ms. Robles and inquire if either she or Elysse would be willing participants in the action. Declaration of Brett Bitner ("Bitner Decl.") After much research and investigation, Ms. Robles was located on September 30, 2026. *Id*. Ms. Robles unequivocally stated that she and Ernie were experiencing marital troubles at the time of his death, but they were still working on their marriage for the sake of Elysse. Ex. C to Bitner Decl. Ms. Robles further reported that Elysse is undoubtedly the decedent's child, and she provided countless pictures and letters in support of her assertion. Exs. D-H to Bitner Decl. Additionally, both Ms. Robles and Elysse recently signed declarations expressing their desire to be joined as Plaintiffs to the lawsuit. Exs. I-J to Bitner Decl; Ex. K to Declaration of Yesenia Guerrero. As of the filing of the instant motion, Ms. Robles and Elysse have begun the process of initiating DNA testing to prove that Elysse is Ernie's biological daughter. Ex. L to Bitner Decl.

It is abundantly clear that Plaintiff does not have a superior right over Ms. Robles and Elysse to pursue the first cause of action. Accordingly, dismissal of Plaintiff's excessive force claim is warranted for want of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3). Alternatively, Ms. Robles and Elysse must be enjoined to this matter under Fed. R. Civ. P. 19(a) to ensure complete relief between the existing parties, protect the interests of the absent parties, and avoid double obligations by Defendants.

## III. <u>ARGUMENT</u>

### A. <u>Newly discovered evidence demonstrates that Plaintiff lacks successor in interest standing.</u>

In California, a successor in interest may pursue an excessive force survival

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

action if the party asserting the claim can establish they have legal standing to do so on behalf of the decedent. *See, e.g., Moreland v. Las Vegas Metropolitan Police Dept.*, 159 F.3d 365, 369 (9th Cir. 1998); *Hayes v. County of San Diego*, 736 F.3d 1223, 1228-29 (9th Cir. 2013); Cal. Civ. Proc. Code §§ 377.20, 377.30. When a decedent dies intestate, the proper successor in interest is the beneficiary of the decedent's estate pursuant to sections 6401 and 6402 of the Probate Code. Cal. Civ. Proc. Code § 377.10(b).

In this Court's adoption of the Magistrate Judge's Report & Recommendation denying Defendants' Motion for Summary Judgment, the Court noted that there were triable issues of fact regarding the characterization of the decedent's Fourth Amendment claim and whether he had surviving issue, i.e. children. Dkt. 160. Specifically, the Court noted that there are genuine disputes as to whether Elysse was sufficiently received into Ernie's home, and whether Ernie held Elysse out as his daughter as required by section 7611(d) of the Family Code. *Id*.

Since the Court's order, newly discovered evidence, in addition to the evidence submitted in Defendants' Motion for Summary Judgment, conclusively demonstrates that Elysse was received into the decedent's home, and he held her out as his daughter. Numerous photographs of Elysse and the decedent, including Ernie holding Elysse at the hospital when she was born, and Elysse wearing a "Daddy's Little Girl" shirt with a picture of the decedent at his funeral, resolve any doubts that Ernie held Elysse out as his child. Exs. D, F-G to Bitner Decl. Likewise, Plaintiff acknowledged Elysse as his granddaughter as demonstrated by a letter he wrote to her while incarcerated at Pelican Bay. Ex. H to Bitner Decl.; Ex. K to Declaration of Yesenia Guerrero.

Not only was Elysse the decedent's putative child, she is actively taking steps to demonstrate that she is Ernie's biological daughter. As of the filing of this motion, Elysse's mother, as Ernie's next of kin, has requested that the Riverside County Coroner release Ernie's specimen to a DNA lab to compare his genetic markers with Elysse's. Ex. K to Bitner Decl.

While issues exist whether the decedent's Fourth Amendment claim is separate

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

or community property, it is irrefutable that Plaintiff is not a proper successor in interest in either scenario. If the claim is separate property, Elysse is the only successor in interest, as the evidence shows that at a minimum, she is Plaintiff's putative daughter. If the claim is community property, the successors in interest are Elysse and Ms. Robles, again eliminating Plaintiff's ability to pursue this claim on behalf of the decedent.

### B. <u>This Court, and not the jury, should determine the absence or existence of subject matter jurisdiction.</u>

When the issue of jurisdiction is not dependent upon resolution of the factual issues, the trial court may evaluate extrinsic evidence and resolve for itself a factual challenge to subject matter jurisdiction. *Edmonson v. LCW Automotive Corp.*, 2007 WL 101300058, at *3 (C.D. Cal. Sept. 17, 2007) (citing *Augustine v. U.S.*, 704 F.2d 1074, 1077 (9th Cir. 1983)). This Court further noted that the mere existence of disputed material facts does not preclude the trial court from deciding jurisdiction. *Edmonson, supra*, at *3.

Here, the jurisdictional and factual issues are not intertwined. The merits of the case boil down to whether Defendants used excessive force against the decedent on March 18, 2018. Thus, the officers' use of force is separate and distinct from whether Elysse is the decedent's child such that Plaintiff lacks standing to pursue a Fourth Amendment survival claim.

In denying Defendants' Motion for Summary Judgment, the Magistrate Judge relied on Plaintiff's deposition testimony indicating that Elysse was not held out as Ernie's child. Dkt. 133 at 4:15-5:3, 16:5-17:11. This testimony is now negated by Plaintiff's letter to Elysse showing that he held Elysse out as his grandchild, and by extension, Ernie held her out as his issue. Exs. H, K. Furthermore, the evidentiary record – photographs, letters, declarations – overwhelmingly indicate that Plaintiff has no standing to pursue his claim. While Plaintiff may dispute these claims, his disagreement is not a basis to deny Defendants' motion.

