# "Exhibit A"

PHAEDRA A. NORTON, City Attorney, SBN 200271
REBECCA L. MCKEE-REIMBOLD, Assistant City Attorney, SBN 289485
DEBRA K. COOK, Deputy City Attorney, SBN 250114
CECILIA ROJAS, Deputy City Attorney, SBN 340468
JUDITH L. GALLARDO, Deputy City Attorney, SBN 297688
**OFFICE OF THE CITY ATTORNEY – CITY OF RIVERSIDE**
3750 University Avenue, Suite 250
Riverside, California 92501
Telephone (951) 826-5567
Facsimile (951) 826-5540

Attorneys for Defendants
EVAN WRIGHT, an individual, and ABEL SORIA, an individual

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC H. SALDIVAR,<br><br>Plaintiff,<br><br>v.<br><br>POLICE OFFICERS EVAN WRIGHT, ABEL SORIA, et al.<br><br>Defendant(s). | CASE NO. 2:20-cv-02081-CAS-PD<br><br>**DEFENDANT CITY OF RIVERSIDE'S AMENDED NOTICE OF DEPOSITION OF THIRD-PARTY WITNESS XOCHILT VANESSA ROBLES (AKA XOCHILT VANESSA SALDIVAR)**<br><br>**Date: December 7, 2023**<br>**Time: 1:00 p.m.**<br>**Location: City Attorney's Office 3750 University Ave., Suite 250 Riverside, California 92501** |

**TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:**

**PLEASE TAKE NOTICE** that pursuant to the Federal Rules of Civil Procedure, Rule 30 of the Federal Rules of Civil Procedure, Defendant CITY OF RIVERSIDE ("City"), by and through its attorneys of record, will take the **IN PERSON** deposition of third-party witness XOCHILT VANESSA ROBLES (AKA XOCHILT VANESSA SALDIVAR) ("Deponent") on December 7, 2023, at 1:00 p.m., at the Riverside City Attorneys' Office located at 3750

University Street, Suite 250, Riverside, CA 92501. The deposition will continue from day to day thereafter until completed, in the presence of an officer authorized to administer oaths and will be recorded stenographically and through the use of audio and/or video recordings. The deposition will be taken for the purposes of discovery, for use at trial in this matter, and for any other purpose permitted under the Federal Rules of Civil Procedure and Federal Rules of Evidence. The City reserves the right to use any transcript of the proceedings at trial and to use the video of the deposition at trial.

**VIRTUAL AVAILABILITY OF DEPOSITION ATTENDANCE:** The deposition will occur IN PERSON, but there will be a remote videoconference service available for attorneys who wish to appear remotely. The City's attorney elects that she will be present with the deposition officer at the time of the deposition. If requested, a link to the videoconference service will be provided prior to the deposition.

**NOTICE IS FURTHER GIVEN** that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Deponent is requested to produce all the documents and things listed below. The following definitions are used throughout and apply to the document requests:

**DEFINITIONS**

1. YOU" or "YOUR" shall mean Xochilt Vanessa Robles or Xochilt Vanessa Saldivar , any present and former agents, investigators, consultants, advisors, accountants, and attorneys, and all other persons or entities acting on behalf of Xochilt Vanessa Robles or Xochilt Vanessa Saldivar.

2. "DECEDENT" shall mean Ernie Saldivar, Date of Birth August 6, 1986.

3. "INCIDENT" shall mean the incident that occurred on or about March 8, 2018, at or around 9931 Willowbrook Street, Jurupa Valley, in the County of Riverside, California that is the basis of Plaintiff's Complaint for Damages in this action.

4. "DOCUMENT" or "DOCUMENTS" shall be defined to the broadest extent permitted by Federal Rule of Civil Procedure 34, and include, wherever applicable and without limitation, any recordation of any intelligence or information or communication, whether handwritten, typed, printed, electronically created or stored, or otherwise reproduced, whether in

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CA 92501
(951) 826-5567

"hard-copy" form or digital or electronic form, further including without limitation, photographs, letters, correspondence, memoranda, routing slips, telegrams, notes, statements, publications, brochures, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, specifications, bills of material, blueprints, books, pamphlets, circulars, manuals, instructions, ledgers, journals, invoices, shipping papers, purchase orders, drawings (including engineering, assembly, and detail drawings), sketches, diaries, sales literature, advertising literature, press releases, paste ups, agreements, minutes of meetings, magnetic tape, disk or wire, other machine reproducible records including read only memories (ROMS), films, videotapes and sound reproductions, printout sheets, summaries, transcripts or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, revisions, translations to or from foreign languages, copies and/or mechanical or photographic reproductions or recordations thereof or any other form of "writing" as defined in Federal Rule of Evidence 1001. The term DOCUMENT or DOCUMENTS also includes all non-identical copies, such as those bearing marginal comments, postscripts, changes, amendments, addenda or other notations not present on the original document as initially written, typed or otherwise prepared.

