JAMES JOHNSON, City Attorney, SBN 234962
REBECCA L. MCKEE-REIMBOLD, Asst. City Attorney, SBN 279485
NADIN S. SAID, Senior Deputy City Attorney, SBN 309802
AISHA C. NOVASKY, Deputy City Attorney, SBN 328120
**OFFICE OF THE CITY ATTORNEY – City of Riverside**
3750 University Avenue, Suite 250
Riverside, California 92501
Telephone: (951) 826-5567
Facsimile: (951) 826-5540
orange@riversideca.gov

Attorneys for Defendants ABEL SORIA and EVAN WRIGHT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC HENRY SALDIVAR, SR.<br><br>Plaintiff,<br><br>v.<br><br>RIVERSIDE POLICE DEPARTMENT, ET AL.<br><br>Defendants. | **CASE NO.: 2:20-cv-02081-CAS-PDx**<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 1: EXCLUDE THEORY OF UNLAWFUL ENTRY INTO THE HOME**<br><br>Operative Complaint Filed: 03/23/2022<br>Pretrial Conference: 12/07/2026<br>Trial Date: 01/10/2027 |

**TO THE COURT, ALL PARTIES, AND ALL COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on December 7, 2026, at 11:00 a.m., or as soon thereafter as counsel may be heard, Defendants ABEL SORIA and EVAN WRIGHT (hereinafter "Defendants") will and hereby do move this Court for an order excluding Plaintiff's reference to and argument of the absence of a search warrant to enter the home where Decedent Ernie Saldivar was found. Plaintiff should be prohibited from introducing evidence of this, eliciting testimony on, or referring to these matters as they are irrelevant and therefore inadmissible pursuant to Rule 402 of the Federal Rules of Evidence. Moreover, Federal Rules of Evidence Rule 403 mandates exclusion of this fact, as any alleged probative value of such evidence is substantially outweighed by its

unfairly prejudicial effect and likelihood of confusing and misleading the trier of fact.

This Motion is based on this Notice of Motion and the concurrently filed Memorandum of Points and Authorities, the declarations and exhibits annexed hereto, the papers and pleadings on file in this proceeding, and any and all arguments and evidence that may be presented to or considered by the Court prior to its ruling.

DATED: November 9, 2026

OFFICE OF THE CITY ATTORNEY

By: ______________________

AISHA C. NOVASKY
Attorneys for Defendants ABEL SORIA and EVAN WRIGHT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On March 18, 2018, Defendants were notified by a confidential informant that Ernie Saldivar was hiding out at his cousin's home in Jurupa Valley. Exs. A-B. Knowing that the decedent was armed, dangerous, in violation of parole, and wanted for shooting at his wife, Defendants watched Ernie's movements in and around the open garage before moving in to arrest him pursuant to a warrant. Exs. A-C. Instead of surrendering, Ernie retreated into the home, and his dangerous movements – including attempts to shoot Defendants with a gun in his shorts – led to his death. Ex. A-B.

Plaintiff Eric Saldivar now seeks to introduce irrelevant and inflammatory evidence that Defendants' conduct was unlawful because they did not have a warrant to enter the home. Dkt. 53 at 8:24, 12:27, 13:2; Dkt 121 at 1:4-5, 3:15-17, 3:19-20. His argument ignores well-established case law that authorizes law enforcement to make warrantless entries into a dwelling when officers have an arrest warrant and probable cause of evidence in the home. Moreover, the Supreme Court has authorized law enforcement officials to enter "public places" such as an open garage when the area is exposed to public view such that there is no expectation of privacy, and continue their entry into the home when in hot pursuit of a suspect. *U.S. v. Santana*, 427 U.S. 38 (1976). Since Defendants' entry into the garage and into the home was lawful, reference to a search warrant must be excluded for lack of relevance, prejudice, and the substantial risk of confusion to the jury.

## II. ARGUMENT

### A. Evidence that Defendants entered the home without a warrant is irrelevant and inadmissible.

Rule 402 of the Federal Rules of Evidence is quite simple: "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is relevant only if it tends "to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Whether Defendants had a

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

search warrant is not a fact of consequence to the claims or defenses in this case because they did not need one as a matter of law.

**1. There was no violation of the decedent's Fourth Amendment rights because Defendants had a warrant for his arrest and probable cause of his whereabouts.**

Plaintiff argues that Defendants' conduct violated Decedent's Fourth Amendment rights because the officers did not have a search warrant to enter the home where Ernie was found. This argument is irrelevant to whether the force deployed was necessary, as Defendants had a warrant for Ernie's arrest and a reasonable belief that he was at the home, thereby authorizing entry into the premises.

In *U.S. v. Underwood*, 717 F.2d 482 (9th Cir. 1983), the Ninth Circuit held that the combination of an arrest warrant plus reason to believe a suspect is present at a particular abode authorizes law enforcement to enter a home without obtaining a separate search warrant. *U.S. v. Underwood*, 717 F.2d 482, 483 (9th Cir. 1983) citing *Payton v. New York*, 445 U.S. 573, 603 (1980). The Circuit later elaborated on the definition of "reason to believe," equating the standards found in *Underwood* and *Payton* with the reasonableness standard inherent in probable cause. *U.S. v. Gorman*, 314 F.3d 1105 (9th Cir. 2002). Thus, if there is a fair probability that evidence – or in this case a suspect – is in an abode, officers are justified to enter the premises without a search warrant.

