JAMES JOHNSON, City Attorney, SBN 234962
REBECCA L. MCKEE-REIMBOLD, Asst. City Attorney, SBN 279485
NADIN S. SAID, Senior Deputy City Attorney, SBN 309802
AISHA C. NOVASKY, Deputy City Attorney, SBN 328120
**OFFICE OF THE CITY ATTORNEY – City of Riverside**
3750 University Avenue, Suite 250
Riverside, California 92501
Telephone: (951) 826-5567
Facsimile: (951) 826-5540
orange@riversideca.gov

Attorneys for Defendants ABEL SORIA and EVAN WRIGHT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC HENRY SALDIVAR, SR.<br>Plaintiff,<br>v.<br>RIVERSIDE POLICE DEPARTMENT, ET AL.<br>Defendants. | **CASE NO.: 2:20-cv-02081-CAS-PDx**<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 2: EXCLUDE ANY UNSUBSTANTIATED THEORY OF THE HIPOINT GUN THAT DECEDENT HAD IN HIS POCKET WAS PLANTED BY THE POLICE**<br><br>Operative Complaint Filed: 03/23/2022<br>Pretrial Conference: 12/07/2026<br>Trial Date: 01/10/2027 |

**TO THE COURT, ALL PARTIES, AND ALL COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on December 7, 2026, at 11:00 a.m., or as soon thereafter as counsel may be heard, Defendants ABEL SORIA and EVAN WRIGHT (hereinafter "Defendants") will and hereby do move this Court for an order excluding allegations of unsupported evidence before the jury the following subject matter, items, and/or exhibits: The theory that the HI Point handgun found in decedent's right front pocket was planted by the police.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that prior to the trial of this matter, Defendant EVAN WRIGHT and ABEL SORIA, will and hereby moves this Court *in limine*, for an order excluding allegations of unsupported evidence before the jury the following subject matter, items, and/or exhibits:

1. The theory that the HI Point handgun found in decedent's right front pocket was planted by the police.

This motion is made pursuant to Fed. R. Evid. 401 et seq. on the grounds that testimony, evidence, or argument regarding the issues identified above would be irrelevant, prejudicial, unduly consume time, and confuse the issues in this matter.

This motion is based on the attached memorandum of points and authorities, all pleadings, records, and files in this action, and upon such further oral and documentary evidence as may be presented at the hearing on this motion.

**NOTICE OF MEET-AND-CONFER PER TO LOCAL RULES.**

On November 3, 2026, counsel for the parties met-and-conferred in an extensive telephonic meeting with counsel to discuss the substance of the instant motion – and in a good-faith attempt to resolve any potential dispute regarding the subject of the instant motion. However, the parties were unable to resolve any of the issues of the instant motion by stipulation or otherwise, and Defendants thus were forced to proceed with the instant motion.

DATED: November 9, 2026 OFFICE OF THE CITY ATTORNEY

By: /s/ Nadin S. Said
NADIN S. SAID
Attorney for Defendants
EVAN WRIGHT and ABEL SORIA

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CA 92501
(951) 826-5567

## 1. INTRODUCTION AND SUMMARY OF THE ARGUMENT

Defendants respectfully request that the honorable Court exclude from evidence and bar from all reference or argument before the jury at trial or other proceedings allegations by the plaintiffs that are unsupported by the evidence. Defendants request to exclude the following: The gun found on decedent, inside his right pocket, was somehow planted by the defendants and/or Riverside Police Department officers.

This unsupported theory is not based on any fact. It is anticipated that Plaintiff will support this unfounded theory by claiming Samuel Romo (another convicted felon who was in the garage with the decedent at the moment of the shooting) and Lisa Castillo, the other witness was inside the garage at the moment of the shooting, did not see any "bulgy" object in decedent's shorts that day of March 8, 2018. This observation, assuming it was true, would not lead to the unsupported conclusion that decedent did not have a gun, and that RPD instead planted a gun on him. The evidence to the contrary though, clearly shows decedent was armed at the time of the shooting, and ready to kill. Decedent was convicted multiple times of unlawful possession of a firearm, and for violating his parole by shooting a handgun at his wife, Xochilt. This shooting was investigated by an outside agency who did not determine the gun was planted by Defendants. There is absolutely no evidence to support this unsubstantiated theory that a gun was planted by the police. It is too prejudicial to even allude to, for the reasons discussed below.

