JAMES JOHNSON, City Attorney, SBN 234962
REBECCA L. MCKEE-REIMBOLD, Asst. City Attorney, SBN 279485
NADIN S. SAID, Senior Deputy City Attorney, SBN 309802
AISHA C. NOVASKY, Deputy City Attorney, SBN 328120
**OFFICE OF THE CITY ATTORNEY – City of Riverside**
3750 University Avenue, Suite 250
Riverside, California 92501
Telephone: (951) 826-5567
Facsimile: (951) 826-5540
orange@riversideca.gov

Attorneys for Defendants ABEL SORIA and EVAN WRIGHT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC HENRY SALDIVAR, SR.<br>Plaintiff,<br>v.<br>RIVERSIDE POLICE DEPARTMENT, ET AL.<br>Defendants. | **CASE NO.: 2:20-cv-02081-CAS-PDx**<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 3: EXCLUDE EVIDENCE OF A CHILD'S PREMATURE BIRTH AND PROXIMITY TO THE INCIDENT**<br><br>Operative Complaint Filed: 03/23/2022<br>Pretrial Conference: 12/07/2026<br>Trial Date: 01/10/2027 |

**TO THE COURT, ALL PARTIES, AND ALL COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on December 7, 2026, at 11:00 a.m., or as soon thereafter as counsel may be heard, Defendants ABEL SORIA and EVAN WRIGHT (hereinafter "Defendants") will and hereby do move this Court for an order excluding Plaintiff's reference to and argument of one of the children's premature birth and proximity to a glass window that was struck by one of Defendants' bullets. Plaintiff should be prohibited from introducing evidence of this, eliciting testimony on, or referring to these matters as they are irrelevant and therefore inadmissible pursuant to Rule 402 of the Federal Rules of Evidence. Moreover, Federal Rules of Evidence Rule 403 mandates exclusion of this fact, as any alleged probative value of such evidence is

substantially outweighed by its unfairly prejudicial effect and likelihood of confusing and misleading the trier of fact.

This Motion is based on this Notice of Motion and the concurrently filed Memorandum of Points and Authorities, the declaration and exhibits annexed hereto, the papers and pleadings on file in this proceeding, and any and all arguments and evidence that may be presented to or considered by the Court prior to its ruling.

DATED: November 9, 2026

OFFICE OF THE CITY ATTORNEY

By:

______________________________

AISHA C. NOVASKY
Attorneys for Defendants ABEL SORIA and EVAN WRIGHT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Eric Saldivar is expected to enter evidence and elicit testimony that one of the children in the home was born prematurely and nearly died again the evening of the incident. Ex. A. Such evidence is irrelevant because none of these facts are consequential to any of the claims in this case and even if so, the probative value would be substantially outweighed by a severe danger of inflaming the passions of the jury. As such, Defendants respectfully requests that the Court preclude Plaintiff from presenting or eliciting testimony or other evidence related to any supposition that one of the children nearly died in the home on the night of the incident.

## II. ARGUMENT

### A. The child's near-death experiences are irrelevant and inadmissible.

Evidence is relevant only if it tends "to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. If the evidence is not relevant, it is not admissible. Fed. R. Evid. 402.

One of Plaintiff's witnesses, Stephanie Lucio, testified during her deposition that one of her minor children who was present at the time of the incident was born prematurely. Ex. A. This fact is inconsequential to the claims and defenses at issue; namely, whether the use of force used by Defendants was reasonable or excessive. Since this evidence is irrelevant to determining the merits of this case, exclusion is warranted.

### B. The sole purpose of the proffered evidence is to appeal to the jurors' sympathies and is therefore inadmissible under FRE 403.

In addition to the irrelevant nature of the aforementioned fact, the child's premature birth serves no other purpose but to rouse passions of the jury. This fact, combined with the child's purported second near death experience at the shooting, will

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

surely appeal to the emotions of the jurors and cause them to consider their emotions rather than the facts when weighing the issues. Thus, any admission of the child's near-death experiences must be excluded, as the probative value of these facts significantly outweigh the likelihood of undue prejudice to Defendants.

As a preliminary matter, one of the factors the jury will consider at trial is the circumstances known to the officers at the time of the incident, including the number of lives at risk and the parties' relative culpability. Manual Model of Jury Instructions, 9th Cir., § 9.27; *Williamson v. City of National City*, 23 F.4th 1146, 1153 (9th Cir. 2022). By eliciting testimony on the aforementioned facts, there is a substantial likelihood that these facts will be manipulated to demonstrate that the officers created the risk, which simply is not true.

*Scott v. Harris*, 550 U.S. 372 (2007) is instructive. There, the respondent was engaged in a high-speed chase with an officer, prompting the officer to terminate the chase by forcing the respondent off the road. Consequently, the respondent crashed and was rendered a quadriplegic; thereafter, he filed a § 1983 suit alleging excessive force by the officer resulting in unreasonable seizure under the Fourth Amendment. The Supreme Court weighed the risks on both sides – the respondent's actual and imminent threat to pedestrians and other motorists by speeding down a narrow two-lane road at night, and the officer's conduct of chasing the respondent off the road, placing the respondent at risk of serious injury or death. In finding that the seizure was reasonable, the Court noted that by ignoring commands to stop, the respondent placed the lives of innocent bystanders at risk; thus, the officer was reasonable in forcing the respondent off the road, even though it placed the respondent at risk of serious injury or death.

Similarly, the undisputed facts demonstrate that Ernie had been staying at the home prior to the shooting; thus, he was fully aware that six children were inside of the home when the police arrived. Yet instead of surrendering, Ernie responded recklessly by retreating into the home where the children were. Ernie's hasty movements, combined with his actions of aiming a gun at the officers, left Defendants no choice but

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

to shoot at him to save their own lives.

In contrast to what Ernie knew, the officers were completely unaware that children were in the home until after the shooting ended. They were not informed children lived at the home prior to their arrival that day. While surveilling the home, they did not see children coming in or out, nor was there any indicia that children lived there, such as toys, scooters, bicycles, etc. in the open garage or anywhere outside. Ex. B. Thus, if anyone created a risk to the children, it was Ernie, not Defendants. Despite this, any mention that a child was standing by a glass door that shattered because of one of the officer's shots will surely be misconstrued against Defendants and create an undue prejudice that cannot be undone.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court issue an order precluding Plaintiff from introducing the evidence, testimony and/or argument set forth herein.

DATED: November 9, 2026

OFFICE OF THE CITY ATTORNEY

By:

AISHA C. NOVASKY
Attornevs for Defendants

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567