JAMES JOHNSON, City Attorney, SBN 234962
REBECCA L. MCKEE-REIMBOLD, Asst. City Attorney, SBN 279485
NADIN S. SAID, Senior Deputy City Attorney, SBN 309802
AISHA C. NOVASKY, Deputy City Attorney, SBN 328120
**OFFICE OF THE CITY ATTORNEY – City of Riverside**
3750 University Avenue, Suite 250
Riverside, California 92501
Telephone: (951) 826-5567
Facsimile: (951) 826-5540
orange@riversideca.gov

Attorneys for Defendants ABEL SORIA and EVAN WRIGHT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC HENRY SALDIVAR, SR.<br><br>Plaintiff,<br><br>v.<br><br>RIVERSIDE POLICE DEPARTMENT, ET AL.<br><br>Defendants. | **CASE NO.: 2:20-cv-02081-CAS-PDx**<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 4: EXCLUDE EVIDENCE OF NON-INCIDENT PERSONNEL FILES/RECORDS INFORMATION OF DEFENDANTS, AND NON-INCIDENT USE OF FORCE BY DEFENDANTS**<br><br>Operative Complaint Filed: 03/23/2022<br>Pretrial Conference: 12/07/2026<br>Trial Date: 01/10/2027 |

**TO THE COURT, ALL PARTIES, AND ALL COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on December 7, 2026, at 11:00 a.m., or as soon thereafter as counsel may be heard, Defendants ABEL SORIA and EVAN WRIGHT (hereinafter "Defendants") will and hereby do move this Court for an order excluding from evidence and all reference before the jury the following subject matter, items, and/or exhibits:

(a) All non-incident personnel file records/information of Defendants; and

(b) All non-incident use of force concerning Defendants.

This Motion is made pursuant to Federal Rules of Evidence 401 and 402, upon the grounds that the admission of any evidence regarding the non-incident personnel file records/information, including any alleged prior use of force, involving Defendants, amount to inadmissible character evidence, and are immaterial and irrelevant to the issues to be decided. The admission of such evidence would thus result in undue prejudice to Defendants, confuse the issues, and mislead the jury.

This Motion is based upon this notice, the accompanying Memorandum of Points and Authorities, the pleadings and records on file, and any oral arguments this Court may allow.

**NOTICE OF MEET-AND-CONFER PER TO LOCAL RULES.**

On November 3, 2026, counsel for the parties met-and-conferred in an extensive telephonic meeting with counsel to discuss the substance of the instant motion – and in a good-faith attempt to resolve any potential dispute regarding the subject of the instant motion. However, the parties were unable to resolve any of the issues of the instant motion by stipulation or otherwise, and Defendants thus were forced to proceed with the instant motion.

DATED: November 9, 2026 OFFICE OF THE CITY ATTORNEY

By: */s/ Nadin S. Said*
NADIN S. SAID
Attorney for Defendants
EVAN WRIGHT and ABEL SORIA

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CA 92501
(951) 826-5567

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS

This case arises out of a fatal use of force shooting that occurred on March 8, 2018 in Jurupa Valley, California. The only issue before the Court is whether that shooting was justified under the law. Defendants anticipate Plaintiff will bring up other use of force incidents that were produced in discovery from Defendants' personnel files. Defendants seek to exclude this as it is irrelevant, inadmissible, and improper character evidence.

### II. THE EVIDENCE IS IRRELEVANT, AND IMPROPER CHARACTER EVIDENCE, MAKING IT INADMISSIBLE

Evidence which is not relevant is not admissible. Fed. Rule Evid. 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. Rule Evid. 401; *United States v. Boulware*, 384 F.3d 794, 805 (9th Cir. 2004) (evidence must have a tendency to prove a fact in issue). Only factual and legal issues raised by the pleadings are at issue at trial. In *Gates v. Rivera*, the Ninth Circuit held that an officer's testimony that he had not previously shot anyone is inadmissible because "[c]haracter evidence is normally not admissible in a civil rights case." 993 F.2d 697, 700 (9th Cir.1993); see also Fed. R. Evid. 404(a)(1) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."); Fed. R. Evid. 404 advisory committee's note ("The Rule has been amended to clarify that in a civil case evidence of a person's character is never admissible to prove that the person acted in conformity with the character trait."). As the Ninth Circuit explained, "The question to be resolved was whether, objectively, [the officer's] use of force had been excessive," and thus the officer's "past conduct d[oes] not bear on that issue." (See also *Hesselbein v. Beckham*, 168 F. Supp. 3d 1252, 1262 (E.D. Cal. 2016).)

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CA 92501
(951) 826-5567

In another Ninth Circuit Court of Appeals case, the Appellate court held that the district court "did not abuse its discretion by excluding" the officer's prior shooting. As was established in *Duran v. City of Maywood*, 221 F.3d 1127, 1132–33 (9th Cir. 2000), that evidence of a separate police shooting is admissible under Federal Rule of Evidence 404(b) as "other act" evidence if the following conditions are met: "(1) there must be sufficient proof for the jury to find that the defendant committed the other act; (2) the other act must not be too remote in time; (3) the other act must be introduced to prove a material issue in the case; and (4) the other act must, in some cases, be similar to the offense charged." Even if the evidence is admissible pursuant to Rule 404(b), it may still be excluded pursuant to Federal Rule of Evidence 403 if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *Duran*, 221 F.3d at 1133. (See *Dominguez v. City of Los Angeles*, 836 F. App'x 489, 491–92 (9th Cir. 2020).)

In this case, just as was done in *Dominguez, Gates*, and *Duran*, evidence of prior or post use of forces, including shootings, cannot be introduced into trial, as those acts are not relevant to the issues at hand in this lawsuit. It is anticipated that Plaintiff's counsel will bring up these shootings to "impeach" Sergeant Wright. Impeachment cannot be done without a material issue at hand, and that material issue has to be relevant. Moreover, the anticipated "impeachment" is not proper impeachment, and any introduction of Sergeant Wright's subsequent shooting of another person (who did not die) is irrelevant to this case.

This same principle applies with any use of force by either officer, either before or after. None of those instances are relevant and have been determined by courts to be improper character evidence.

## III. THE DURAN TEST HAS NOT BEEN DEMONSTRATED IN THIS CASE, AND EVEN IF IT HAD, FRE 403 WOULD REQUIRE ITS EXCLUSION

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CA 92501
(951) 826-5567

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." [FRE 403; see *Sidibe v. Sutter Health* 103 F.4th 675, 691 (9th Cir. 2024) —court's application of FRE 403 should be cautious and sparing; its major function should be to exclude evidence "of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect" (internal quotes omitted).]

As was discussed in the cases above, under FRE 403, there is no reason to allow other use of force instances involving Defendants to be introduced to the jury, as this will mislead and confuse the jury. It would be unduly prejudicial, as the jury would simply think these officers use force too frequently, and it is highly likely that the jurors would find against them for that reason rather than based on the evidence in this case of whether the shooting was lawful and justified.

## IV. CONCLUSION

The Defendants respectfully request that any use of force incident unrelated to this use of force be excluded as not relevant, immaterial, confusing, and improper character evidence.

DATED: November 9, 2026 OFFICE OF THE CITY ATTORNEY

By: _/s/ *Nadin S. Said*_
NADIN S. SAID
Attorney for Defendants
EVAN WRIGHT and ABEL SORIA

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CA 92501
(951) 826-5567