MICHEL F. MILLS, SBN# 193002
THE LAW OFFICES OF MICHEL F. MILLS
155 N. Riverview Drive, Suite 208,
Anaheim Hills, CA 92808
T. 714.769.9051
F. 714.685.1500
Michel@mfmillslaw.com

Attorneys for Plaintiff Eric H. Saldivar

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC HENRY SALDIVAR,<br>Plaintiff,<br><br>v.<br><br>POLICE OFFICERS EVAN WRIGHT, ABEL SORIA, et al.,<br>Defendants. | Case No. 2:20-cv-02081-CAS-PD<br><br>PLAINTIFF SALDIVAR'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS<br><br>District Judge:<br>Hon. Christina A. Snyder<br><br>Magistrate Judge:<br>Hon. Patricia Donahue<br><br>DATE: 11/30/26<br>TIME: 10:00 A.M.<br>COURTROOM: 8D<br><br>Complaint Filed: 03.03.20<br>FAC Filed: 03.23.23<br>Trial Date: 01.05.27 |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION.

As they did in their motion for summary judgement, and their motions to dismiss, Defendants Evan Wright, Able Soria and their counsel of record, the Riverside City Attorney's Office, [collectively "the Defense"] once again challenge what they erroneously label as Plaintiff Eric H. Saldivar's *standing* as successor in interest. The issue here is *capacity*, not Article III standing. This time, at the eleventh hour, the Defense offers witnesses and evidence it omitted from Defendants' Rule 26 Initial Disclosure, [the "*Disclosure*"], *144-3* at *passim*, it never supplemented, never corrected – over two and one half years after fact discovery closed, for the proposition that Decedent left surviving issue. *166* at 4:12-18. By failing to disclose any witness or material to establish paternity that it seeks to use now, the Defense effectively waived the the issue. Moreover, the evidence the Defense purports to offer ***is not*** from witnesses unknown to it before discovery ended: it subpoenaed Vanessa Xochilt Saldivar-Robles and noticed her deposition, but it did nothing after she failed to appear.

Nothing has changed from this Court's thorough analysis Decedent had no surviving issue: the Defendants' evidence fails to establish a presumption of paternity. The evidence shows Xochilt's minor daughter, [E.R.], was born ten months before Decedent married Xochilt. He then separated from Xochilt before his Excessive Force Claim acrued, making it his separate property.

### II. LEGAL ANALYSIS.

#### A. The Defense Erroneously Conflates Plaintiff's Capacity to Litigate the Decedent's Survival Claims with His Article III Standing.

Whether a plaintiff is the proper party to pursue a decedent's claim in a survival action is a matter of the plaintiff's "capacity to bring suit as a representative" - not Article III standing. *Summers v. Interstate Tractor &*

*Equip. Co.*, 466 F.2d 42, 49-50 (9th Cir. 1972); *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 878 & n.4 (9th Cir.2000)[quoting *Summers v. Interstate Tractor & Equip. Co.*, 466 F.2d 42, 50 (9th Cir.1972)]; *Estate of Burkhart v. United States*, 07-5467 PJH *ECF 43* *14-17, 2008 U.S. Dist. LEXIS 65893, at *29-30 (N.D. Cal. Aug. 26, 2008); *Khang v. Ruiz*, No. CV 14-04579 SJO (Ssx) *ECF 79* *8-9, 2015 U.S. Dist. LEXIS 200837, at *18 (C.D. Cal. 04/17/15) (following *Burkheart* at *10 that '[e]ven where the plaintiff has not filed the appropriate declaration, "lack of capacity to sue is not a jurisdictional defect," and unless an argument is properly raised alleging that the plaintiff lacks capacity, "the court may proceed to adjudicate the case notwithstanding this defect" and holding that "this defect may be cured by promptly filing the required declaration.").

In *Summers v. Interstate Tractor & Equip. Co.* [466 F.2d 42, 49-50 (9th Cir. 1972)] the Ninth Circuit held that a defendant waived its challenge to the plaintiff''s capacity to sue. To escape the waiver, the defendant argued that the lack of capacity to sue was an issue of federal subject matter jurisdiction that, pursuant to Rule 12(h)(3), can be raised at any time. The Ninth Circuit rejected the assertion stating: "We hold to the contrary. The question of a litigant's capacity or right to sue or to be sued generally does not affect the subject matter jurisdiction of the district court." *Id.* at 50.

