MICHEL F. MILLS, SBN# 193002
THE LAW OFFICES OF MICHEL F. MILLS
155 N. Riverview Drive, Suite 208,
Anaheim Hills, CA 92808
T. 714.769.9051
F. 714.685.1500
Michel@mfmillslaw.com

Attorneys for Plaintiff Eric H. Saldivar

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC HENRY SALDIVAR,<br>Plaintiff,<br><br>v.<br><br>POLICE OFFICERS EVAN WRIGHT, ABEL SORIA, et al.,<br>Defendants. | Case No. 2:20-cv-02081-CAS-PD<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE FROM DEFENSE RETAINED EXPERT WITNESSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>[Fed.R.Civ.P. 37(c)(1)]<br><br>*[Filed concurrently with Declaration of Michel F. Mills, Esq.; and [Proposed] Order].*<br><br>District Judge:<br>Hon. Christina A. Snyder<br><br>Magistrate Judge:<br>Hon. Patricia Donahue<br><br>DATE: 12/07/26<br>TIME: 11:30 A.M.<br>COURTROOM: 8D<br><br>FAC Filed: 03.23.23<br>Pretrial Conf: 12.07.26<br>Jury Trial Date: 01.05.27 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, on December 7, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8D, First Street Courthouse, 350 West 1st Street, 8th Floor, Los Angeles, California 90012-4565, Plaintiff Eric H. Saldivar (the "Plaintiff") will and hereby does move for an order in limine precluding Defendants Evan Wright and Able Soria from offering evidence, argument or jury instructions regarding

During discovery, Defendants failed to provide Plaintiff with expert witness reports for Rod Englert, Swathi Kode, PhD. and Brady Held and cannot be allowed to engage in trial by ambush by introducing new evidence at trial that it never produced in discovery. This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, and all other evidence and argument considered by the Court at or before the hearing on this Motion.

This Motion is made following the conference of counsel, pursuant to Local Rule 7-3, which took place on November 3, 2026.

DATED: November 9, 2026. Respectfully submitted,

/s/ MICHEL F. MILLS

LAW OFFICES OF MICHEL F. MILLS
Attorneys for Plaintiff Eric H. Saldivar

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION.

Plaintiff Eric H. Saldivar, as successor in interest to his son, Decedent Ernie D. Saldivar, brings this Section 1983 action against Defendants Soria and Wright for their unreasonable uses of deadly force when they fatally shot Decedent in violation of his Fourth Amendment Rights. Plaintiff brings his own claim against these Defendants for Loss of Familial Relationship under the Fourteenth Amendment. Defendants began shooting within two seconds from when they entered the garage where Decedent was seated and ended approximately 15 later. *111-2* [Soria OIS Interview Trans.] at 78:22-27; *111-4* [Wright OIS Interview Trans.] at 78:35-79:4. Defendants Soria and Wright shot and killed Decedent Ernie D. Saldivar merely 2 seconds after seeing him without objectively reasonable cause.

### II. PROCEDURAL BACKGROUND.

United States Magistrate Judge, the Hon. Patricia Donahue, Court issued its Case Management and Scheduling Order, ECF 88, on March 31, 2023. On January 16, 2024, the Court issued its order modifying and setting the operative schedule of pretrial deadlines, ECF 105. The Court scheduled, among other things, the deadline for Initial Expert Disclosures for February 5, 2024 with Expert Discovery Cut-Off on April 22, 2024. Defendants served their "*Expert Disclosure Pursuant to F.R.C.P. Rule 26*" on the February 5, 2024 deadline at approximately 3:43 p.m. ECF *154-1* at 2:12-20; 11-19 [Exhibit 2]; Declaration of Michel F. Mills, Exhibit A [02/05/24 email serving "Defendant's Expert Disclosures.pdf" and nothing else]. The Defendants' seven [7] page *Initial Expert Witness Disclosure* served established that the Defense ***did not*** provide reports for any retained expert it designated. *154-1* at 2:12-20; [Ex. 2] 13:4-19; 13:20-14:10, 14:11-3; 14:14-26, 14:26-28; 15:1-14, 15:15-17; 15:18-16:2, 16:2-3; 16:4-16. 16:16-17; *155* at 7:22-17:8, 20:15-22:24; Mills

Dec. Ex. A, at 1-2. The Defense' *Expert Disclosure* designated six [6] retained experts, including Rod Englert, *154-1* [Ex. 2] at 14:14-28, Swathi Kode, PhD., *id.* at 15:1-17, and Brady Held. *Id.* at 13:4-19.

