MICHEL F. MILLS, SBN# 193002
THE LAW OFFICES OF MICHEL F. MILLS
155 N. Riverview Drive, Suite 208,
Anaheim Hills, CA 92808
T. 714.769.9051
F. 714.685.1500
Michel@mfmillslaw.com

Attorneys for Plaintiff Eric H. Saldivar

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC HENRY SALDIVAR,<br>Plaintiff,<br><br>v.<br><br>POLICE OFFICERS EVAN WRIGHT, ABEL SORIA, et al.,<br>Defendants. | Case No. 2:20-cv-02081-CAS-PD<br><br>NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO PRECLUDE EVIDENCE AND TESTIMONY REGARDING THE ALLEGED DISCOVERY AND RECOVERY OF A HANDGUN FROM DECEDENT'S CLOTHING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>[Fed.R.Civ.P. 37(c)(1)]<br><br>*[Filed concurrently with Declaration of Michel F. Mills, Esq.; and [Proposed] Order].*<br><br>District Judge:<br>Hon. Christina A. Snyder<br><br>Magistrate Judge:<br>Hon. Patricia Donahue<br><br>DATE: 12/07/26<br>TIME: 11:30 A.M.<br>COURTROOM: 8D<br><br>FAC Filed: 03.23.23<br>Pretrial Conf: 12.07.26<br>Jury Trial Date: 01.05.27 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, on December 7, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8D, First Street Courthouse, 350 West 1st Street, 8th Floor, Los Angeles, California 90012-4565, Plaintiff Eric H. Saldivar (the “Plaintiff”) will and hereby does move for an order in limine precluding Defendants Evan Wright and Able Soria from offering evidence, argument or jury instructions regarding

On May 9, 2024, Defendants Evan Wright, Able Soria and the Riverside City Attorney’s Office [collectively “the Defense”] filed a motion for summary judgement that revealed their use of a hangun they omitted from Defendants’ Initial Disclosure, they never supplemented or corrected before discovery closed that neither Defendant saw before or during their uses of deadly force that was allegedly discovered and recovered from a pocket in the clothing Decedent Ernie D. Saldivar after the Shooting. The Defense cannot be allowed to engage in trial by ambush by introducing new evidence at trial that it concealed until after discovery in this matter closed on February 23, 2024. This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, and all other evidence and argument considered by the Court at or before the hearing on this Motion.

This Motion is made following the conference of counsel, pursuant to Local Rule 7-3, which took place on November 3, 2026.

DATED: November 9, 2026. Respectfully submitted,

/s/ Michel F. Mills

Law Offices of Michel F. Mills
Attorneys for Plaintiff Eric H. Saldivar

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Plaintiff Eric H. Saldivar, as successor in interest to his son, Decedent Ernie D. Saldivar, brings this Section 1983 action against Defendants Soria and Wright for their unreasonable uses of deadly force when they fatally shot Decedent in violation of his Fourth Amendment Rights. Plaintiff brings his own claim against these Defendants for Loss of Familial Relationship under the Fourteenth Amendment. Defendants began shooting within two seconds from when they entered the garage where Decedent was seated and ended approximately 15 later. *111-2* [Soria OIS Interview Trans.] at 78:22-27; *111-4* [Wright OIS Interview Trans.] at 78:35-79:4. Defendants Soria and Wright shot and killed Decedent Ernie D. Saldivar merely 2 seconds after seeing him without any cause. Neither Defendant ever saw Decedent hold a gun, with a gun or saw a gun near him, never saw anything in his shorts, and they did not see his hands or what he was doing with them at any time before they *stopped* their second volleys of gunfire. *111-4* at 84-85, 87, 89; *111-2* at 75, 89.

## II. PROCEDURAL BACKGROUND.

United States Magistrate Judge, the Hon. Patricia Donahue, Court issued its Case Management and Scheduling Order, ECF 88, on March 31, 2023. On January 16, 2024, the Court issued its order modifying and setting the operative schedule of pretrial deadlines, ECF 105. The Court scheduled, among other things, for fact discovery to close on February 24, 2024.

On 02/01/23 the Defense served Defendants' Rule 26 Initial Disclosure [herein "*Disclosure*"] and certified its lists of ***ten [10]*** categories of materials and sixty-three [63] witnesses *complete and correct*. *144-3* at 6:2-26, 7:6-11. Not one of the *Disclosure's* ten [10] categories mentioned a handgun. *Id.* at 6:1-26. The Defense never supplemented or corrected its Disclosure. *166* at 4:12-18.

**III. LEGAL ARGUMENT.**

The Defense cannot be allowed to introduce at trial any evidence of the purported handgun allegedly discovered and removed from Decedent's pocket. This is precisely the type of ambush and surprise that Rule 37(c)(1) is intended to prevent. "[O]ne of the principal goals of the discovery rules [is] preventing trial by ambush and surprise." *Brandon v. Mare-Bear, Inc.*, 225 F.3d 661 (9th Cir. 2000); *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 910 (9th Cir. 2008) ("The Federal Rules of Civil Procedure contemplate full and equal discovery so as to prevent surprise, prejudice and perjury during trial.")

