JAMES JOHNSON, City Attorney, SBN 234962
REBECCA L. MCKEE-REIMBOLD, Asst. City Attorney, SBN 279485
NADIN S. SAID, Sr. Deputy City Attorney, SBN 309802
AISHA C. NOVASKY, Deputy City Attorney, SBN 328120
**OFFICE OF THE CITY ATTORNEY – City of Riverside**
3750 University Avenue, Suite 250
Riverside, California 92501
Telephone: (951) 826-5567
Facsimile: (951) 826-5540
orange@riversideca.gov

Attorneys for Defendants ABEL SORIA and EVAN WRIGHT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC HENRY SALDIVAR, SR.<br><br>Plaintiff,<br><br>v.<br><br>RIVERSIDE POLICE DEPARTMENT, ET AL.<br><br>Defendants. | **CASE NO.: 2:20-cv-02081-CAS-PDx**<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MANDATORY JOINDER**<br><br>Operative Complaint Filed: 03/23/2022<br>Pretrial Conference: 12/07/2026<br>Trial Date: 01/10/2027 |

**TO THE COURT, ALL PARTIES, AND ALL COUNSEL OF RECORD:**

The following reply is submitted to Plaintiff's Opposition to Defendants' Motion to Dismiss, or in the Alternative, Mandatory Joinder.

## I. PLAINTIFF'S OPPOSITION SHOULD BE DISREGARED FOR UNTIMELINESS

At the outset, Plaintiff's Opposition should be disregard in its entirety due to untimeliness. Plaintiff's opposition to the motion was due on November 9, 2026. Despite this, Plaintiff's counsel *again* disregarded Local Rules and submitted an untimely opposition the next morning, causing prejudice to Defendants. Ex. A to Declaration of Aisha C. Novasky ("Novasky Decl."). Thus, the motion should be

deemed unopposed, and Defendants' motion should be granted.

Local Rule 5-4.6 provides that electronic filing of documents must be completed prior to midnight to be considered timely filed. L.R. 5-4.6.1. In the event the filer has technical issues with filing the documents electronically, they must immediately contact the CM/ECF Help Desk and attempt to file the documents twice at least one hour apart. L.R. 5-4.6.2. If the filer is still unable to complete electronic filing, the document must be submitted to the Clerk of the Court in paper format, accompanied by a declaration setting forth the filer's failed attempts to file electronically. *Id.*

Plaintiff's counsel did nothing of the sort. On November 10, 2026, at 7:46 a.m., Plaintiff's counsel emailed Defendants' counsel with his opposition to the instant motion, as well as two motions in limine – all of which were due the day prior. Ex. A. to Novasky Decl.; *see also* Dkts. 205-207. Notably, the opposition did not contain the requisite declaration explaining the failed attempts at filing as required by L.R. 5-4.6.2. Strict adherence to the Local Rules is conferred upon attorneys and *pro se* parties alike; thus, Plaintiff's counsel should not be afforded special treatment for his failure to comply with the Local Rules. *See* L.R. 83-2.3.

Even if Plaintiff's counsel was unaware of this Rule (which is inexcusable), at a minimum, he could have emailed the Court's chambers with his opposition the day it was due, and explain why he could not file it electronically. While this method does not comply with L.R. 5-4.6.2, at least it would have demonstrated his diligence in submitting the opposition on time.

Notably, this is not the first time Plaintiff's counsel has either filed an untimely motion or completely failed to appear at a hearing without explanation, including:

- February 23, 2024: Plaintiff sought leave of the Court to file a Fifth Amended Complaint, nearly one year after the deadline to do so (Dkt. 120);
- July 10, 2024: Plaintiff filed an untimely opposition to Defendants' Motion for Summary Judgment, 33 days after it was due (Dkts. 113, 114, 121, 125);
- July 10, 2025: Plaintiff's Reply brief in support of *his* Motion for Sanctions



CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

was due on July 6, 2025. On July 10, 2025, at 5:03 p.m., Plaintiff's counsel contacted Defendants' counsel providing an explanation for his tardiness and an extension to file the Reply. He then proceeded to file the untimely Reply, and *afterwards* filed an *ex parte* application seeking a three-day extension until July 11, 2025 (Dkts. 155-158); and

- October 26, 2026: Without explanation to this Court, Plaintiff's counsel failed to appear at October 26, 2026 status conference (Dkt. 197).

Defendants have consistently complied with the Federal, Local, and this Court's Rules, yet they continue to be prejudiced by Plaintiff's failure to comply with the same. As a result of Plaintiff's continuous delays, Defendants lose precious time responding to the untimely motions, and the Court should not allow this to continue any further.

In light of the foregoing, Defendants respectfully request that this Court deem the instant motion unopposed due to Plaintiff's untimely opposition.

