JAMES JOHNSON, City Attorney, SBN 234962
REBECCA L. MCKEE-REIMBOLD, Asst. City Attorney, SBN 279485
NADIN S. SAID, Sr. Deputy City Attorney, SBN 309802
AISHA C. NOVASKY, Deputy City Attorney, SBN 328120
**OFFICE OF THE CITY ATTORNEY – City of Riverside**
3750 University Avenue, Suite 250
Riverside, California 92501
Telephone: (951) 826-5567
Facsimile: (951) 826-5540
orange@riversideca.gov

Attorneys for Defendants ABEL SORIA and EVAN WRIGHT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC HENRY SALDIVAR, SR.<br><br>Plaintiff,<br><br>v.<br><br>RIVERSIDE POLICE DEPARTMENT, ET AL.<br><br>Defendants. | **CASE NO.: 2:20-cv-02081-CAS-PDx**<br><br>**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACTS & LAW**<br><br>Operative Complaint Filed: 03/23/2022<br>Pretrial Conference: 12/07/2026<br>Trial Date: 01/10/2027 |

**TO THE COURT, ALL PARTIES, AND ALL COUNSEL OF RECORD:**

Pursuant to Local Rule 16-4, Defendants Abel Soria and Evan Wright submit the following Memorandum of Contentions of Facts and Law.

DATED: November 16, 2026

OFFICE OF THE CITY ATTORNEY

By: ____________________

Aisha C. Novasky
Attorneys for Defendants ABEL SORIA and EVAN WRIGHT

# MEMORANDUM OF CONTENTIONS OF FACT AND LAW

## I. MEETING OF COUNSEL (L.R. 16-2)

At 2:00 p.m. on November 3, 2026, counsel for the parties met and conferred for approximately 30 minutes in advance of the December 7, 2026 Pretrial Conference as required by Local Rule 16-2.

## II. CLAIMS AND DEFENSES (L.R. 16-4.1)

Below is a summary of the claims at issue and evidence in support of Defendants' case. Defendants' note that some of the legal and factual contentions reflected in this Memorandum may not be issues for trial depending on the Court's ruling on Defendants' Motion to Dismiss, or in the Alternative, Mandatory Joinder (Dkt. 196).

**Claim 1:** Defendants used excessive force in violation of Decedent Ernie Saldivar's Fourth Amendment rights under 42 U.S.C. § 1983, by Plaintiff as Decedent's Successor-in-Interest.

**Elements of Claim 1**: to recover damages from either or both Defendants, Plaintiff must prove the following by a preponderance of the evidence:

1) Plaintiff has standing to pursue the claim as Decedent's successor-in-interest:
2) Defendants seized Decedent's person;
3) Defendants intentionally seized Decedent's person;
4) Defendants' seizure of Decedent was unreasonable; and
5) Defendants used excessive force.

*See* Ninth Circuit Model Jury Instructions §§ 9.3, 9.27; *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998); Cal. Civ. Proc. Code §§ 377.30, 377.11, 377.10(b); Cal. Prob. Code §§ 6401, 6402.

Additionally, lawsuits brought under section 1983 allow for compensatory damages only where the plaintiff shows that the actual injury is caused by the deprivation of a constitutional right. *Memphis Community Sch. Dist. v. Stachura*, 477 U.S. 299, 306-310 (1986).

**Evidence in Opposition to Claim 1:** Since the commencement of this lawsuit,

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

Defendants have asserted that Plaintiff lacks standing to pursue this claim on behalf of the decedent Ernie Saldivar. *See* Dkts. 61, 111, 196. At trial, Defendants will present numerous photographs, videos, letters, and text messages demonstrating that Ernie Saldivar was not separated from his wife at the time of his death, and that he died with issue. With respect to the latter, Defendants anticipate that the results of a pending DNA test will conclusively prove Decedent died with issue, thereby eliminating Plaintiff's ability to pursue this claim any further. In addition to entering the DNA results into evidence, Defendants will present Decedent's widow and daughter as witnesses to demonstrate that Plaintiff lacks standing.

