JAMES JOHNSON, City Attorney, SBN 234962
REBECCA L. MCKEE-REIMBOLD, Asst. City Attorney, SBN 279485
NADIN S. SAID, Sr. Deputy City Attorney, SBN 309802
AISHA C. NOVASKY, Deputy City Attorney, SBN 328120
**OFFICE OF THE CITY ATTORNEY – City of Riverside**
3750 University Avenue, Suite 250
Riverside, California 92501
Telephone: (951) 826-5567
Facsimile: (951) 826-5540
orange@riversideca.gov

Attorneys for Defendants ABEL SORIA and EVAN WRIGHT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERIC HENRY SALDIVAR, SR.<br><br>Plaintiff,<br><br>v.<br><br>RIVERSIDE POLICE DEPARTMENT, ET AL.<br><br>Defendants. | **CASE NO.: 2:20-cv-02081-CAS-PDx**<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE FROM DEFENSE RETAINED EXPERT WITNESSES**<br><br>Operative Complaint Filed: 03/23/2022<br>Pretrial Conference: 12/07/2026<br>Trial Date: 01/10/2027 |

**TO THE COURT, ALL PARTIES, AND ALL COUNSEL OF RECORD:**

The following is submitted in opposition to Plaintiff's Motion in Limine No. 1 to exclude evidence from defense retained expert witnesses.

## I. PLAINTIFF'S MOTION SHOULD BE BARRED AS UNTIMELY

As explained in great detail in Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss, or in the Alternative, Mandatory Joinder, the instant motions in limine were due on November 9, 2026. Despite this, Plaintiff's counsel *again* disregarded Local Rules and submitted untimely motions the next morning, causing prejudice to Defendants. Accordingly, the motions in limine should be disregarded in their entirety. *See* Ex. A to Declaration of Aisha C. Novasky in Reply

to Plaintiff's Opposition to Defendants' Motion to Dismiss, or in the Alternative, Mandatory Joinder.

## II. SUMMARY OF FACTS AND ARGUMENT IN OPPOSITION TO PLAINTIFFS MOTION IN LIMINE NO. 2, SEEKING TO EXCLUDE DEFENDANTS' RETAINED EXPERTS

Plaintiff's counsel, Mr. Mills, seeks exclusion of all defense retained experts. Although served with the Rule 26 reports and expert designation in compliance with the federal rules, Mr. Mills now takes issue with the reports having only been electronically served to him and never mailed (although everything he has served to Defendants, and in compliance with federal rules, has been electronic). In his Motion, he misstates court rulings and evidence, hoping that by doing so, his lack of designating experts for trial gets excused.

This is Mr. Mills' third time seeking exclusion of Defendants' retained experts. Before filing this Motion, Mr. Mills sought this remedy in Opposition to the Motion for Summary Judgment. That was denied. Then, he sought it again by way of Motion for Sanctions under Rule 37. The same arguments presented here were made there. It was denied by the Honorable Judge Donahue, dated February 5, 2026, Docket No. 171, page 14. Before that, in Docket No. 106, on February 23, 2024, he sought to modify the scheduling order *after receiving Defendants' expert designation,* to allow more time to seek his own experts. Ironically, that motion which was filed shortly after Defendants served their Rule 26 expert designation, yet never mentioned that Mr. Mills did not receive Defendants' Rule 26. Mr. Mills only sought an extension to designate, which was denied. (See Docket No. 120.)

The irony is Defendants have served the expert designation, and Rule 26 reports by each expert, at least three times now. The first was on February 5, 2024, at 3:53 p.m. (See Exhibit 201, and email here.)

From: Moreno, Anne <AMoreno@riversideca.gov>
Sent: Monday, February 5, 2024 3:53 PM
To: Michel@mfmillslaw.com

Cc: GForce <GForce@riversideca.gov>
Subject: Saldivar v. Wright and Soria // Defendants' Expert Witness Designations

Counsel,

Attached is Defendants' Expert Witness Designations. Due to the size of the exhibits, they are attached and can be accessed via the link below. Please let us know if you have difficulties accessing the link.

