JAMES JOHNSON, City Attorney, SBN 234962
REBECCA L. MCKEE-REIMBOLD, Asst. City Attorney, SBN 279485
NADIN S. SAID, Sr. Deputy City Attorney, SBN 309802
AISHA C. NOVASKY, Deputy City Attorney, SBN 328120
**OFFICE OF THE CITY ATTORNEY – City of Riverside**
3750 University Avenue, Suite 250
Riverside, California 92501
Telephone: (951) 826-5567
Facsimile: (951) 826-5540
orange@riversideca.gov

Attorneys for Defendants ABEL SORIA and EVAN WRIGHT

**UNITED STATES DISTRICT COURT**

ERIC HENRY SALDIVAR, SR.

Plaintiff,

v.

RIVERSIDE POLICE DEPARTMENT, ET AL.

Defendants.

**CASE NO.: 2:20-cv-02081-CAS-PDx**

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO PRECLUDE EVIDENCE AND TESTIMONY REGARDING THE ALLEGED DISCOVERY AND RECOVERY OF A HANDGUN FROM DECEDENT'S CLOTHING**

Operative Complaint Filed: 03/23/2022
Pretrial Conference: 12/07/2026
Trial Date: 01/10/2027

**TO THE COURT, ALL PARTIES, AND ALL COUNSEL OF RECORD:**

The following is submitted in opposition to Plaintiff's Motion in Limine No. 2 to exclude evidence and testimony regarding the alleged discovery and recovery of a handgun from Decedent's clothing.

## I. PLAINTIFF'S MOTION SHOULD BE BARRED AS UNTIMELY

As explained in great detail in Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss, or in the Alternative, Mandatory Joinder, the instant motions in limine were due on November 9, 2026. Despite this, Plaintiff's counsel *again* disregarded Local Rules and submitted untimely motions the next morning, causing prejudice to Defendants. Accordingly, the motions in limine should be

disregarded in their entirety. *See* Ex. A to Declaration of Aisha C. Novasky in Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss, or in the Alternative, Mandatory Joinder.

## II. PLAINTIFF'S MOTION IN LIMINE IS IMPROPER, AND MUST BE DENIED

Plaintiff counsel, Mr. Mills, seeks that the gun found in decedent's pocket, which both Officer Wright and Officer Soria provided statements the night of shooting that they knew decedent was reaching for his gun in his right pocket to aim, shoot and kill them, should be excluded. He believes this is a "surprise" and that officers are only allowed to testify as to what they knew, and therefore the gun should be excluded. The first four page of the MIL does not seek to exclude anything and is simply a recitation of Rule 26 disclosures, unrelated to this case.

The Motion in Limine states no grounds as to why Officer Wright and Officer Soria, fearing for their lives knowing Decedent had a gun and was reaching to kill them, should be excluded. There is no analysis or facts. There is confusion by Mr. Mills, and perhaps through that confusion, Mr. Mills hopes to confuse everyone reading his motion about the proper standard of relevancy, and exclusion of evidence.

To start, it does not appear Mr. Mills is arguing that the evidence did not disclose the fact that Decedent had a handgun in his front right pocket, although he alludes to it in his case law provided. In Defendants' answer, Rule 26 disclosures, and in Plaintiffs' own documents produced, Mr. Mills is well aware that decedent had a handgun and was not unarmed at the time of the shooting. For example, in the Fourth Amended Answer, Decedents provided:

> "29. Answering 4AC paragraph 29, the Officer Defendants admit Officer Defendants gave clear commands as approaching the garage. The Officer Defendants admit Officer Soria was designated to be in charge of primary less lethal. The Officer Defendants admit Officer Soria used his duty firearm when **Decedent**

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CA 92501
(951) 826-5567

> **refused to comply with the clear commands and, instead, *<u>reached in his waistband for a handgun</u>* and immediately turned around and ran towards the door leading into the house, placing the Officers and third parties in immediate danger.** The Officer Defendants deny all other factual allegations.

This describes Decedent had reached for a gun. Moreover, in the interviews taken of the Officers, for example, Officer Soria, (which Mr. Mills has had a copy of since 2023) stated as follows, on March 8, 2018:

> "But towards the pocket area. And he starts reaching for an object. And like, immediately I was like, that's a gun, you know, it's a gun. And he - he turns around and starts to walk away from us. And we're giving him commands. And as we're giving him commands, we're pursuing him now. And he starts looking at us. And at that point, I - I'm thinking he's gonna shoot us with the gun."

This fact that Decedent was reaching for his handgun in his pocket to shoot and kill is not a surprise by any means. For this reason, the Motion must be denied on that basis that Plaintiff counsel was unaware.

## III. <u>CASELAW HOLDS ALL KNOWLEDGE THE OFFICERS HAD AT THE TIME MUST BE CONSIDERED</u>

None of the cases cited by Mr. Mills assist in finding that the loaded handgun decedent had at the time of his death, had reached for to shoot through his pants, is irrelevant. Unlike other cases where the suspect is not reaching for a gun, the Ninth Circuit has held that "[i]t would be unquestionably reasonable for police to shoot a suspect in [plaintiff's] position if he reaches for a gun in his waistband, or even if he reaches there for some other reason." *Cruz v. City of Anaheim*, 765 F.3d 1076, 1078 (9th Cir. 2014), see also *Tucker v. City of Elk Grove*, No. 220CV01620DADKJN, 2023 WL 4827470, at *8 (E.D. Cal. July 27, 2023).

This shooting was not an unarmed shooting. It was a shooting where decedent, rather than surrendering, chose to reach for his right pocket where he had a loaded

CITY ATTORNEY'S OFFICE
3750 UNIVERSITY AVE., STE. 250
RIVERSIDE, CA 92501
(951) 826-5567

gun. He wanted to shoot the police after reaching for his gun. Even when shooting him twice, and allowing him an opportunity to surrender, Decedent continued hastily moving and reaching for his gun. He never stopped reaching for his gun until the last shot was fired. For these reasons, Plaintiff's Motion in Limine No. 2 must be denied.

## IV. CONCLUSION

Plaintiff's motion in limine No. 2 must be denied.

DATED: November 16, 2026 OFFICE OF THE CITY ATTORNEY

By: /s/ *Nadin S. Said*
NADIN S. SAID
Attorney for Defendants
EVAN WRIGHT and ABEL SORIA