MICHEL F. MILLS, SBN# 193002
THE LAW OFFICES OF MICHEL F. MILLS
155 N. Riverview Drive, Suite 208,
Anaheim Hills, CA 92808
T. 714.769.9051
F. 714.685.1500
Michel@mfmillslaw.com

Attorneys for Plaintiff Eric H. Saldivar

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC HENRY SALDIVAR,<br>Plaintiff,<br><br>v.<br><br>POLICE OFFICERS EVAN WRIGHT, ABEL SORIA, et al.,<br>Defendants. | Case No. 2:20-cv-02081-CAS-PD<br><br>PLAINTIFF SALDIVAR'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1.<br><br>District Judge:<br>Hon. Christina A. Snyder<br><br>Magistrate Judge:<br>Hon. Patricia Donahue<br><br>DATE: 12.07.26<br>TIME: 11:30 A.M.<br>COURTROOM: 8D<br><br>FAC Filed: 03.23.23<br>Final Pretrial Conf. 12.07.26<br>Trial Date: 01.05.27 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Defendants' Motion in Linine No. 1 seeks to exclude evidence that is clearly relevant, probative and not unfairly prejudicial: evidence that the they entered the residence unlawfully. The primary issues in this case are: Did Defendants Wright and Soria lawfully use deadly force when they shot Decedent Ernie D. Saldivar? The test of whether Defendants' use of deadly force was lawful is an objective one: would a reasonably prudent police officer have shot Decedent in the same circumstances that confronted the defendants? Here, a reasonably prudent officer would not have been in the same circumstances because these Defendants entered the property unlawfully. Plaintiff respectfully requests this Court DENY Defendants' Motion in Limine No. 1 because the evidence that Defendants Wright and Soria entered the property illegally is relevant, probative of material issues and because it relevance is not clearly outweighed by its risk of *unfair* prejudice.

## II. LEGAL ANALYSIS.

### A. Evidence That Defendants Entered the Private Residence to Search For Decedent Without A Search Warrant is Relevant to the Claims and Defenses of This Case, and It is Admissible Under the Federal Rules of Evidence.

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Fed.R.Evid. 401. All relevant evidence is presumptively admissible, except as expressly provided. Fed.R.Evid. 402. Relevant evidence may be excluded, only if, its probative value is substantially outweighed by the danger of undue prejudice, confusion, or delay. Fed.R.Evid. 403 (emphasis added). Evidence offered by a plaintiff is not unfairly prejudicial simply because it tends to prove the

defendant's liability. "Unfair prejudice" . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one,'" Fed.R.Evid. 403 Adv. Comm. Notes; See *United States v. Allen*, 341 F.3d 870, 886 (9th Cir. 2003).

Evidence of the fact that Defendants Wright and Soria illegally entered the property is relevant to, and probative of, the claims and defenses the jury must decide in this case. Whether the use of deadly force was reasonable is determined under the Fourth Amendment's objective reasonableness standard that examines the necessity for the type and amount of force used based on the facts and circumstances known to the officer at the time in light of *the* ***legitimate*** *governmental interest* at stake. *Graham v. Connor,* 490 U.S. 386, 395 (1989). Moreover, the Defendants' bear the burden of establishing that their actions were reasonable which they cannot do if they acted outside the law. *Doe v. Petaluma City Sch. Dist.*, 54 F.3d 1447, 1450 (9th Cir. 1995).

An arrest warrant does not authorize police to search a third-party dwelling in which arrestee does not reside in the absence of consent or exigent circumstances. *Steagald v. United States*, 451 U.S. 204, 216, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981)(holding that); see *In al-Kidd v. Ashcroft*, 580 F.3d 949, 988 (9th Cir. 2009)[J. Bea, concurring in part and dissenting in part], *rev'd on other grounds*, *563 U.S. 731*, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011)[citing *Steagald v. United States*, 451 U.S. 204, 216 (1981)(holding that an arrest warrant does not authorize officers to enter the homes of third parties to execute the warrant, absent exigent circumstances, without first obtaining a warrant to enter the premises)].

