MICHEL F. MILLS, SBN# 193002
THE LAW OFFICES OF MICHEL F. MILLS
155 N. Riverview Drive, Suite 208,
Anaheim Hills, CA 92808
T. 714.769.9051
F. 714.685.1500
Michel@mfmillslaw.com

Attorneys for Plaintiff Eric H. Saldivar

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC HENRY SALDIVAR,<br>Plaintiff,<br><br>v.<br><br>POLICE OFFICERS EVAN WRIGHT, ABEL SORIA, et al.,<br>Defendants. | Case No. 2:20-cv-02081-CAS-PD<br><br>PLAINTIFF SALDIVAR'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2.<br><br>District Judge:<br>Hon. Christina A. Snyder<br><br>Magistrate Judge:<br>Hon. Patricia Donahue<br><br>DATE: 12.07.26<br>TIME: 11:30 A.M.<br>COURTROOM: 8D<br><br>FAC Filed: 03.23.23<br>Final Pretrial Conf. 12.07.26<br>Trial Date: 01.05.27 |

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Defendants' Motion in Linine No. 2 fails to identify any specific evidence to be excluded. Plaintiff agrees that after-acquired evidence about the alleged handgun is not relevant, not probative and is unfairly prejudicial. Moreover, the Defense MIL No. 2 does not seek to exclude evidence as much as it seeks to allow it to introduce evidence of an alleged handgun and to prevent Plaintiff from disputing that Decedent possessed the weapon and disputing that it is relevant to the defendants' uses of deadly force. The test of whether Defendants' use of deadly force was lawful is an objective one: would a reasonably prudent police officer have shot Decedent in the same circumstances that confronted the defendants? However, evidence of facts and circumstances not known to the involved officers at the time of the shooting incident are irrelevant. *Graham v. Connor*, 490 U.S. 386, 397 (1989). The longstanding rule in 42 U.S.C. 1983 excessive force cases, repeatedly reaffirmed in the Ninth Circuit, is that "the prohibition against evaluating officers' actions 'with 20/20 vision of hindsight' cuts both ways" and that in evaluating those circumstances facing an officer, jurors cannot rely on evidence that the officers were not then aware. *Hayes v. Cty. of San Diego*, 736 F.3d 1223, 1232-33 (9th Cir. 2013).

Neither Defendant Wright nor Defendant Soria saw Decedent hold a gun, with a gun or saw a gun near him, never saw anything in his shorts, and they did not see his hands or what he was doing with them at any time before they *stopped* their second volleys of gunfire. *111-4* at 84-85, 87, 89; *111-2* at 75, 89. Plaintiff respectfully requests this Court DENY Defendants' Motion in Limine No. 2 by excluding all evidence related to the alleged handgun for the reasons more fully stated in Plaintiff's Motion in Limine No. 2

///

## III. CONCLUSION.

For the reasons argued above, Plaintiff respectfully requests this Court DENY Defendants' Motion in Limine No. 2.

DATED: 11.17.26

Respectfully submitted,

/s/ MICHEL F. MILLS

LAW OFFICES OF MICHEL F. MILLS
Attorneys for Plaintiff Eric H. Saldivar