Defendants acknowledge and are sympathetic to the timing of this motion near the eve of trial. Yet the statute makes clear that a plaintiff's lack of Article III standing

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

can be raised at any time. Fed. R. Civ. P. 12(b)(1), 12(h)(3); *see also In re Apple iPhone Antitrust Litigation*, 846 F.3d 313, 319 (9th Cir. 2017). Indeed, the instant motion was filed as soon as reasonably practicable, and Defendants assure the Court that the belated filing was not for purposes of delaying trial. In fact, Defendants are prepared to proceed to trial on Plaintiff's second cause of action even if the first claim is dismissed. Bifurcation is reasonable under these circumstances, as Plaintiff's loss of companionship is not a derivative claim; thus, the merits of the second cause of action can be determined without adjudicating excessive force. *Ochoa v. City of Mesa*, 26 F.4th 1050 (9th Cir. 2022).

For the reasons explained above, Plaintiff's lack of statutory standing prevents this Court from exercising subject matter jurisdiction. Accordingly, Defendants respectfully request that this Court dismiss Plaintiff's first cause of action.

**C. <u>The decedent's successors in interest are required parties to the suit.</u>**

If the Court is not inclined to dismiss the excessive force cause of action Ms. Robles and Elysse must be joined as Plaintiffs to this action pursuant to Fed. R. Civ. P. 19(a).

Like motions to dismiss under Rules 12(b)(1) and 12(h)(3), a motion to join an indispensable party under Rule 19(a) can be made at any time, even for the first time on appeal. *UOP v. U.S.*, 99 F.3d 344, 347 (9th Cir. 1996) (citing *CP Nat. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 911 (9th Cir. 1991)).

Throughout the pendency of this litigation, it has remained undisputed that Ernie Saldivar was married at the time of his death. The disagreement centers on two important issues that can only be resolved by way of joinder: (1) whether Ernie and Xochilt were separated at the time of his death; and (2) whether Elysse is Ernie's daughter. Resolution of both issues is necessary to ensure this Court has subject-matter jurisdiction to proceed any further.

Rule 19(a) of the Federal Rules of Civil Procedure Civil mandates joinder of parties, if feasible, when at least one of three conditions are met. Fed. R. Civ. P. 19.

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

First, joinder is necessary if complete relief cannot be afforded in the party's absence. Alternatively, joinder is required when the absent party has a legally cognizable interest in the action such that their absence will impair or impede their ability to protect the interest. Finally, if a party's absence will subject an existing party to substantial risk of incurring double, multiple, or otherwise inconsistent obligations, joinder is required. *Id*.

As a preliminary matter, joinder is feasible. Both Ms. Robles and Elysse are subject to service of process under Rule 4 of the Federal Rules of Civil Procedure and California Code of Civil Procedure § 416.60, and their declarations indicating a willingness to join the action infer as much. Further, their joinder in this matter will not deprive the Court of subject matter jurisdiction over anyone other than Plaintiff, which is the very essence of this motion.

Complete relief, as defined by this Circuit, cannot be attained in Ms. Robles and Elysse's absence. *See Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir. 2013) (defining "completeness" as a meaningful resolution of the contested issues to ensure absolute relief and preclude multiple lawsuits on the same causes of action.) Since the outset of this lawsuit, Defendants have asserted that Plaintiff is not the proper successor in interest, and therefore lacks standing to pursue the decedent's Fourth Amendment claim. Consequently, a judgment rendered in Plaintiff's favor impacts Elysse's ability to assert the same cause of action against Defendants once she reaches adulthood. Both Elysse and her mother contend that Ernie was her father. Yet Elysse's rights will not mature for another four years, and the statute of limitations against her will not expire until the year 2032 when she turns 20 years old. If Elysse later demonstrates that Ernie was her biological or putative father, it will be long after the conclusion of the instant lawsuit, placing Defendants at substantial risk of continuing to defend this lawsuit nearly 15 years after Ernie's death. Further, a judgment rendered in Elysse's absence and in favor of her grandfather robs her of the opportunity to protect her interests now.

Although the statute of limitations has expired as to Ms. Robles, she remains a requisite party to the action, as her presence will determine the characterization of

Ernie's Fourth Amendment claim; specifically, whether it is community or separate property. Thus, while Ms. Robles cannot financially benefit from this lawsuit, she is needed for the sole purpose of facilitating relief between the parties; namely, what amount, if any, Plaintiff can be awarded. *See E.E.O.C. v. Peabody Western Coal Co.*, 400 F.3d 774, 781 (9th Cir. 2005).

Lastly, joining Ms. Robles and Elysse to the lawsuit promotes judicial economy and does not prejudice Plaintiff. Defendants understand that trial is two months away, and are willing to engage in expedited briefing to resolve this matter as soon as possible. Should the Court wish to conduct limited jurisdictional discovery, or inquire of Elysse and Ms. Robles' desire to join the action, Defendants will make all efforts to have them promptly appear before the Court. Finally, Defendants submit that the Court can immediately determine Plaintiff's lack of standing, and bifurcate the causes of action to proceed as scheduled with Plaintiff's Loss of Companionship claim.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant its Motion to Dismiss the first cause of action, or alternatively, enjoin Xochilt Robles and Elysse Robles to the instant action.

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants ABEL SORIA and EVAN WRIGHT, certifies that this brief contains 2310 words, which complies with the word limit of L.R. 11-6.2.

DATED: October 27, 2026

OFFICE OF THE CITY ATTORNEY

By: ______________________________

AISHA C. NOVASKY
Attorneys for Defendants ABEL SORIA and EVAN WRIGHT