5. “COMMUNICATIONS” refers to every manner of disclosure, transfer, or exchange of information, whether person to person, in a group, orally, in writing, by telephone, by electronic transmission, or otherwise, including letter or other correspondence, electronic mail, telephone message, memorandum or telegram.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST TO PRODUCE NO. 1:**

All DOCUMENTS evidencing YOUR marriage to Ernie Saldivar, including but not limited to a copy of YOUR marriage certificate to Ernie Saldivar.

**REQUEST TO PRODUCE NO. 2:**

Any DOCUMENTS that establish where you resided at the time of the INCIDENT on or about March 8, 2018 (including but not limited to rental agreements, lease agreements, Mortgage Note, utility bills etc.)

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CA 92501
(951) 826-5567

**REQUEST TO PRODUCE NO. 3:**

All COMMUNICATIONS with DECEDENT between March 8, 2017 through March 8, 2018 (including but not limited to emails, text messages, social media posts, etc).

**REQUEST TO PRODUCE NO. 4:**

All DOCUMENTS evidencing DECEDENT's biological child(ren) (including but not limited to birth certificates or paternity/child support legal actions.)

DATED: November 7, 2023

OFFICE OF THE CITY ATTORNEY

By: /s/ *Rebecca McKee-Reimbold*
REBECCA McKEE-REIMBOLD
CITY OF RIVERSIDE and EVAN WRIGHT

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CA 92501
(951) 826-5567

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| ERIC H. SALDIVAR<br>*Plaintiff*<br>v.<br>CITY OF RIVERSIDE; EVAN WRIGHT; and DOES 1 through 10, inclusive<br>*Defendant* | ) | Civil Action No. 2:20-cv-02081-CAS-PD |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: XOCHILT VANESSA ROBLES (AKA XOCHILT VANESSA SALDIVAR), 1264 Huff St San Bernardino, CA 92410-2716

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Office of the City Attorney<br>City of Riverside<br>3750 University Ave, Suite 250, Riverside, CA 92501 | Date and Time:<br>12/07/2023 at 1:00 p.m. |
|---|---|

The deposition will be recorded by this method: Stenographically & use of audio and/or video recordings

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/07/2023

*CLERK OF COURT*

OR */s/ Rebecca McKee-Reimbold*

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* City of Riverside & Evan Wright, who issues or requests this subpoena, are:

Rebecca McKee-Reimbold, rmckee-reimbold@riversideca.gov; (951) 826-5603

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:20-cv-02081-CAS-PD

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❐ I served the subpoena by delivering a copy to the named individual as follows: ______________________
______________________________________ on *(date)* ____________ ; or

❐ I returned the subpoena unexecuted because: ______________________
______________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ____________ .

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# CERTIFICATE OF SERVICE

Case Name: **Eric H. Saldivar v. Evan Wright, et al.** No. **2-20-cv-02081-CAS(PD)**

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Riverside, State of California, and not a party to the above-entitled cause. On November 7, 2023, I electronically served the following documents:

**DEFENDANT CITY OF RIVERSIDE'S AMENDED NOTICE OF DEPOSITION OF THIRD-PARTY WITNESS XOCHILT VANESSA ROBLES (AKA XOCHILT VANESSA SALDIVAR)**

| | |
|---|---|
| Michel F. Mills, Esq.<br>THE LAW OFFICES OF MICHAEL F. MILLS<br>155 N. Riverview Drive, Suite 208<br>Anaheim Hills, CA 92808<br>Tel: (714) 769-9051<br>Fax: (714) 685-1500<br>**Cell: (949) 573-2876**<br>Michel@mfmillslaw.com | *Attorney for Plaintiff,* ***ERIC H. SALDIVAR*** |

( X ) VIA ELECTRONIC SERVICE– I served the above-entitled document by electronic transmission or electronic notification from e-mail address dzolman@riversideca.gov to the persons at the e-mail addresses listed above pursuant to Code of Civ. Proc. § 1010.6. No error message was received within a reasonable period of time after the transmission, nor any electronic message or other indication that the transmission/notification was unsuccessful.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 7, 2023, at Riverside, California.

______________________________
Dorothy C. Zolman