It is undisputed that Defendants had a warrant for the decedent's arrest. Ex. C. At issue is whether, based on the totality of the circumstances, the officers had probable cause to believe Ernie was at the home in Jurupa Valley where Defendants attempted to effectuate his arrest.

*Gorman* is analogous to the case at hand, except for one important distinction. Here, as in *Gorman*, the officers were made aware of the suspect's location. *Gorman* at 1107; Exs. A-B. Similarly, the officers in both cases maintained surveillance on premises prior to descending upon the home. *Gorman* at 1107; Exs. A-B. Yet in

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

*Gorman*, the officers never observed the suspect going in or out of the home during their period of surveillance; they did not see him until they knocked on the front door and entered the home to effectuate the arrest. *Gorman* at 1107-1108. In contrast, multiple officers, including Defendants, watched Ernie while he was inside of an open garage, allegedly watching the sunset. Exs. A-B; Dkt. 121 at 1:3-4.

Defendants had more than probable cause to believe Ernie was at the home in Jurupa Valley; they had conclusive proof of his whereabouts since he was in the officers' plain view. Thus, a search warrant to enter the garage was unnecessary as a matter of law, and Plaintiff should be prohibited from raising this baseless and irrelevant assertion to the jury.

**2. Decedent could not thwart a proper arrest by retreating from the open garage into the home.**

Defendants' entry into the home without a search warrant was further justified because they sought to arrest Ernie in a public place, and his retreat into the home gave rise to a hot pursuit. Consequently, the decedent's location and subsequent conduct removed any protections guaranteed to him by the Fourth Amendment. Ernie Saldivar is akin to the plaintiff in *Santana*. In that case, the officers observed the suspect standing in the doorway of her home, and as they approached her, she retreated into the vestibule of her house. In reversing the appellate court's decision, the Court noted two important points that are applicable here: (1) standing in an area of the home exposed to the public negates any expectation of privacy; and (2) retreating into an abode cannot thwart an otherwise lawful arrest. *Santana* at 42.

Ernie had no expectation of privacy when he was hanging out in the garage with the door open to the public, and retreating into the home upon seeing the defendants did not suddenly give him the ability to avoid arrest. Further, the defendants hot pursuit of Ernie was necessary, as his conduct of retreating into the home while simultaneously trying to shoot at the officers compromised their safety as well as the safety of the other household occupants. Thus, Defendants' lack of a search warrant is irrelevant as 50

years of clearly established law justified their conduct.

Plaintiff's allegations of Defendants' lack of a search warrant has no bearing on the issues at hand. At trial, the jury will decide whether Defendants' use of force was justified in light of the circumstances. Their determination of this issue does not necessitate introducing evidence that Defendants did not have a search warrant, because as a matter of law, they did not need one. Since the absence of a search warrant is entirely unconnected to the issues at hand, any mention of this require exclusion for lack of relevance under FRE 402.

**3. <u>Plaintiff lacks standing to assert the homeowners' privacy rights were invaded.</u>**

To the extent Plaintiff contends the lack of a search warrant violated Ernie's Fourth Amendment rights to have his property searched, Plaintiff has no standing to make this claim, as Ernie was not found in his own home. Thus, the only persons who can assert a violation of the right to search property are the homeowners and cannot be asserted vicariously by the person named in the arrest warrant. *Underwood*, 717 F.2d 482, 484 (9th Cir. 1983) (finding that the right of a third party not named in an arrest warrant may not be invaded without a search warrant); see also *Steagald v. United States,* 451 U.S. 204, 218-219 (1981) ("Fourth Amendment [rights] are personal in nature, and cannot bestow vicarious protection on those who do not have a reasonable expectation of privacy in the place to be searched.")

Here, the decedent would not have standing to make an unlawful entry argument, as he was named in the arrest warrant and the home where he was found is not his. Further, any search of the home would fall under at least two exceptions to the warrant requirement and thereby negate any argument that a warrant was necessary: (1) a search incident to Ernie's arrest; and (2) a protective sweep of the premises. Therefore, this argument is irrelevant to the issues at hand and should be excluded.

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

**B. <u>The proffered evidence is unfairly prejudicial to Defendants and will confuse and stray the jurors from the material issues.</u>**

Assuming, *arguendo*, this Court finds that the proffered evidence is relevant, the instant motion should still be granted pursuant to FRE 403. The broad contours of Rule 403 permit the exclusion of relevant evidence when its probative value is substantially outweighed by unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403. "Unfair prejudice… means 'an undue tendency to suggest decision on an improper basis, commonly… an emotional one.'" *U.S. v. Blackstone*, 56 F.3d 1143, 1146 (9th Cir. 1995). Highly charged public issues can be particularly prejudicial and warrant exclusion. *Id.*

The absence of a search warrant will do nothing more than divert the jury's attention away from the material issues of this case and lure them into considering an inconsequential fact. As described in great detail above, the lack of a search warrant has no bearing on the merits of this case. Surely, the introduction of this fact allows juror to subconsciously consider the connection between a search warrant and the use of force, thereby creating a mini-trial on the issue of whether a search warrant was necessary (which it was not). Reference to a search warrant will certainly mislead and confuse the jury on a hot topic issue, and Defendants would be forced to rebut a fact that has no correlation to the issues presented.

**III. <u>CONCLUSION</u>**

For the foregoing reasons, Defendants respectfully request that this Court issue an order precluding Plaintiff from introducing the evidence, testimony and/or argument set forth herein.

DATED: November 9, 2026 OFFICE OF THE CITY ATTORNEY

By:

______________________________

AISHA C. NOVASKY
Attorneys for Defendants

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567