## 2. PROCEDURAL BACKGROUND

The plaintiff originally filed his lawsuit in *pro se*. His Fourth Amended Complaint, which is the operative complaint, was filed after he retained an attorney, Michel Mills, while in prison, who now represents him. Plaintiff was not there at the time of the incident that occurred on March 8, 2018, and did not personally witness the

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CA 92501
(951) 826-5567

shooting of his son. Any information he has is limited to the investigation, and the witness statements.

### 3. <u>LEGAL ARGUMENT SUPPORTING EXCLUSION OF THIS THEORY</u>

#### A. ASSERTING THAT DEFENDANTS UNLAWFULLY PLANTED A GUN IS UNDULY PREJUDICIAL, WILL CONFUSE ISSUES IN THIS MATTER, AND WILL UNDULY CONSUME TIME AND UNDULY PREJUDICE DEFENDANTS.

As discovery has shown, these allegations have not been demonstrated by the evidence and must be excluded. Any attempts by the plaintiffs to have the jury hear unsupported evidence will be confusing, speculative and lacking foundation. FRE 402. Evidence which is not relevant is not admissible. Fed. Rule Evid. 402. Relevant evidence is “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” Fed. Rule Evid. 401; *United States v. Boulware,* 384 F.3d 794,805 (9th Cir. 2004) (evidence must tend to prove a fact in issue). Only factual and legal issues raised by the pleadings are at issue at trial. Even relevant evidence may be excluded where its probative value is substantially outweighed by risks of unfair prejudice, confusion of issues, or waste of time. Fed. Rule Evid. 403; *Obrey v. Johnson,* 400 F.3d 691, 698 (9th Cir. 2005).

Evidence is unfairly prejudicial when it “tends to suggest a decision on an improper basis” or is likely to “inflame the passions” of a jury against the party against whom it is offered. *United States v. Layton,* 767 F.2d 549, 556 (9th Cir. 1985); *United States v. Winkle,* 477 F.3d 407, 417 (6th Cir. 2007).

Evidence that “may confuse the issues” or “mislead the jury” may be excluded under Rule 403. *In re Hanford Nuclear Reservation Litig.,* 534 F. 3d 986, 1016 (9th Cir. 2008). Evidence is “confusing” or “misleading” when its presentation would lead to litigation of collateral issues, “thereby creating a side issue that would distract

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CA 92501
(951) 826-5567

the jury from the main issues." *Duran v. City of Maywood,* 221 F.3d 1127, 1133 (9th Cir. 2000).

Evidence may also be excluded under Rule 403 when its presentation would be "unduly time consuming," meaning that its probative value is outweighed by the amount of time it will take to present the evidence. *In re Agent Orange Product Liab. Litig.,* 611 F. Supp. 1223, 1256 (E.D. NY 1985). Where detailed rebuttal testimony would be necessary to show lack of probative worth, exclusion of the evidence is appropriate.

Here, introduction of a "planted weapon" would only serve to confuse and mislead the jury. It would also inflame the jurors to find against the law enforcement defendants, thereby unduly prejudicing Defendants. Law enforcement is already at a disadvantage from the start of trial, and overly criticized by jurors. Here, to inflame the jury, it is anticipated that Plaintiff will argue that Samuel Romo and Lisa Castillo never saw a "bulgy" object in decedent's pockets before the shooting, and therefore that would imply RPD officers somehow planted it. That finding was never made by an outside investigation, Riverside Sheriff's Department. In fact, all the evidence pointed to decedent being armed and dangerous, and having a gun on him, which he did. Any conclusion that the gun was planted based on Castillo and Romo not having seeing a bulgy object in his pocket must be excluded, as the conclusion does not follow from the witness's testimony. It is too unduly prejudicial to even allude to as Plaintiff counsel may do.

///

///

///

///

///

///

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CA 92501
(951) 826-5567

**4. CONCLUSION**

For all of the foregoing reasons, defendants requests the Court issue an Order prohibiting plaintiffs from introducing allegations of unsupported evidence or argument regarding RPD planting a gun on decedent after shooting him on March 8, 2018.

DATED: November 9, 2026 OFFICE OF THE CITY ATTORNEY

By: _ */s/ Nadin S. Said*
NADIN S. SAID
Attorney for Defendants
EVAN WRIGHT and ABEL SORIA

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CA 92501
(951) 826-5567