The issue before the court in *Estate of Burkhart v. United States* was whether the surviving spouse could assert the decedent's survival claims in a Federal Tort Claims action on behalf of the decedent's estate. *Burkhart*, 07-5467 *ECF 43* *14-17, 2008 U.S. Dist. LEXIS 65893, at *29-30. The United States moved to dismiss the decedent's survival claims brought on behalf of the Estate arguing, *inter alia*, the decedent's surviving spouse lacked standing to assert survival claims on the Estate's behalf. *Id.* at 14. It specifically argued the plaintiffs' operative pleading failed to allege the decedent's surviving

spouse was Decedent's personal representative and to allege the facts required to assert an action as a decedent's successor in interest. *Id.*

The court noted that, at the hearing on the motion, Decedent's surviving spouse "conceded that she has not yet been appointed to be the decedent personal representative by the Superior Court of California." *Id.* at 15-16. However, "she indicated that she was in the process of obtaining `formal estate papers' that will show that she has ***standing*** to represent the survival claims." *Id.* at 16 (emphasis added).

The court then corrected the issue presented for its decision as framed by the defendant's motion and restated it as follows:

> The issue before the court is whether Sally Burkhart may assert claims on behalf of the Estate. ***Her ability to assert claims on behalf of the Estate is not a question of standing.*** In order to establish standing to sue, a plaintiff must show "injury in fact," causation, and redressability. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). According to the allegations in the FAC, the Estate can show a direct injury traceable to the alleged negligent medical treatment. *Id.* at 16 [emph. added].
>
> The question whether Sally Burkhart has the ability to assert claims on behalf of the Estate involves ***the determination whether she has the capacity to bring suit as a representative***. See generally Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d (1990 & 2007 Supp.) §§ 1542-1544. Lack of capacity to sue is not a jurisdictional defect. See *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 878 & n.4 (9th Cir. 2000). Therefore, unless the objection is ***properly*** raised, the

> court may proceed to adjudicate the case notwithstanding this defect. Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2008) § 7:50. *Id.* at *16 (emph. added).

The district court found the United States had not specifically challenged the Spouse's ***capacity*** to bring the action on behalf of the Estate. *Id.* at 16. Despite the material differences between challenges to standing and to capacity to represent, the court interpreted the United States' arguments asserting the plaintiff's lack of *standing* as arguments asserting her lack of *capacity*, and it granted the motion to dismiss for lack of capacity to sue and ordered the plaintiff to file "to file a declaration establishing that she has the capacity to proceed on behalf of the Estate." *Id.* at 17.

Plaintiff Saldivar, however, did file the declaration establishing that he has the capacity to proceed on behalf of the Decedent's estate on March 23, 2922. ECF 54.

**B. As Decedent Died Intestate, Without Issue and Separated From His Spouse, Plaintiff Has Standing as Successor In Interest to His Claim That Accrued as Separate Property.**

Under California law, a cause of action that survives the death of the person entitled to commence it passes to, and may be commenced by, the decedent's successor subject to Probate Code §§ *7000*-*7001*. *Code of Civil Procedure § 377.30.* A decedent's successor is, *inter alia*, the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action, *id.* § 377.11 , and, if the decedent died intestate, a beneficiary of the decedent's estate is, *inter alia*, the person or group who succeed to a cause of action under Probate Code §§ *6401* and *6402*; C.Civ.Pro. *§ 377.10(b)*.

Where an intestate decedent leaves a surviving parent but no issue, a surviving spouse receives, *inter alia*, one-half of the separate property owned by the decedent's intestate estate. Prob.C. *§ 6401(c)(2)(B)*. In such case the surviving parent receives the other one half of the separate property owned

by the decedent's intestate estate. Prob.C. *§ 6402 (b)*. This is true whether the Decedent died happily married or separated.

The evidence shows Plaintiff Saldivar is Ernie D. Saldivar's successor in interest. Plaintiff is Decedent's father and sole surviving parent. ECF 54 at 1:7-13 [Declaration of Eric H. Saldivar]. Decedent died intestate on March 8, 2018, *id*. at 2:11., without surviving issue. *Id*. at 1:13. Decedent denied paternity of E.R. before he married Xochilt and after. E.R. was born January 19, 2012 and conceived months before that. Nearly eleven (11) months *after* E.R. was borne, Decedent married Xochilt on November 2, 2012 - eleven (11) days before he entered prison. E.R. was conceived over one year *before* Decedent married Xochilt. Her birth certificate does not name Decedent as father and it records her last [family] name as Robles, not Saldivar. No blood tests were ever done to establish Decedent's paternity. Decedent left no surviving issue. As discussed more fully, *infra*, §II.C., the Defense failed to disclose any witness, document, electronically stored information or tangible thing to controvert Plaintiff's evidence. As such it effectively waived its challenge to Plaintiff's capacity.