However, the text of the *Expert Disclosure* represented that reports for Mr. Englert, Dr. Kode and three other retained experts were not yet attached, stating: "A copy of [Mr. Englert/Ms. Kode's] report, *including the facts and data* [he/she] relied upon, . ..***will be*** *attached* as Exhibit [C-D]." *154-1* at 14:27-28, 15:16-17. Each designation stated the report ***will be attached***, *i.e.* the reports were *not attached* to the Disclosure but would be provided later. Indeed, Mr. Englert's report filed as *MSJ Evidence* shows it ***was signed*** on 02/08/24 – ***three days after the Defense served its designation*** and *after* the disclosure deadline had expired. *111-8* at 61. The Defense distinguished between "*is*" and *"will be"* stating in its designation of Brady Held that his report "*is attached*". *Id.* at 13:16-19. However, the designation omitted Mr. Held's report too.

The Defense' seven page Expert Disclosure, *Exhibit 2*, shows it did not attached any exhibits or reports, *154-1* at 2:19-20, 11-19, only a proof of service certificate showing the Defense ***did not*** serve any exhibits:

> "On February 5, 2024, I served the foregoing document described as: DEFENDANTS' INITIAL EXPERT DISCLOSURE on all interested parties ..." *Id*. at 19.

The certificate says nothing about exhibits, reports or any other materials.

The Defense' 02/05/24 email that served its Expert Disclosure confirms it did not serve reports. Mills Dec., Ex. A at 1. Its text states:

> Attached is Defendants' Expert Witness Designations. Due to the size of the exhibits, they are attached and can be accessed via the link below.
>
> Please let us know if you have difficulties accessing the link.

Notwithstanding the ambiguous statement that exhibits are attached, the

email itself establishes that it attached just one file: "Defendant's Expert Disclosures.pdf," and that it did not *attach* anything else as exhibits, reports or additional files. *Id.* at 2. The statement that exhibits *could be accessed* via a link, confirmed the email did not *deliver* copies of any exhibits, and that service was not complete upon transmission of the email because, even if the link worked, *accessing it* required the recipient to act. *Fed.R.Civ.P. 5(b)(2)(E)*.

The Defense offered no evidence Plaintiff's Counsel agreed to accept electronic service via hyperlink because that never happened. *Id.*; Mills Dec., ¶¶ 23-24. He did, however, immediately contacted the sender, reported the failed link and the lack of agreement, and requested service by email or as hard copies. *Id.* ¶24; *166* at 9:19-24. Although ordered to identify or proffer evidence it served reports for Englert, Kode, Held before the 02/05/24 deadline expired, the Defense' Supplemental Pleading neither identified or provided any evidence it timely served expert reports. F.R.C.P. *26(a)(2)(B)*; *171* at 14, 16. Rather, it served them for the first time as evidence supporting its Motion for Summary Judgement on 05/09/24. The Magistrate subsequently compelled the Defense to serve copies of Exhibits A through H, which included the Englert, Kode and Held reports, and it did so, on March 11, 2026, because it failed timely to serve them. *174*, passim.

## III. LEGAL ARGUMENT.

The Defense cannot be allowed to introduce at trial any evidence from the individuals it designated as retained expert witnesses. *Rule 26(a)(2)* requires litigants to disclose all expert witnesses "at the times and in the sequence that the court orders." *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 736 (9th Cir. 2021)[quoting *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011)]. The disclosure of experts "retained or specially employed to provide expert testimony" must provide, among other things, a signed report with "a complete statement of all opinions the witness

will express and the basis and reasons for them," as well as "the facts or data considered by the witness in forming them." *Fed.R.Civ.P. 26(a)(2)(B)(i), (ii)*.