Ninth Circuit law enforces *Rule 37(c)(1)* to "give teeth" to the disclosure and supplement requirements of *Rule 26(a)/(e)* "*by forbidding the use of any information not properly disclosed*." *Key v. Qualcomm Inc.*, 129 F.4th 1129, 1143 (9th Cir. 2025)[emph. added]. Rule 37(c)(1) exclusion is the default, automatic and self-executing sanction for a party's failure to comply with *Rule 26(a) and (e)*. *Id.*; *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 742 (9th Cir. 2021). It restricts courts' authority to assess lesser sanctions by expressly requiring the noncompliant party must "*avail himself of the opportunity to seek a lesser sanction*" by motion formally requesting one. *Merchant*, 993 F.3d at 741-742; *Rodriguez v. Lotte Hotel Guam, LLC*, 23-00013 *15 (D. Guam 02/04/25).

In the Ninth Circuit "[a]ll parties are entitled to rely upon and expect courts to enforce" *Rules 26(a)/(c)* and *37(c)(1)* by excluding undisclosed information, and they have a right to expect that only materials and witness information the opposing party disclosed will be used to support its case at trial. *Merchant*, 993 F.3d at 736, 740-742; *Rhodes v. Sutter Health*, 949 F. Supp. 2d 997, 1010 (E.D. Cal. 2013). Plaintiff had a right to rely on the *Disclosure* the Defense *certified complete and correct*, never supplemented or corrected, and its omissions that conveyed it would not rely on undisclosed materials and

witness information and that they provided no discoverable information it would use to support its case. *Sigler v Gonzalez et al.*, 22-cv-02325 -MEMF, *ECF 183* at 5:17-6:20 (C.D. Cal. 03/17/25). He was not required to assume, determine, or infer what the Defense omitted from its *Disclosure* that it would use for its defense, *Schedler v. Fieldturf U.S., Inc.*, 16-cv-0344 *11-12 (D. Or. 10/18/18).

*Rule 26* required that the Defense provide information – automatically without a discovery request, in writing and within 14 days of the 01/30/23 Rule 26(f) conference – identifying all materials and topics of witnesses' testimony it may use to support its case, F.R.C.P. *26(a)(1)(A)*; certify its information complete, correct and based on its reasonable investigation, *id. 26(g)(1)*; and to supplement or correct incomplete or incorrect information. *Id. 26(e)(1)*. It required a modest level of specific information sufficient to identify every category of materials and every subject of information for each witness the Defense anticipated using and their purpose and for Plaintiff to make informed decisions about which materials to request and witnesses to examine in discovery and make the best use of limited discovery resources. *Vieste, LLC v. Hill Redwd. Dev.*, C-09-04024, ECF 334 *5 (N.D. Cal. 06/03/11); *Voyager Indem. Ins. Co. v. Zalman N., Inc.*, 668 F.Supp.3d 990, 998-1000 (C.D. Cal. 2023); *Baird v. Blackrock Inst'l. Tr. Co.*, 330 F.R.D. 241, 243-246 (N.D. Cal. 2019).

Separately, the evidence of the alleged handgun is not relevant to either Defendant's decision to use deadly force. Federal Rule of Evidence ("FRE") 401 defines "relevant evidence" as "evidence having tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under FRE 402, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or

by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." And FRE 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Evidence of facts and circumstances not known to the involved officers at the time of the shooting incident are irrelevant. *Graham v. Connor*, 490 U.S. 386, 397 (1989). The longstanding rule in 42 U.S.C. 1983 excessive force cases, repeatedly reaffirmed in the Ninth Circuit, is that "the prohibition against evaluating officers' actions 'with 20/20 vision of hindsight' cuts both ways" and that in evaluating those circumstances facing an officer, jurors cannot rely on evidence that the officers were not then aware. The jury can only consider the circumstances of which the officers were aware when they employed deadly force and cannot consider evidence of which the officers were unaware. *Hayes v. Cty. of San Diego*, 736 F.3d 1223, 1232-33 (9th Cir. 2013); *Glenn v. Washington Cnty*, 673 F.3d 864, 873, fn. 8 (9th Cir. 2011). The jury can only consider the circumstances of which the officers were aware when they employed deadly force and cannot consider evidence of which the officers were unaware. *Hayes*, 736 F.3d at 1232-33. Moreover, not only is the purported handgun not relevant to the issues the jury is to decide, even relevant evidence ". . . may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FRE 403.

///

///

**III. CONCLUSION.**

For the reasons stated, Plaintiff respectfully requests the Court exclude the Defendants' from using, mentioning, alluding to or eliciting testimony at trial about the purported handgun allegedly discovered and recovered from Decedent Ernie D. Saldivar's clothes after the Shooting.

DATED: November 9, 2026. Respectfully submitted,

/s/ MICHEL F. MILLS

LAW OFFICES OF MICHEL F. MILLS
Attorneys for Plaintiff Eric H. Saldivar

**L.R. 11-6.2. Certificate of Compliance.**

The undersigned, counsel of record for Plaintiff Eric H. Saldivar certifies that this brief contains 6,988 words which complies with the word limit set of L.R. 11-6.1.

DATED:February 19, 2026. Respectfully submitted,

/s/ MICHEL F. MILLS

LAW OFFICES OF MICHEL F. MILLS

Attorneys for Plaintiff Eric H. Saldivar

*Vieste, LLC v. Redwood Development*, *No. C-09-04024 JSW (DMR), 5 (N.D. Cal. Jun. 3, 2011)*......................................