## II. PLAINTIFF FAILS TO DEMONSTRATE HE HAS STANDING

At no point prior to the instant motion did Plaintiff or this Court indicate that the issue at hand was one of Plaintiff's capacity rather than standing to sue. Yet, in a last-ditch effort to avoid a dismissal of the first cause of action, Plaintiff contends Defendants have conflated the two concepts. In support of his assertion, Plaintiff mistakenly cites to Ninth Circuit cases related to capacity, and district court cases which are not binding on this Court. It is evident Plaintiff is grasping for straws to stay in this case because it has become clear to him that he lacks Article III standing to pursue this claim on behalf of his son.

In *Summers v. Interstate Tractor & Equipment Co.*, 466 F.2d 42 (9th Cir. 1972), the appellate court held that the plaintiff, who was the executrix of the decedent's estate, lacked capacity to sue in a diversity wrongful death action. *Id*. The Ninth Circuit held that although the plaintiff lacked capacity to sue in Oregon because her status as executrix arose under Washington laws, Defendants' waived the opportunity to challenge her capacity because it was not raised by a specific negative averment in the



CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

answer. *Id*. at 49-50.

Several key differences lie between *Summers* and the instant matter. First, *Summers* was a wrongful death action, as opposed to a survival action at issue here. *Summers,* 466 F.2d 42 (9th Cir. 1972). Second, the *Summers* court evaluated capacity under Rule 17 of the Federal Rules of Civil Procedure, which allows individuals to sue in their own capacity. *Id*. at 49; Fed. R. Civ. P. 17. Specifically, Rule 17(b) authorizes individuals to sue who are *not* acting in a representative capacity. Fed. R. Civ. P. 17(b) (emphasis added). In the six years since this case was commenced, it has been abundantly clear that Plaintiff is suing Defendants for excessive force on behalf of his son in a representative capacity. He cannot claim otherwise simply because he is at an elevated risk of losing the first cause of action for lack of standing, an assertion Defendants have made since the inception of this lawsuit.

Plaintiff's reliance on *Estate of Burkhart v. United States Department of Veterans Affairs*, 2008 WL 4066140, at *1 (N.D. Cal. Aug. 26, 2008) is equally misplaced. As a preliminary matter, that case is not binding upon this Court. In addition, the standing issue in that case was premised on the plaintiff's failure to allege she was the decedent's personal representative, as well as her failure to demonstrate she was the successor in interest as required by Cal. Civ. Proc. Code § 377.30. *Id*. at *9-10; Ex. B to Novasky Decl. Essentially, the standing issue in *Burkhart* was due to the plaintiff's failure to comply with the necessary procedural requirements demonstrating a capacity to sue, not the merits of her standing to sue on behalf of her deceased husband. *Burkhart* at *9-10; Ex. B to Novasky Decl.

In contrast, Defendants argument is rooted in the merits of Plaintiff's ability to pursue a survivor claim when there is overwhelming evidence to indicate Decedent's widow and child have a superior right to pursue the first cause of action. Stated differently, Defendants' challenge whether Plaintiff has satisfied "California's statutory requirements for *standing* to bring a survival action… under California Code of Civil Procedure § 377.30." *Hayes v. County of San Diego*, 736 F.3d 1223, 1229 (9th Cir.



CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

2013) (emphasis added). Since Plaintiff has not demonstrated he has standing to pursue the excessive force claim, it must be dismissed.

Lastly, Plaintiff's argument that Defendants' failed to disclose Decedent's spouse and daughter as witnesses in the initial disclosures is unconnected to the issue of standing. Plaintiff provides no authority – because there is none – demonstrating Defendants can only challenge Article III standing with previously disclosed witnesses. In contrast, courts have consistently reviewed evidence outside the four corners of the complaint to consider whether subject matter jurisdiction exists. *See, e.g., Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *Leite v. Crane Co.*, 749 F.3d 1117, 1121-1122 (9th Cir. 2014). Relatedly, Plaintiff's complaint that Defendants' delayed in bringing the instant motion cannot be a basis for denial, as motions to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3) can be made at any time. *Wood v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012).

## III. THE ISSUE OF JOINDER IS UNOPPOSED AND SHOULD BE GRANTED

The opposition submitted by Plaintiff fails to address Defendants' alternative request to join Decedent's widow and daughter to the instant action. Thus, if this Court is not inclined to dismiss the first cause of action, at a minimum, the requested parties should be joined for the reasons described in the moving papers and in light of Plaintiff's non-opposition to mandatory joinder.

///

///

///

///

///

///

///



CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

## IV. CONCLUSION

In light of the foregoing, Defendants' respectfully request dismissal of the excessive force cause of action for lack of subject matter jurisdiction, or in the alternative, joinder of necessary parties.

DATED: November 16, 2026

OFFICE OF THE CITY ATTORNEY

By:

AISHA C. NOVASKY
Attorneys for Defendants



CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567