If Defendants are forced to pursue the excessive claim, Defendants will testify to show that their conduct was reasonable considering the circumstances. Their testimony will include the immediate threat of Decedent attempting to shoot at them instead of complying with the officers' commands to surrender, his history as a gang-member prone to violence and known to be armed, and the violent crimes he was wanted for. *See* Ninth Circuit Model Jury Instructions § 9.27. In addition to Defendants' testimony, other Riverside Police Department officers will testify about their firsthand observations the day of the incident.

Defendants also have six experts who will testify as to the reasonableness of the officers' deadly force, reconstruct the scene, determine Decedent's body position during the incident, and how Decedent's alcohol and drug concentration levels at the time of the incident impacted his behavioral, mental and physical abilities.

At the conclusion of all the evidence, Defendants will show they had probable cause to believe Decedent posed a significant threat of death or serious physical injury; thus, the officers had no choice but to use deadly force against Decedent. *See* Ninth Circuit Model Jury Instructions § 9.27.

**Claim 2**: Defendants' conduct interfered with Plaintiff's parent/child relationship in violation of Plaintiff's Fourteenth Amendment Substantive Due Process rights under 42 U.S.C. § 1983, by Plaintiff in his individual capacity.

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

**Elements of Claim 2**: To succeed on a loss of familial relationship claim, Plaintiff bears the burden of proving:

1) The relationship between parent and child reflected some assumption of parental responsibility, including consistent involvement in a child's life and participation in child rearing activities; and
2) Defendants' conduct shocks the conscience.

*See* Ninth Circuit Model Jury Instructions § 9.36.

**Evidence in Opposition to Claim 2**: As a preliminary matter, Defendants maintain that Decedent and Plaintiff had nothing more than a biological link between them; thus, the lack of companionship between the two is fatal to Plaintiff's claim. In support of this, Defendants will present evidence of Plaintiff's numerous periods of incarceration (including time in solitary confinement with no access to the outside world) that prevented Plaintiff from seeing or otherwise communicating with his son. Specifically, Plaintiff will testify that he was in prison most of Decedent's life and as a result, did not participate in child-rearing activities such as changing diapers, attending school activities, escorting Decedent to sporting games, or attending Decedent's wedding or funeral. Once Decedent reached adulthood, he was quickly convicted of a felony, further preventing the two from communicating due to the legal restrictions prohibiting communication between felons during periods of incarceration.

Even if Plaintiff can demonstrate he had a sufficient familial relationship with Decedent, the evidence will show that Defendants' conduct did not shock the conscience. While the same evidence presented in opposition to the excessive force claim will be used for the loss of familial relationship claim, the evidence must be viewed under a different standard. As discussed above, the officers' conduct was reasonable under the circumstances. Thus, the same evidence will show Defendants did not act with a purpose to harm Decedent, particularly given the rapid escalation of events such actual deliberation by the officers was impractical. *See Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008). Similarly, Defendants did not act with deliberate

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

indifference, as they had no knowledge of a risk that they ignored and subjected Decedent to. *Herrera v. Los Angeles Unified School District*, 18 F.4th 1156, 1158 (9th Cir. 2021). Thus, the evidence will show that Plaintiff did not have a sufficient familial relationship such that Plaintiff can prevail on the second cause of action, nor did Defendants' conduct shock the conscience.

## III. AFFIRMATIVE DEFENSES (L.R. 16-4.1)

The affirmative defenses Defendants have pleaded are as follows:

**Affirmative Defense No. 1**: Plaintiff lacks standing to pursue the first cause of action as Decedent's successor in interest.

**Elements of Affirmative Defense No. 1**: The following elements must be met to establish standing:

1) Decedent's property (Fourth Amendment claim) was separate property at the time of his death; and
2) Decedent died without issue.