Saldivar - Defendants' Expert Witness Disclosures



| Name | Date Modified | File Size |
|---|---|---|
| Defendants' Expert Disclosures.pdf | 2024-02-05 | 554 KB |
| EXHIBIT A - Still Animation (Brady H... | 2024-02-05 | |
| EXHIBIT B - Human Factors (Jeffrey ... | 2024-02-05 | |
| EXHIBIT C - Reconstruction (Rod En... | 2024-02-05 | |
| EXHIBIT D - Biomechanical (Swathi ... | 2024-02-05 | |
| EXHIBIT E - Toxicologist (Martin Bre... | 2024-02-05 | |
| EXHIBIT F - Audio (Joshua Rosenfsky) | 2024-02-05 | |
| EXHIBIT G - Sorenson Forensics | 2024-02-05 | |
| EXHIBIT H - County of L.A. Dept of ... | 2024-02-05 | |

Here is a screenshot of what was provided in the link included in the email. As shown, Brady's report is Exhibit A, Englert's report is Exhibit C, Kodi's report is Exhibit D. These included the opinions of each expert, and identified the materials in which they relied.

Then, after presenting this same argument in his Motion for Sanctions, the Court ordered Defendants to re-send the link and to provide documents again on March 11, 2026, personally, at the hearing, in front of the Judge. That was done, via email on February 6, 2026, as was ordered by the court, and in person on March 11, 2026. (See Decl. of Said.) Contrary to Mr. Mills' description of the event, the Court did not hold that the reports were not initially served. And his request for Sanctions/Exclusion of experts, as discussed further below, was denied.

Plaintiff was given until March 13, 2026, to indicate to the Court if he wanted to depose any additional witnesses based on what he received. He was also supposed to indicate by that deadline if he had any issue with anything (including over 6 voluminous binders, of which the Court also received a copy) that were served to

him personally at the hearing. Mr. Mills never sought to depose anyone, or indicate there was any issue with the materials, including the expert reports, that he received. His request must be denied, as the law does not support exclusion of expert witnesses for failure to mail hard copies of their reports to the Plaintiff.

## III. PLAINTIFF'S MOTION IN LIMINE MUST BE DENIED, AS DEFENDANTS HAVE COMPLIED WITH ALL DISCLOSURE REQUIREMENTS AND MR. MILLS CHOSE NOT TO DEPOSE A SINGLE EXPERT

In this Motion, Mr. Mills cites to *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) to argue that exclusion is warranted in this case. In *Merchant,* the Plaintiff continuously failed to comply with the Court's scheduling order (similar to Mr. Mills' failure to comply in this case) and designated experts untimely. Additionally, in the untimely designation, no written report was provided as to the testimony of the retained experts. Therefore, exclusion was warranted, as Plaintiff also did not object to the harsh exclusionary rule under 37.

Mr. Mills then argues that Defendants failed to serve any reports, but earlier in the Motion, conceded that a link was provided but that he did not agree to electronic service of reports. Yet, Mr. Mills served defense counsel everything electronically in this case, and did not file anything indicating he would not accept service via email. There is no case or legal authority that states when a link is provided, instead of attaching documents to the email, this becomes a defective Rule 26 statement. Frankly, Mr. Mills should be sanctioned for repeatedly bringing a frivolous and untruthful request before this the court, now, three times.

## IV. MR. MILLS PREVIOUSLY BROUGHT THIS REQUEST BEFORE JUDGE DONAHUE, WHO DENIED IT BUT ALLOWED MR. MILLS TO DEPOSE WHOMEVER HE BELIEVED NECESSARY. HOWEVER, MR. MILLS DEPOSED NO ONE.

Judge Donahue previously addressed this same request in her Order, dated February 5, 2026, Docket No. 171, page 14. Specifically, Mr. Mills sought to

City Attorney's Office
3750 University Ave., Ste. 250
Riverside, CA 92501
(951) 826-5567

exclude all experts because, according to him, Rule 26 reports were not provided. The Court rejected this argument, finding there was no evidence to support it, and to the contrary, it was produced. Specifically, the Court ruled as follows:

> "Regarding Defendants' expert witness disclosures, the document Defendants served Plaintiff on February 5, 2024 entitled "Defendants' Initial Expert Disclosure" identifies several experts, including Rod Englert, Swathi Kode and Brady Held, and refers to attached exhibits A through H. See Dkt. No. 154-1 at 12-19. Plaintiff states the exhibits were not attached. See Dkt. No. 155 at 20-22. Defendants state the expert witness disclosure was served on February 5, 2024, but they do not specifically state that exhibits A through H referenced therein were produced. **If Defendants have not previously produced exhibits A through H**, they are ordered to do so by February 9, 2026.