Here, Decedent sat in a chair near the back-wall of a two car garage at his cousin Samuel Romo's new home in Jurupa Valley. Another cousin, Lisa Castillo, joined Mr. Romo and Decedent in the garage with the vehicle door partially closed. This particular garage sits slightly above, and parallel to, the

street facing west and opening to perpendicular two-car driveway that sloped down to the street. Ms. Castillo's car occupied the first parking slot next to the garage, and its length paralleled the partially closed garage door blocking the lines of sight of the lower “open” portion of the doorway.

Unknown to them Riverside Police Officers, including Defendants Evan Wright and Able Soria, had been surveilling the location from about five (5) houses west of the home. They were told Decedent would be at the house but did not know if he was there. Decedent had violated the terms of his parol, and Defendants Wright and Soria had a warrant to arrest him for the parole violation. However, they were only prepared to arrest Decedent if they happened to get lucky and find him in public. *111-2* [Soria Dec.] at 70:36-71:3. The defendants had no plan to enter the home and were unprepared to do so: they had no warrant or lawful exception to enter the home. Their operation was first and foremost to conduct surveillance to confirm Decedent's location.

However, the defendants' view into the garage was limited. The partially closed garage door blocked the upper portion of the entrance, and an SUV and Ms. Castillo's car blocked the lower section. These obstructions prevented Defendants from seeing much, if anything, inside the garage. They claim to have seen three adults in the garage while admitting their limited view caused them to lose sight of the occupants when they walked into the garage. They could not see Decedent sitting in his chair near the back wall without entering the garage. They suspected he was one of the occupants but could not confirm this even with binoculars. So, to confirm ***if*** Decedent was there, Defendants Wright and Soria decided to enter and search the private residence at 9931 Willowbrook Road without a *search* warrant. *111-2* at 72:28-73:11. There were no exigent circumstances or other factors that might support a lawful alternative to the warrant requirement.

B. Evidence That Defendants Entered the Property Without a Search Warrant Is Not Unfairly Prejudicial to Them.

However, Rule 403 does not prohibit prejudicial evidence. Rule 403 excludes only that evidence whose probative value is outweighed by its risk of being unfairly prejudicial, likelihood for confusion of the issues or misleading the jury, its being unduly consuming time or causing delay or requiring a needless presentation of cumulative evidence. As used in Fed. R. Evid. 403, "unfair prejudice" generally means that the jury may be led to resolve an issue on an emotional basis, *Old Chief v. United States*, 519 U.S. 172, 180 (1997), or an undue tendency to influence decision upon an improper basis. *Williams v. Drake*, 146 F.3d 44, 48 (1st Cir. 1998). Evidence importantly relevant to an issue on trial will not be excluded even if it almost inevitably will be prejudicial to the other party. *Bayless v. United States*, 381 F.2d 67, 72 (9th Cir. 1967).

Evidence that Defendants entered the property to search for Decedent without a search warrant is certainly prejudicial to their defense. The evidence is prejudicial precisely because it establishes the Graham factors in Plaintiff's favor. It is also prejudicial to Defendants' affirmative defenses because they cannot establish that their actions were objectively reasonable if they were not pursuing a ***legitimate*** *governmental interest*. *Graham,* 490 U.S. at 395. The Defendants cannot establish their actions were *reasonable* if they acted outside the law. The evidence that Defendants entered the property to search for Decedent without a warrant establishes that the Shooting was not reasonable as a matter of law.

However, while this evidence is prejudicial to the Defense, Rule 403 provides no basis for its exclusion. Rule 403 excludes only that evidence that is *unfairly* prejudicial. The true evidence that Defendants were not pursuing a ***legitimate*** governmental interest is not unfairly prejudicial.

## III. CONCLUSION.

For the reasons argued above, Plaintiff respectfully requests this Court DENY Defendants' Motion in Limine No. 1.

DATED: 11.17.26

Respectfully submitted,

/s/ MICHEL F. MILLS

LAW OFFICES OF MICHEL F. MILLS
Attorneys for Plaintiff Eric H. Saldivar