**C. The Defense Effectively Waived Its Opposition to Decedent's Capacity to Sue.**

Capacity or authority to sue is a defense, objection or opposition a defendant can waive, and the Defense did that here. A defendant must challenge a plaintiffs authority to sue by making a "specific negative averment." See FED. R. CIV. P. 9(a). Case law in this circuit states that the "specific negative averment" must be made "in the responsive pleading or by motion before pleading." *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 878 & n.4 (9th Cir. 2000)[quoting *Summers v. Interstate Tractor & Equip. Co.*, 466 F.2d 42, 49-50 (9th Cir.1972). In *De Saracho* the Ninth Circuit held:

Although an objection to a party's capacity is not an affirmative

> defense, it can be analogized to an affirmative defense and treated as waived if not asserted by motion or responsive pleading, subject, of course, to the liberal amendment policy of Rule 15. *Early waiver is necessary* to give meaning to the requirement in Rule 9(a) that capacity must be put in issue by a "specific negative averment."

*Id.* at 878 [quoting 5 Wright & Miller, FED. PRAC. & PROC. CIV.2d § 1295].

Here, while the Defense raised capacity by Rule 12 motions before it answered, it is what happened next that shows it effectively waive the capacity defense. Initially, plaintiff failed to plead the facts to establish his capacity as Decedent's successor in interest and to provide the declaration required by *Code of Civil Procedure § 377.30;* however, as discussed, *supra* §II.A., he corrected those deficiencies. The Defense again challenged Plaintiff's *standing,* ECF 61, by contending the death certificate attached to the Fourth Amended Complaint established that Plaintiff was not Decedent's successor in interest because it listed his estranged spouce Vanessa Xochilt Saldivar-Robles. However, the Defense did not argue that Decedent allegedly had surviving issue. The Court subsequently denied the motion, holding that Plaintiff's pleading and declaration satisfied Section 377.32, and ordered the Defense to answer. The Defense the filed the operative Answer on 12/30/22, ECF 80, making no mention whatsoever about Plaintiff Saldivar's capacity as Decedent's successor in interest. *Id*. at *passim*. The Defense served Defendants' Rule 26 Initial Disclosure on 02/01/23.

However, the Defense Initial Disclosure failed to identify any witness, document, electronically stored information or tangible thing that related or pertained to its challenge to Plaintiff's capacity to sue. The Defense never supplemented or corrected its Initial Disclosure. It never disclosed either Vanessa Xochilt Saldivar-Robles or E.R..

Neither of these witnesses and purported evidence are new nor were they unknown to the Defense before now. Although not listed in its Disclosure, the Defense served Ms. Saldivar-Robles with a deposition subpoena on December 5, 2023. Ms. Saldivar-Robles failed to appear for the deposition. More importantly, the Defense never re-served Ms. Saldivar-Robles or re-noticed here deposition. Fact discovery close on February 23, 2024, without the Defense supplementing its Disclosure or re-noticing Ms. Saldivar-Robles deposition.

The Defense filed its motion for summary judgement that argued, *in part*, that either Ms. Saldivar-Roble or her daughter were Decedent's successor in interest. The Defense failed to offer evidence of Decedent's paternity or that he had surviving issue, but Plaintiff established evidence that Decedent had separated, announced the marriage was over and expressed his intention to divorce Ms. Saldivar-Robles. As discussed above, the Defense' own evidence shows that Decedent did not give E.R. his last name and that Ms. Saldivar-Robles did not attempt to take it. It also showed the E.R. was born almost eleven months before Decedent married Ms. Saldivar-Robles just days before he began his prison sentence. Moreover, Plaintiff established evidence that, while Decedent accepted, embraced and intended to raise E.R. as his wife's daughter, he vigorously denied paternity. This Court issued its *Order Accepting Findings and Recommendations of United States Magistrate Judge*, ECF 160 at 4:19-12:6, finding questions of material fact on this and other issues and denied the Defense' MSJ.

Over two and a half years have passed since fact discovery closed, and in that time, the Defense never sought to compel Ms. Saldivar-Robles attendance at a deposition. It never sought to reopen discovery to investigate these allegedly new facts. The Defense never attempted to supplement or correct its disclosure. The Defense knew where and how to find Ms. Saldivar-

Robles and E.R. It simply made the tactical decision that Ms. Saldivar-Robles.

Ninth Circuit law enforces *Rule 37(c)(1)* to "give teeth" to the disclosure and supplement requirements of *Rule 26(a)/(e)* "*by forbidding the use of any information not properly disclosed*." *Key v. Qualcomm Inc.*, 129 F.4th 1129, 1143 (9th Cir. 2025)[emph. added]. Rule 37(c)(1) exclusion is the default, automatic and self-executing sanction for a party's failure to comply with *Rule 26(a) and (e)*. *Id.*; *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 742 (9th Cir. 2021). It restricts courts' authority to assess lesser sanctions by expressly requiring the noncompliant party must "*avail himself of the opportunity to seek a lesser sanction*" by motion formally requesting one. *Merchant*, 993 F.3d at 741-742. Moreover, Ninth Circuit law is that "[a]ll parties are entitled to rely upon and expect courts to enforce" *Rules 26(a)/(c)* and *37(c)(1)* by excluding undisclosed information, and they have a right to expect that only materials and witness information the opposing party disclosed will be used to support its case at trial. *Merchant*, 993 F.3d at 736, 740-742; *Rhodes v. Sutter Health*, 949 F. Supp. 2d 997, 1010 (E.D. Cal. 2013). Plaintiff had a right to rely on the *Disclosure* that the Defense *certified complete and correct* then never supplemented or corrected, and its omissions that conveyed it would not rely on undisclosed materials and witness information and that they provided no discoverable information it would use to support its case. *See Sigler v Gonzalez et al.*, 22-cv-02325 -MEMF, *ECF 183* at 5:17-6:20 (C.D. Cal. 03/17/25); *Voyager Indem. Ins. Co. v. Zalman N., Inc.*, 668 F.Supp.3d 990, 998-1000 (C.D. Cal. 2023).