Here, the Defense failed to serve reports for any of its retained experts. It then used the undisclosed opinions, reports and testimony of R. Englert, S. Kode and B. Held to supply evidence supporting its motion for summary judgement while at the same time prohibited Plaintiff from deposing them until he was provided their reports. F.R.C.P. *26(b)(4)(A)*[“If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.”]. The Defense’ failure to provide reports for its experts was neither substantially justified no harmless. On the contrary, it prejudiced Plaintiff in having to face these experts blind without even knowing their opinions before the Defense used them to support its case.

A fundamental purpose of the federal discovery rules is to avoid “trial by ambush.” *Vincent v. Classic Party Rentals, Inc.*, 2009 U.S. Dist. LEXIS 140485, at *7 (C.D. Cal. Oct. 22, 2009) (“one of the principal goals of discovery is to prevent trial by ambush and surprise.”). To encourage parties to provide required discovery, and as punishment for failure to do so, Rule 37(c)(1) provides that “[i]f a party fails to provide information or identify a witness as required by *Rule 26(a) or (e)*, the party is not allowed to use that information or witness at a trial, unless the failure was substantially justified or is harmless.” Fed.R.Civ.P. 37(c)(1).

Ninth Circuit law enforces *Rule 37(c)(1)* to “give teeth” to the disclosure and supplement requirements of *Rule 26(a)/(e)* “*by forbidding the use of any information not properly disclosed*.” *Key v. Qualcomm Inc.*, 129 F.4th 1129, 1143 (9th Cir. 2025)[emph. added]. Rule 37(c)(1) exclusion is the default, automatic and self-executing sanction for a party’s failure to comply with *Rule 26(a) and (e)*. *Id.*; *Merchant*, 993 F.3d at 740, 742. Moreover, in the Ninth Circuit "[a]ll parties are entitled to rely upon and expect courts to enforce"

*Rules 26(a)/(c)* and *37(c)(1)* by excluding undisclosed information, and they have a right to expect that only materials and witness information the opposing party disclosed will be used to support its case at trial. *Merchant*, 993 F.3d at 736, 740-742; *Rhodes v. Sutter Health*, 949 F. Supp. 2d 997, 1010 (E.D. Cal. 2013).

A party moving to enforce *Rule 37(c)(1)* shows an opposing party failed to provide what Rule *26(a)/(e)* requires with evidence it used materials omitted from its disclosure or that the opposing party used materials it failed timely to produce when it requested in discovery. *Gutta v. Sedgwick Claims Mgmt. Servs.*, 3:22-cv-01145-HZ *7-9 (D.Or. 01/09/24). Once a violation of *Rule 26(a)/(e)* is shown, the party seeking to use materials or testimony it did not disclose has the burden of proving its failure was substantially justified or harmless, *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001), and it is not allowed to use such material or testimony to supply evidence unless it does. *Key*, 129 F.4th at 1143.

Here, *Rule 37* and the prevention of trial by ambush require that Defendants Wright and Soria be barred from introducing any evidence from Rod Englert, Swathi Kode, PhD. and Brady Held.

**III. CONCLUSION.**

For the reasons stated, Plaintiff respectfully requests the Court exclude the Defendants' from using the opinions, reports or testimony of the Defense' retained expert witnesses at trial.

DATED: November 9, 2026. Respectfully submitted,

/s/ MICHEL F. MILLS
LAW OFFICES OF MICHEL F. MILLS
Attorneys for Plaintiff Eric H. Saldivar

**L.R. 11-6.2. Certificate of Compliance.**

The undersigned, counsel of record for Plaintiff Eric H. Saldivar certifies that this brief contains 6,988 words which complies with the word limit set of L.R. 11-6.1.

DATED: November 9, 2026. Respectfully submitted,

/s/ MICHEL F. MILLS

LAW OFFICES OF MICHEL F. MILLS
Attorneys for Plaintiff Eric H. Saldivar

*Vieste, LLC v. Redwood Development*, *No. C-09-04024 JSW (DMR), 5 (N.D. Cal. Jun. 3, 2011)*.......................................