**Evidence in support of Affirmative Defense No. 1**: please see the aforementioned discussion.

**Affirmative Defense No. 2**: Defendants are entitled to qualified immunity.

**Elements of Affirmative Defense No. 2**: law enforcement officials are entitled to qualified immunity unless they violate a federal statutory or constitutional right and the unlawfulness of their conduct was clearly established at the time. *District of Columbia v. Wesby*, 583 U.S. 48, 62-63 (2018). When officers use deadly force, three factors must be considered, the first of which is of the utmost importance:

1) Whether the suspect posed an immediate threat to the safety of the officers or others such that it was objectively reasonable for the officer to believe that the amount of force employed was required by the situation;
2) The severity of the crime at issue; and
3) Whether the suspect is actively resisting or attempting to flee.

*See Handy v. Jones*, 191 F.4th 1050, 1056 (9th Cir. 2026) (internal citations

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

omitted).

**<u>Evidence in support of Affirmative Defense No. 2</u>**: As discussed above, Defendants had a warrant for Decedent's arrest given his parole violation and suspicion of shooting at his wife and Black residents in Riverside. The warrant indicated Decedent was a gang member with a propensity of violence and known to be armed and dangerous. This information, combined with Decedent's conduct of attempting to shoot the officers with a gun in his pocket while simultaneously running from them, shows that there was no less lethal force that could have been used in the fifteen seconds from first approach to the final shot. Accordingly, Defendants are entitled to qualified immunity.

**<u>Affirmative Defense No. 3</u>**: Plaintiff's demand for punitive damages violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

**<u>Elements of Affirmative Defense No. 3</u>**: Plaintiff must show that Defendants conduct was driven by evil motive or intent, or a reckless or callous indifference to the rights of others. *See* Ninth Circuit Model Jury Instructions § 5.5; *Morgan v. Woessner*, 997 F.2d 1244, 1255 (9th Cir. 1993).

**<u>Evidence in support of Affirmative Defense No. 3</u>**: Please see the aforementioned discussion.

**<u>Affirmative Defense No. 4</u>**: Plaintiff is estopped from pursuing the excessive force claim as he is an improper party to do so.

**<u>Elements of Defense No. 4</u>**: Estoppel is codified in the California Evidence Code as follows: Whenever a party has, by his own statement or conduct, intentionally and deliberately led another to believe a particular thing true and to act upon such belief, he is not, in any litigation arising out of such statement or conduct, permitted to contradict it. Cal. Evid. Code § 623.

**<u>Evidence in support of Affirmative Defense No. 4</u>:** As discussed herein, Plaintiff lacks standing to assert the first cause of action. Although he claimed under oath that Decedent died without issue, Plaintiff knows this is false, as he personally held Decedent's child out as his own granddaughter by speaking to her on the phone and

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

writing her letters from prison. Thus, Plaintiff should be estopped from pursuing this claim any further.

**Affirmative Defense No. 5**: Plaintiff's Fourth Amended Complaint is the result of bad faith conduct and frivolous tactics.

**Evidence in support of Affirmative Defense No. 5:** Plaintiff lacks standing, as demonstrated here and in previous arguments made before this Court. Thus, Plaintiff's knowledge that he lacks standing, yet his insistence on pursuing the excessive force claim as the purported successor-in-interest, renders this action frivolous.

## IV. ANTICIPATED EVIDENTIARY ISSUES (L.R. 16-4.1)

Defendants filed the following motions *in limine*:

1) Exclude Plaintiff's theory of unlawful entry into the home;
2) Exclude theory that Plaintiff's gun was planted by the police;
3) Exclude evidence of child's premature birth and proximity to the incident; and
4) Exclude Defendants' personnel files/records unrelated to the incident.