Defendants had previously produced it, as identified above via a link. Defendants out of caution, were ordered to produce *everything*, again*, in one flash drive and in paper format,* that Mr. Mills allegedly claimed he was never served. This was initially served to Mr. Mills via link during discovery, but Mr. Mills never opened the link. Defense counsel brought over six binders to court at the March 11, 2026, hearing. This included the Rule 26 reports by the experts (which were previously and timely produced). (See Dkt 176.) Mr. Mills was given **another opportunity to take depositions by March 13, 2026, and chose not to.** Now, after nearly three years, he is asking for outright exclusion when he has been given many opportunities to receive documents and depose the necessary witnesses. He chose to take no depositions in this case. His lack of following the federal rules cannot be awarded by way of excluding defense experts who were properly designated.

///

///

///

///

///

///

## V. CONCLUSION

Respectfully, this motion seeking to exclude all defense retained experts must be denied.

DATED: November 16, 2026

OFFICE OF THE CITY ATTORNEY

By: */s/ Nadin S. Said*
NADIN S. SAID
Attorney for Defendants
EVAN WRIGHT and ABEL SORIA

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CA 92501
(951) 826-5567

# DECLARATION OF NADIN S. SAID

I, Nadin Said, declare as follows:

1. I am licensed to practice in the State of California and am admitted to practice before all the courts in California. I am presently employed as a Senior Deputy City Attorney for the City of Riverside. I am counsel of record for Defendant CITY OF RIVERSIDE, a charter city and municipal corporation ("City") in this lawsuit. I have personal knowledge of the facts stated in this declaration. I can and would testify competently to the following facts and circumstances:

2. Attached as **Exhibit 201** is a true and correct copy of the email that was sent to Mr. Mills' email registered to Pacer to accept service, which attached the designation and provided a link to the Rule 26 reports of each expert.

3. Judge Donahue denied Mr. Mills' Request for Sanctions under Rule 37 and did not exclude any experts. Mr. Mills is making the same, unsubstantiated argument here, and should not be awarded for untimely raising issues. Moreover, Defendants complied with their Rule 26 requirements, and claiming it was not mailed to him instead of electronically served is an absurd argument to seek exclusion of all experts.

4. These issues were all addressed previously, before Judge Donahue, see Docket No. 145-174.

5. Attached as **Exhibit 202** is the true and correct copy of the email sent on February 6, 2026, by my office, re-sending the same link that was provided to Mr. Mills on February 5, 2024.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 16, 2026, at Riverside, California.

*/s/ Nadin Said*
Nadin Said

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CA 92501
(951) 826-5567

# "Exhibit 201"

**From:** Moreno, Anne <AMoreno@riversideca.gov>
**Sent on:** Monday, 05 February 2024 23:53:23 UTC
**To:** michel@mfmillslaw.com
**CC:** GForce <GForce@riversideca.gov>
**Subject:** Saldivar v. Wright and Soria // Defendants' Expert Witness Designations
**Attachments:** Defendants' Expert Disclosures.pdf (553.84 KB)

Counsel,

Attached is Defendants' Expert Witness Designations. Due to the size of the exhibits, they are attached and can be accessed via the link below. Please let us know if you have difficulties accessing the link.

Saldivar - Defendants' Expert Witness Disclosures

Logo Description automatically generated

**Anne Moreno**
*Legal Secretary*
City of Riverside
3750 University Avenue, Suite 250
Riverside, CA 92501
Main: 951.826.5567
Direct: 951.826.5729
gforce@riversideca.gov