Plaintiff anticipates the Defense will argue that the purported evidence is very important or that he had knowledge that it wanted to use these witnesses. In *Sigler*, District Judge Maame Ewusi-Mensah Frimpong excluded, pursuant to Fed.R.Civ.P. 37(c)(1), the declaration and exhibits of a defense witness involved in the handling of a disputed insurance claim that it failed to

disclose pursuant to Rule 26(a)(1)(A)(i). The court rejected the defense' use of a generic, disclosure of its managers and claims personnel because it failed to identify the specific witness' name. *Id.* at 6:7-12. Moreover, the court rejected the defense claim that its failure to disclose was substantially justified "since Sigler obviously knew about her as her name was revealed in the documents produced in discovery." *Id.* at 6:13-14. The court's reasoning applies with equal force here, when it held:

> This argument is unavailing; to fail to identify her as a witness actually conveyed to Sigler ***that despite her presence*** in the documents, AAA did not plan on *relying on her* and/or *did not believe she had discoverable information*. *Id.* at 6:13-17.

Here, the Defense subpoenaed and noticed Ms. Saldivar-Robles for deposition. For almost three years thereafter, the Defense has done exactly – nothing. The Defense failure to compel her attendance at the deposition and its failure to disclose here, initially or supplementally conveyed to Plaintiff that, despite her role as Decedent's estranged wife, it did not plan on relying on Ms. Saldivar-Robles or did not believe she had discoverable information. The court's further finding that the failure to disclose was not harmless applies even more forcefully here: "Failure to disclose Ms. Yates as a likely witness before AAA filed its summary judgment motion deprived *Sigler* of the opportunity to propound additional discovery specific to her. *Id.* at 6:17-19. The Defense has presented new witnesses, and other evidence, on the eve of trial that deprives Plaintiff the opportunity to conduct his own investigation.

Nor does the purported importance of the undisclosed witnesses and evidence change the outcome. In *Voyager Indem. Ins. Co. v. Zalman N., Inc.* [668 F.Supp.3d at 998-1000], District Judge Anderson excluded, pursuant to Rule 37(c)(1) evidence of a subcontract pertaining to a defendant's coverage in a declaratory relief action. The defendant had failed to disclose the subcontract

and failed to produce it in response to discovery three months before he finally produced the subcontract with his opposition to a summary judgement motion two weeks before the discovery cutoff. *Id.* at 998-999. In finding the defendant failed to show its failure to produce the subcontract was substantially justified. On the contrary, the court held:

> [The Defendant] has known during the pendency of not just this action, but also throughout the litigation of the underlying action and [his] prior efforts to obtain insurance coverage from Voyager as an additional insured under MRB's Policy, that the [subcontract] was a critical piece of evidence. *Id.* at 999.

The court found the defendant's non-disclosure was not harmless because, as here, the defendant deprived the plaintiff of the opportunity to conduct discovery concerning the authenticity of the new evidence. Moreover, while it recognized that exclusion of the subcontract, as a Rule 37(c)(1) sanction, would be s case dispositive, the Court found no lesser sanction would remedy the prejudice caused. The court found the defendant "has fallen far short of providing a substantial justification for the failure to comply with discovery obligations. That failure appears to have been entirely within [the defendant's] control, and no party other than [him] is at fault for [his] failure to obtain and produce the [subcontract]." *Id.* at 1000.

**III. CONCLUSION.**

For the reasons stated, Plaintiff respectfully requests the Court deny the Defense Motion to Dismiss and exclude its untimely proffer of undisclosed evidence pertaining to Plaintiff's capacity as successor in interest.

DATED: 11/09/26.

Respectfully submitted,
/s/ MICHEL F. MILLS
LAW OFFICES OF MICHEL F. MILLS
Attorneys for Plaintiff Eric H. Saldivar

*Vieste, LLC v. Redwood Development*,
*No. C-09-04024 JSW (DMR), 5 (N.D. Cal. Jun. 3, 2011)*.......................................