During the Rule 16 conference, Plaintiff's counsel noted that the results of the DNA test to prove Decedent died with issue may be inadmissible at trial. Plaintiff also filed the following motions *in limine*:

1) Exclude Defendants' experts; and
2) Preclude evidence and testimony regarding Decedent's gun.

## V. ISSUES OF LAW (L.R. 16-4.1)

Please see discussion above.

## VI. BIFURCATION OF ISSUES (L.R. 16-4.3)

Pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, Defendants' request that this Court bifurcate both causes of action. Further, Defendants' contend that liability as well as general and compensatory damages, should be bifurcated from punitive damages.

The causes of action should be separated given the different rights afforded to

Decedent and Plaintiff, as well as the different elements of each claim. As discussed herein, the first cause of action is personal to Decedent and requires a showing that the officers' conduct was unreasonable circumstances. Moreover, this cause of action may be dismissed in its entirety if Plaintiff cannot demonstrate that he is the proper successor in interest to pursue this claim on behalf of Decedent.

In contrast, the second cause of action is personal to Plaintiff in his individual capacity; thus, even if he lacks standing to pursue the excessive force claim, he may have standing to pursue the loss of familial relationship claim. Further, the standard for loss of familial relationship requires more than a showing of unreasonableness; Plaintiff must demonstrate that the officers' conduct shocked the conscience, either because they had a purpose to harm Decedent, or they acted with deliberate indifference. In addition, Plaintiff must prove that he had a sufficient parental relationship with Decedent such that the officers deprived him of companionship with his son.

Bifurcation of the claims also allows the court to dismiss of the easier, dispositive issue at the outset and prevent prejudice to Defendants. *See, e.g.*, *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001); *Quintanilla v. City of Downey*, 84 F.3d 353, 356 (9th Cir. 1996). For example, if the jury finds that Defendants conduct was reasonable under the circumstances, it naturally follows that their conduct did not shock the conscience. Thus, a verdict in favor of the defense on the first claim essentially disposes of the second claim. Conversely, a verdict in favor of Plaintiff on the first cause of action will taint the jury's ability to properly evaluate the merits of the second cause of action and compartmentalize the evidence accordingly, since the "shocks the conscience" standard is more demanding than excessive force. *See Ochoa v. City of Mesa*, 26 F.4th 1050, 1056 (9th Cir. 2022). Thus, the causes of action are separate and distinct from each other such that they should be tried separately.

If Plaintiff prevails on either or both causes of action, his demand for punitive damages should be bifurcated from liability and general damages to avoid conflating liability with punitive conduct. For example, the first cause of action allows Plaintiff,

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE, STE. 250
RIVERSIDE, CALIFORNIA 92501
(951) 826-5567

through Decedent, to recover objective and proven losses caused by the excessive force, such as Decedent's pre-death pain and suffering, loss of earning capacity, etc. Relatedly, if Plaintiff succeeds on the loss of familial relationship claim, he can only recover general damages, not economic. In contrast, punitive damages are specific to egregious conduct and proof of a culpable state of mind, not the jurors' emotions or sympathy towards the Plaintiff/Decedent. *See* Ninth Circuit Model Jury Instructions § 5.5. For these reasons, punitive damages should be bifurcated.

**VII. <u>JURY TRIAL (L.R. 16-4.4)</u>**

Defendants' timely requested a trial by jury in their Answer (Dkt. 80).

**VIII. <u>ATTORNEYS' FEES (16-4.5)</u>**

The Court, in its discretion, may award attorneys' fees to the prevailing party in a Section 1983 case. 42 U.S.C. § 1988(b).

**IX. <u>ABANDONMENT OF ISSUES (16-4.6)</u>**

Plaintiff needs to abandon the issue of Defendants' experts being precluded from trial. He has repeatedly made this frivolous argument and must abandon it.

DATED: November 16, 2026

OFFICE OF THE CITY ATTORNEY

By: ______________________________

Aisha C. Novasky
Nadin S. Said
Attorneys for Defendants