*Advancing Riverside's Vision with Integrity and Advocacy*

**CONFIDENTIALITY NOTICE:** THIS EMAIL MESSAGE, INCLUDING ANY ATTACHMENTS, FROM THE OFFICE OF THE CITY ATTORNEY IS INTENDED FOR THE OFFICIAL AND CONFIDENTIAL USE OF THE RECIPIENTS TO WHOM IT IS ADDRESSED. THIS EMAIL CONTAINS MATERIAL THAT IS CONFIDENTIAL AND/OR PRIVILEGED UNDER THE WORK PRODUCT, ATTORNEY-CLIENT, OR OFFICIAL INFORMATION PRIVILEGES FOR THE SOLE USE OF THE INTENDED RECIPIENT. ANY REVIEW, RELIANCE OR DISTRIBUTION BY OTHERS OR FORWARDING WITHOUT EXPRESS PERMISSION IS STRICTLY PROHIBITED. RECIPIENTS SHOULD NOT FILE COPIES OF THIS EMAIL WITH PUBLICLY ACCESSIBLE WRITTEN OR ELECTRONIC RECORDS. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE CONTACT THE SENDER AND DELETE ALL COPIES.

Stay in-the-know with all things Riverside! Connect with us at RiversideCA.gov/Connect.

# “Exhibit 202”

**From:** Guerrero, Yesenia
**To:** "Michel@mfmillslaw.com"
**Cc:** Said, Nadin; Perez-Cota, Christina
**Subject:** Saldivar vs. Soria/Wright - Court"s Civil Minutes dated 2/5/26 (Service re Exhibits A-H)
**Date:** Friday, February 6, 2026 1:37:00 PM
**Attachments:** Saldivar v. Wright and Soria Defendants" Expert Witness Designations.msg
image001.png
image002.png

---

Good Afternoon Mr. Mills,

In response to the court’s civil minutes dated February 5, 2026, attached please find the email service of Defendants’ Expert Witness disclosure and Exhibits A-H dated February 5, 2024. The exhibits can be accessed in the below link:

Saldivar - Defendants' Expert Witness Disclosures

Please let me know if you have any issues with opening the link.

Thank you.

**Yesenia Guerrero**
*Litigation Paralegal*
City Attorney’s Office
Litigation Division
3750 University Avenue, Suite 250
Riverside, CA 92501
Telephone: 951.826.5602 (direct)
Main Phone: (951) 826-5567
orange@riversideca.gov

**From:** Moreno, Anne
**To:** "Michel@mfmillslaw.com"
**Cc:** GForce
**Subject:** Saldivar v. Wright and Soria // Defendants" Expert Witness Designations
**Date:** Monday, February 5, 2024 3:53:25 PM
**Attachments:** image001.png
Defendants" Expert Disclosures.pdf

---

Counsel,

Attached is Defendants' Expert Witness Designations. Due to the size of the exhibits, they are attached and can be accessed via the link below. Please let us know if you have difficulties accessing the link.

Saldivar - Defendants' Expert Witness Disclosures

**Anne Moreno**
*Legal Secretary*
City of Riverside
3750 University Avenue, Suite 250
Riverside, CA 92501
Main: 951.826.5567
Direct: 951.826.5729
gforce@riversideca.gov

*Advancing **R**iverside's **V**ision with **I**ntegrity and **A**dvocacy*

**CONFIDENTIALITY NOTICE:** THIS EMAIL MESSAGE, INCLUDING ANY ATTACHMENTS, FROM THE OFFICE OF THE CITY ATTORNEY IS INTENDED FOR THE OFFICIAL AND CONFIDENTIAL USE OF THE RECIPIENTS TO WHOM IT IS ADDRESSED. THIS EMAIL CONTAINS MATERIAL THAT IS CONFIDENTIAL AND/OR PRIVILEGED UNDER THE WORK PRODUCT, ATTORNEY-CLIENT, OR OFFICIAL INFORMATION PRIVILEGES FOR THE SOLE USE OF THE INTENDED RECIPIENT. ANY REVIEW, RELIANCE OR DISTRIBUTION BY OTHERS OR FORWARDING WITHOUT EXPRESS PERMISSION IS STRICTLY PROHIBITED. RECIPIENTS SHOULD NOT FILE COPIES OF THIS EMAIL WITH PUBLICLY ACCESSIBLE WRITTEN OR ELECTRONIC RECORDS. IF YOU ARE NOT THE INTENDED RECIPIENT, PLEASE CONTACT THE SENDER AND DELETE ALL COPIES.

Stay in-the-know with all things Riverside! Connect with us at RiversideCA.gov/Connect.